In re YAWGER et al. (Supreme Court, Appellate Division, Fourth Department. November 28, 1899.) In the matter of the judicial settlement of the accounts of Thomas J. Yawger and another, administrators, etc., and also the proof of the personal claim of Malinda Fitch, administratrix. No opinion. Parts of the decree appealed from affirmed, with costs against the appellant personally.

END OF CASES IN VOL. 61.

# INDEX.

## ABATEMENT AND REVIVAL.

Right of action by or against personal representative, see "Executors and Administrators," § 6.

## ABUTTING OWNERS.

Assessments for expenses of public improvements, see "Municipal Corporations," § 5.

Compensation for taking of or injury to lands or easements for public use, see "Eminent Domain," §§ 1, 3.

## ACCEPTANCE.

Of goods sold in general, see "Sales," § 3.

## ACCIDENT.

Cause of personal injuries, see "Negligence," § 1.

## ACCORD AND SATISFACTION.

See "Compromise and Settlement."

## ACCOUNT.

See "Account Stated."

Accounting by executor or administrator, see "Executors and Administrators," § 7.

— by trustee, see "Trusts," § 5.

**1. Proceedings and relief.**

To make available a defense that a decree of the surrogate on defendant's previous accounting of an administrator was conclusive on plaintiff, defendant should allege the jurisdictional facts.—Rose v. Durant (Sup.) 15.

A sufficient answer to an objection that the court, in ordering an accounting as to property of an intestate, did not specifically state that intestate had interest in the property, is that the issue was whether plaintiff was entitled to the accounting.—Rose v. Durant (Sup.) 15.

That there were other persons interested *held* no objection to an order for accounting, as for referee, in his report, if there were others interested, could make provision for their protection.—Rose v. Durant (Sup.) 15.

On finding that a fiduciary relationship existed between the parties, a judgment for an accounting *held* proper.—Rose v. Durant (Sup.) 15.

61 N.Y.S.—73

## ACCOUNT STATED.

Admissibility of evidence determined.—Traitel v. Dwyer (City Ct. N. Y.) 1100.

## ACTION.

Actions between parties in particular relations, see "Master and Servant," § 8; "Partnership," § 2.

Election of remedy, see "Election of Remedies."

Jurisdiction of courts, see "Courts."

Particular forms of action, see "Trespass," § 2; "Trover and Conversion."

— remedies in or incident to actions, see "Attachment"; "Discovery."

Review of proceedings, see "Appeal"; "Certiorari"; "Judgment," § 4.

Submission of controversy to court without action, see "Submission of Controversy."

Suits in equity, see "Equity."

*Actions by or against particular classes of parties.*

See "Carriers," § 1; "Master and Servant," § 9; "Municipal Corporations," § 8; "Partnership," § 3; "Receivers," § 3.

Assignees, see "Assignments," § 2.

Corporate officers, see "Corporations," § 5.

Stockholders, see "Corporations," § 4.

*Particular causes or grounds of action.*

See "Account Stated"; "Bills and Notes," § 6; "Bonds," § 2; "Conspiracy," § 1; "Insurance," §§ 3, 5; "Libel and Slander," § 4; "Money Received"; "Negligence," § 3; "Penalties," § 1; "Trover and Conversion," § 2; "Work and Labor."

Breach of contract, see "Contracts," § 6; "Sales," § 7.

— of warranty, see "Sales," § 7.

Discharge from employment, see "Master and Servant," § 1.

Particular causes or grounds of action, see "Trespass."

Personal injuries, see "Master and Servant," § 8.

Price of goods, see "Sales," § 6.

Recovery of price paid for land, see "Vendor and Purchaser," § 4.

— of tax paid, see "Taxation," § 2.

Rent, see "Landlord and Tenant," § 6.

Taking of or injury to property in exercise of power of eminent domain, see "Eminent Domain," § 3.

*Particular forms of special relief.*

See "Account"; "Creditors' Suit"; "Divorce"; "Partition," § 1; "Specific Performance."

(1153)

Construction of will, see "Wills," § 4.
Dissolution of partnership, see "Partnership,"
§ 4.
Enforcement or foreclosure of lien, see "Mechanics' Liens," § 6.
Setting aside assignment for benefit of creditors, see "Assignments for Benefit of Creditors," § 3.

*Particular proceedings in actions.*

See "Costs"; "Damages"; "Depositions"; "Evidence"; "Execution"; "Judgment"; "Limitation of Actions"; "Parties"; "Process"; "Trial"; "Venue."
Default, see "Judgment," § 3.
Offer of judgment, see "Judgment," § 2.

**§ 1. Grounds and conditions precedent.**
Where a suit in equity was brought by Indians to recover possession of wampum belts, *held*, that a demand on defendant for their delivery was a necessary prerequisite to the action.—Onondaga Nation v. Thatcher (Sup.) 1027.

**§ 2. Nature and form.**
Action for damages for nondelivery of goods should not be changed to replevin.—Brookstone v. Wescott Exp. Co. (Sup.) 72.

A complaint *held* such that the action did not sound in tort, so as to exclude a counterclaim, but to declare on a contract.—Stoneman v. Van Vechten (Sup.) 513.

**§ 3. Joinder, splitting, consolidation, and severance.**
An action uniting several causes of action in the same complaint *held* maintainable, in view of Code Civ. Proc. § 484.—Whiting v. Elmira Industrial Ass'n (Sup.) 27.

A complaint, alleging for a cause of action damages resulting from a conspiracy on the part of defendants in the libeling and slandering of plaintiff and the unlawful taking of certain of its property, is not demurrable because of improperly uniting causes of action.—Kolel America Vatiferes Jerusalem v. Eliach (Sup.) 935.

**§ 4. Commencement, prosecution, and termination.**
Decision of appeal in another action between same parties *held* not to settle pending controversy, and hence motion to stay pending such appeal was denied.—Lowenstein v. Schiffer (Sup.) 1011.

## ADEQUATE REMEDY AT LAW.

Effect on jurisdiction of equity, see "Equity," § 1.

## ADMINISTRATION.

Of estate of decedent, see "Executors and Administrators."
Of property by receiver, see "Receivers," § 1.
Of trust property, see "Trusts," § 4.

## ADMIRALTY.

See "Shipping"; "Towage."

## ADMISSIONS.

As evidence, see "Evidence," § 4.

## AFFIDAVITS.

See "Depositions."
In attachment proceedings, see "Attachment," § 2.

## AGENCY.

See "Principal and Agent."

## AGREED CASE.

Submission of controversy to court, see "Submission of Controversy."

## AGREEMENT.

See "Contracts."

## ALIENS.

See "Indians."

## ALIMONY.

See "Divorce," § 2; "Husband and Wife," § 4.

## ALTERATION OF INSTRUMENTS.

See "Reformation of Instruments."

## AMENDMENT.

On appeal, see "Appeal," § 14; "Pleading," § 4.

## ANIMALS.

In action to recover damages for injuries to plaintiff's horse, caused by its being bitten by a vicious dog belonging to defendant, notice of the dog's vicious disposition to defendant's foreman *held* notice to the owner.—Niland v. Geer (Sup.) 696.

Where plaintiff's child was bitten by defendant's dog, in order to recover plaintiff must show that the defendant had notice of the dog's vicious disposition.—Strubing v. Mahar (Sup.) 799.

## ANNEXATION.

Of territory to municipal corporation, see "Municipal Corporations," § 1.

## APPEAL.

Accounting by executor or administrator, see "Executors and Administrators," § 7.
Assessment of taxes, see "Taxation," § 1.
Costs, see "Costs," § 4.
Review of agreed statement of facts, see "Submission of Controversy."
—— of proceedings of justices of the peace, see "Justices of the Peace," § 2.

**§ 1. Nature and grounds of appellate jurisdiction.**

Leave will not be granted to appeal to the court of appeals, in order that a question of law may be determined, where the decision of the appellate division was based on a question of fact.—Village of Bronxville v. New York, W. & C. Traction Co. (Sup.) 719.

**§ 2. Decisions reviewable.**

Code Civ. Proc. § 3056, providing for course to be pursued on appeal, where justice is unable to make a return, *held* to apply to appeals from the municipal court. — Walker v. Baermann (Sup.) 91.

An appeal can be taken from an order directing a peremptory mandamus.—People v. Hertle (Sup.) 965.

No appeal lies from a default judgment.—Reidy v. Bleistift (City Ct. N. Y.) 915.

Where demurrer to complaint is sustained, defendants may appeal from so much of the order as denies them costs.—Kellar v. Shrady (City Ct. N. Y.) 1123.

**§ 3. Right of review.**

One who is not a party to the proceeding cannot bring an appeal.—People v. Sanborn (Sup.) 529.

**§ 4. Presentation and reservation in lower court of grounds of review.**

Defendant, on appeal in a proceeding for an accounting, *held* precluded from urging an objection as to parties.—Rose v. Durant (Sup.) 15.

Under Code Civ. Proc. § 992, a question of fact in a case tried by the court may be reviewed, without exceptions, if the record is certified to contain all the evidence.—Hill v. White (Sup.) 515.

Objections to a charge will not be considered where no exception was taken.—Nally v. Hitchcock (Sup.) 962.

Exceptions to denial of motion for nonsuit *held* insufficient on appeal.—Gowing v. Warner (City Ct. N. Y.) 500.

An objection to the appearance of a receiver of a party in a proceeding prior to the notice of appeal cannot be first raised on appeal.—Kubin v. Miller (City Ct. N. Y.) 1121.

**5. Requisites and proceedings for transfer of cause.**

Two successive holidays, followed by a Sunday, *held* to extend the limit of appeal to the Monday following.—Lucia v. Omel (Sup.) 659.

Where an order required modification in a material matter, the facts that more than 10 days was occupied in making the correction, and that the corrected order was made to take effect nunc pro tunc, will not affect the right to appeal.—Kubin v. Miller (City Ct. N. Y.) 1121.

Service of a copy of an order for judgment, without notice of the entry of the original, is not sufficient to limit the time in which to appeal; and a notice of appeal served before service of the notice of entry is sufficient.—Kubin v. Miller (City Ct. N. Y.) 1121.

**§ 6. Supersedeas or stay of proceedings.**

Order staying proceedings on a judgment, to allow parties to appeal after being notified of judgment against them disposing of all issues of the case, *held* an abuse of discretion.—Bauer v. Parker (Sup.) 1021.

Under Code Civ. Proc. c. 12, tit. 1, § 1310, and Id. tit. 2, § 1326, letters testamentary cannot issue to executors while the decree admitting the will to probate is pending on appeal.—In re Gihon's Will (Sur.) 244.

**§ 7. Record and proceedings not in record—Matters to be shown by record.**

In an action in the municipal court of New York City for a money judgment, the failure of the record to show defendant's residence within the jurisdiction of the court is fatal.—De Sisto v. Stimmel (Sup.) 57.

Failure of the record on appeal from a judgment for plaintiff in the New York municipal court to show where defendant resides is fatal.—R. H. Wolf & Co. v. Ritt (Sup.) 61.

A judgment of the municipal court for plaintiff will be reversed where the record fails to show that defendant resides within the jurisdiction of the court.—Bang v. McAvoy (Sup.) 83.

Where the record fails to show that defendants resided within the jurisdiction of the court, judgment for plaintiff will be reversed.—White v. Holding (Sup.) 771.

A judgment of the municipal court for plaintiff will be reversed where it does not appear that defendant resides within the territorial jurisdiction of the court.—Price v. Eisen (Sup.) 805.

A judgment of the municipal court in favor of plaintiff will be reversed where the record does not show that defendant resides within the territorial jurisdiction of the trial court, and the defendant attacks the judgment on that ground.—Currier v. Roseff (Sup.) 838.

It must appear from the record that the defendant resides within the jurisdiction of the trial court.—Bristor v. Flaherty (Sup.) 872.

**§ 8. —— Scope and contents of record.**

A judgment will be affirmed, on appeal, where the record discloses a conflict of evidence on a disputed question of fact, and it does not appear that injustice has been done.—Pascarela v. Manello (Sup.) 838.

**§ 9. —— Defects, objections, amendment, and correction.**

Code Civ. Proc. § 3056, *held* to provide proper course to be pursued on appeal, where the testimony taken at the trial has been lost, and, therefore, not included in the return.—Walker v. Baermann (Sup.) 91.

A defense with relation to which no findings of fact were made by the trial court cannot be considered on appeal. — Goddard v. American Queen (Sup.) 133.

Where evidence showing that chattel mortgagees did not take immediate possession was received without objection, defendant cannot object for the first time on appeal that such

ground of invalidity was not alleged in the complaint.—Robinson v. Hawley (Sup.) 138.

An objection to a question as incompetent, and an exception, does not give the excepting party any broader ground for argument on appeal than was fixed by the objection.—Marquis v. Wood (City Ct. N. Y.) 251.

An objection to evidence which does not state grounds is not available on appeal.—Marquis v. Wood (City Ct. N. Y.) 251.

### § 10. —— Questions presented for review.
Where the evidence is not returned, it is presumed that it was sufficient to support the findings.—Drake v. Bell (Sup.) 657.

Where the only exception taken was to the denial of a motion for new trial, the only question for review was whether the verdict was against the weight of evidence.—Trenkmann v. Schneider (City Ct. N. Y.) 920.

### § 11. Dismissal, withdrawal, or abandonment.
An appeal from a judgment and an order denying a new trial should be dismissed when the motion for a new trial was not made until after the taking of the appeal.—Fraser v. Alpha Combined Heating & Lighting Mfg. Co. (City Ct. N. Y.) 1129.

### § 12. Hearing and rehearing.
The fact that the appellate court did not, in its opinion, detail the evidence and circumstances showing the process by which it reached its conclusion, is not ground for reargument.—Edgerley v. Long Island R. Co. (Sup.) 677.

Under Sup. Ct. Rule 4, App. Div. Rule 8, and Code, § 323, a motion for a reargument of an appeal in the city court or appellate term must be made to the general term not later than at the next succeeding term after the decision.—Fraser v. Alpha Combined Heating & Lighting Mfg. Co. (City Ct. N. Y.) 1129.

### § 13. Review—Scope and extent in general.
On an appeal from the city court of New York, the weight of evidence cannot be considered.—Mahoney v. O'Neil (Sup.) 69.

Under Code Civ. Proc. § 1002, evidence cannot be reviewed when the appeal was taken and notice thereof given before the motion for new trial was filed and overruled.—Fraser v. Alpha Combined Heating & Lighting Mfg. Co. (City Ct. N. Y.) 1129.

### § 14. —— Amendments, additional proofs, and trial of cause anew.
A letter of a justice of the municipal court as to conclusions drawn will not be considered on appeal from his judgment, where it is not submitted for consideration until after submission of the appeal.—Routenberg v. Schweitzer (Sup.) 84.

### § 15. —— Presumptions.
On appeal from dismissal of a complaint, plaintiff's testimony must be taken as true, and given the benefit of all inferences which the jury might properly have found in plaintiff's favor, had the case been submitted.—Schaefer v. Central Crosstown Ry. Co. (Sup.) 806.

### § 16. —— Discretion of lower court.
The decision of the court in setting aside a verdict as against the weight of evidence will not be disturbed, unless the record shows an abuse of discretion.—Bauer v. Metropolitan St. Ry. Co. (Sup.) 164.

Discretion of trial court in refusing to permit plaintiff to amend his complaint on ground of laches held not reviewable.—Dennison v. Musgrave (Sup.) 188.

Refusal of motion to dismiss is reviewable.—Jacot v. Marks (Sup.) 1040.

The exercise of a referee's discretion to open a case, after the evidence is closed, to permit a party to give new evidence, will not be reversed, unless abused.—De Witt v. Monjo (Sup.) 1046.

### § 17. —— Questions of fact, verdicts, and findings.
The jury's finding on conflicting evidence will not be disturbed, where it does not appear that the defeated party's testimony was entitled to greater credit than his opponent's.—Barrett v. New York Cent. & H. R. R. Co. (Sup.) 9.

Judgment based on conflicting evidence will not be disturbed.—Donnelly v. Vanbeuren (Sup.) 57.

Scrutiny of evidence held necessary only so far as to enable the court to determine whether the conclusions of the city court were sufficiently supported by any evidence.—Pollak v. Metropolitan St. Ry. Co. (Sup.) 92.

A verdict based on conflicting evidence will not be disturbed.—Banta v. Merchant (Sup.) 218.

The finding of a referee on conflicting evidence will not be disturbed.—Darling v. Hunt (Sup.) 278.

The decision of a question of fact by a referee on conflicting testimony should not be disturbed.—Nugent v. Metropolitan St. Ry. Co. (Sup.) 476.

Questions of fact litigated before a referee must be considered as conclusively disposed of by his finding, though not specifically referred to in his report.—Lennon v. Ingersoll (Sup.) 668.

A referee's finding, in a proceeding for contempt in violating an injunction, made on an inspection by consent of the parties, as well as on the evidence, cannot be reviewed.—Braisted v. Brooklyn & R. B. R. Co. (Sup.) 674.

A verdict will not be disturbed, as against the weight of the evidence, where it is not so clearly preponderating as to warrant an interference.—Driscoll v. Nelligan (Sup.) 692.

The supreme court will not reverse a judgment on the ground that the verdict was contrary to the weight of the evidence, where it was rendered on conflicting testimony, and the trial judge has denied a motion for a new trial.—Cushman v. De Mallie (Sup.) 878.

Findings of the jury on questions of fact in mandamus case held conclusive on the supreme court at special term.—People v. Hertle (Sup.) 965.

A verdict on conflicting evidence will not be disturbed.—Moissen v. Rooney (Sup.) 1004.

The supreme court will not interfere with a verdict on conflicting evidence.—Van Pelt v. Chapter General of American Knights of St. John and Malta (Sup.) 1010.

A verdict based on conflicting evidence will not be disturbed.—Franken v. McAlpin (City Ct. N. Y.) 496.

Verdict for plaintiff on conflicting evidence will not be disturbed where there is evidence to sustain it.—Stephens v. Cowen (City Ct. N. Y.) 925.

**§ 18. —— Harmless error.**
It is not prejudicial error to sustain an objection to evidence, where witness had previously testified to the fact.—Northam v. International Ins. Co. (Sup.) 45.

Where substantial justice does not require it, an appellate court will not grant a new trial on errors in ruling of the lower court; such refusal being authorized by Code Civ. Proc. § 1003.—Smith v. Balcom (Sup.) 777.

Error in charging that one injured in alighting from a car was conceded to be a passenger was harmless, though he was a trespasser; the charge imposing only ordinary care on the company.—Rosenberg v. Third Ave. R. Co. (Sup.) 1052.

**§ 19. —— Decisions of intermediate courts.**
Where the evidence is conflicting, it will not be weighed on appeal from a judgment on a referee's report.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

**§ 20. —— Subsequent appeals.**
Where no exceptions are filed to the decision on a trial to the court, the only questions reviewable are those raised by exceptions to rulings.—Buell v. City of Johnstown (Sup.) 1060.

**§ 21. Determination and disposition of cause.**
On appeal from order granting new trial on evidence introduced after the trial and on minutes of trial judge, the court is not bound by the fact that they are in opposition to conclusions of trial judge.—Driscoll v. Nelligan (Sup.) 692.

Where referee dismissed the complaint on the erroneous assumption that the case was submitted in limitations set up in answer, and the record shows submission on the question of the complaint only, the plaintiffs were entitled to a reversal.—Field v. Pinkus (Sup.) 1038.

On the reversal of a judgment for a defendant, who has interposed a general denial and a counterclaim, the case must be sent back for new trial.—Block v. Garfield (City Ct. N. Y.) 18.

## APPEARANCE.

It was error, where defendant appeared specially to pass on a question beyond the subject submitted for determination by the special appearance.—Stone v. Smith (City Ct. N. Y.) 1106.

## APPLIANCES.

bility of employer for defects, see "Master and Servant," § 5.

## APPOINTMENT.

Of executor or administrator, see "Executors and Administrators," § 2.
Of guardian, see "Guardian and Ward," § 1.

## ASSESSMENT.

Of compensation for property taken for public use, see "Eminent Domain," § 2.
Of expenses of public improvements, see "Municipal Corporations," § 5.
Of tax, see "Taxation," § 1.

## ASSIGNMENTS.

For benefit of creditors, see "Assignments for Benefit of Creditors."
Transfers of particular species of property, rights, or instruments, see "Mortgages," § 4.

**§ 1. Requisites and validity.**
An assignment of a portion of a fund in the hands of a third person to the credit of assignee *held* an assignment pro tanto.—Danvers v. Lugar (Sup.) 778.

**§ 2. Actions.**
In an action on an assignment of what might be due assignor on a contract for work, legal set-offs which defendant had after the contract's completion should be allowed.—McMann v. Meehan (Sup.) 58.

Assignment of money may be enforced without making assignor party.—Danvers v. Lugar (Sup.) 778.

A complaint alleging the assignment of a claim to plaintiffs from a firm *held* sufficient.—Crinnian v. Knauth (Sup.) 976.

## ASSIGNMENTS FOR BENEFIT OF CREDITORS.

See "Bankruptcy," § 1.

**§ 1. Requisites and validity.**
If, after property is delivered to the assignee under an assignment for creditors, he allows it to escape from his possession, the assignment is not invalidated.—Troescher v. Cosgrove (Sup.) 1036.

**§ 2. Administration of assigned estate.**
Right to vend assigned property in existence passed to the assignee, though a trade-name thereon, which his assignor was entitled to use exclusively, did not.—Cutter v. Gudebrod Bros. Co. (Sup.) 225.

An assignment by an insolvent corporation does not vest in the assignee the right to sell the corporation's exclusive right to use a trade-name as against the original owner.—Cutter v. Gudebrod Bros. Co. (Sup.) 225.

Declarations of an agreement *held* to contemplate payment of rent by a tenant who was to be procured, and not an assignee to whom the lease passed under assignment.—Bachrach v. Leventritt (Sup.) 343.

**§ 3.  Rights and remedies of creditors.**

Facts *held* to show that certain moneys received by an assignor from his wife did not create a debt to her.—Patchen v. Waefelaer (Sup.) 949.

The inclusion by an assignor in his schedule of liabilities of a pretended debt to his wife of $15,500, and the payment, three days before his assignment, of $1,500 interest thereon, is sufficient to invalidate his assignment.—Patchen v. Waefelaer (Sup.) 949.

The omission from the inventory and schedules in an assignment for creditors of personal property in fact delivered to the assignee is not fraud sufficient in itself to warrant setting aside the assignment.—Troescher v. Cosgrove (Sup.) 1036.

**§ 4.  Accounting, settlement, and discharge of assignee.**

The question whether an action will lie to remove an assignee for misconduct, and to obtain an accounting, cannot be raised by demurrer to the complaint.—Morrell v. Ball (Sup.) 405.

## ASSOCIATIONS.

See "Beneficial Associations"; "Exchanges."

## ATTACHMENT.

**§ 1.  Property subject to attachment.**

Where the owner of shares of corporate stock deposited same as security for a loan, his reversionary interest or right to the possession of the stock upon the payment of the loan is property, and subject to levy by attachment.—Simpson v. Jersey City Contracting Co. (Sup.) 1033.

**§ 2.  Proceedings to procure.**

Affidavit *held* sufficient to justify warrant on the ground that defendant was about to dispose of her property with intent to defraud creditors.—Fox v. Mays (Sup.) 295.

**§ 3.  Writ or warrant.**

Warrant *held* sufficient.—Fox v. Mays (Sup.) 295.

**§ 4.  Levy, lien, and custody and disposition of property.**

The last clause of Code Civ. Proc. § 649, subd. 3, applies only to domestic corporations.—Simpson v. Jersey City Contracting Co. (Sup.) 1033.

Where the question as to whether, or not, a certain levy under attachment is valid, is presented, the same is properly determinable upon proceedings to enforce the levy, and not upon a motion to set aside and vacate the levy.—Simpson v. Jersey City Contracting Co. (Sup.) 1033.

**§ 5.  Quashing, vacating, dissolution, or abandonment.**

In deciding a motion to vacate, only the sufficiency of the papers before the court when the attachment was granted should be considered.—Fox v. Mays (Sup.) 295.

That the cause of action alleged in the affidavit was incorrectly described in the warrant would not justify vacation, if a good cause was alleged in the affidavit.—Fox v. Mays (Sup.) 295.

That the warrant contained superfluous averments would not justify vacation.—Fox v. Mays (Sup.) 295.

Though Code Civ. Proc. § 682, does not provide that an attachment against a foreign state may be vacated on motion of a United States attorney, the court will vacate such an attachment on his motion, since the court has no jurisdiction of such an action.—Hassard v. United States of Mexico (Sup.) 939.

## ATTORNEY AND CLIENT.

**§ 1.  Retainer and authority.**

A client is not liable for work in printing briefs in his case, when the work was done for, and the credit extended to, the attorney, without instructions from or notice to the client.—Livingston Middleitch Co. v. New York College of Dentistry (City Ct. N. Y.) 918.

**§ 2.  Compensation and lien of attorney.**

A counterclaim, in an action by an attorney to recover for professional services, *held* not to state facts sufficient to constitute a cause of action against plaintiff.—Kissam v. Bremerman (Sup.) 75.

Where the parties to an action for damages settle by plaintiff withdrawing his action, nothing being paid in settlement, his attorney is not entitled to prosecute the action in aid of his lien.—Burpee v. Townsend (Sup.) 467.

Where the sum paid in settlement of an action without the knowledge of the plaintiff's attorney will serve as a basis for fixing the amount of his lien for services, it is not necessary to continue the action of which settlement was made in order to enforce such lien.—Schriever v. Brooklyn Heights R. Co. (Sup.) 644.

Under Code Civ. Proc. § 66, a defendant who, without the knowledge of plaintiff's attorney, settled with the plaintiff, who was irresponsible, becomes liable for the lien for services of such attorney.—Schriever v. Brooklyn Heights R. Co. (Sup.) 644.

Under Code Civ. Proc. § 66, giving a lien to attorneys on a cause of action, an attorney cannot be allowed or compelled to prosecute a compromised case to judgment, in order to enforce his lien, when the compromise is made without his consent.—Schriever v. Brooklyn Heights R Co. (Sup.) 890.

An attorney has a lien, irrespective of statute, upon a surrogate's decree for his services rendered in the proceedings resulting in such decree.—In re Regan (Sur.) 1074.

Code Civ. Proc. § 66, does not give an attorney a lien against a surrogate's decree rendered before the amendment to such act was passed giving an attorney's lien in special proceedings.—In re Regan (Sur.) 1074.

## AUTHORITY.

Of agent, see "Principal and Agent," § 2.
Of attorney, see "Attorney and Client," § 1.

# BAILMENT.

See "Innkeepers"; "Livery Stable Keepers"; "Pledges."

# BALLOTS.

See "Elections," § 2.

# BANKRUPTCY.

See "Assignments for Benefit of Creditors."

**§ 1. Assignment, administration, and distribution of bankrupt's estate.**

A complaint to set aside a transfer voidable under bankrupt act need not allege the evidence, nor show why a creditor had cause to believe the transfer was intended to give a preference.— Crooks v. People's Nat. Bank (Sup.) 604.

Allegations of a complaint to set aside a transfer by a bankrupt *held* sufficient to show that a creditor would receive by an assignment a greater percentage of his debt than other creditors.— Crooks v. People's Nat. Bank (Sup.) 604.

An allegation that the effect of a transfer will be to enable a creditor to obtain a greater percentage of his debt than other creditors, and to obtain a preference, is an allegation of a fact, and not a conclusion.—Crooks v. People's Nat. Bank (Sup.) 604.

Facts *held* to bring a case within the bankruptcy act, making voidable a transfer before bankruptcy giving a preference.—Crooks v. People's Nat. Bank (Sup.) 604.

In a complaint to set aside a transfer as voidable under the bankrupt act, the value of the debtor's property and the extent of his indebtedness need not be set out.—Crooks v. People's Nat. Bank (Sup.) 604.

# BANKS AND BANKING.

**§ 1. Banking corporations and associations.**

Const. 1846, art. 8, §§ 1–3, *held* to apply to bank corporations.—Barnes v. Trevor (Sup.) 85.

The stock corporation law (Laws 1890, c. 564, § 58) *held* not to relieve stockholders of an insolvent bank from claims against it for deposits.— Barnes v. Trevor (Sup.) 85.

A stockholder, who is also a creditor of an insolvent bank, cannot set off its debt to him against his statutory liability.—Barnes v. Trevor (Sup.) 85.

**2. Functions and dealings.**

Where an executor deposited estate funds in a bank in his own name, there is no contractual relation between the bank and the estate, rendering the bank liable to account to the estate.— Woodbridge v. First Nat. Bank (Sup.) 258.

A bank, in the absence of notice of an adverse claim, has the right to assume that a person depositing money to his own credit has a right to withdraw it.—Woodbridge v. First Nat. Bank (Sup.) 258.

A bank *held* not required to account for funds of an estate deposited by an executor in his own name.—Woodbridge v. First Nat. Bank (Sup.) 258.

**§ 3. Savings banks.**

A savings bank *held* not entitled to make a person for whose benefit a deposit was made a party defendant to an action to recover it by the depositor's administrator, who alleged that such person was fictitious.—Washington v. Seaman's Bank for Savings (Sup.) 971.

# BASTARDS.

**§ 1. Property.**

The domestic relations law, legitimatizing illegitimate children whose parents afterwards marry, does not, because it protects against the devestment of all estate or interest vested at the time of the marriage, devest all estate or interest which has vested since; and, if it did, it would be void. under Const. art. 1, § 6.—In re Barringer's Estate (Sur.) 1090.

# BENEFICIAL ASSOCIATIONS.

Records of a beneficial association, showing that amendments to by-laws had been favorably voted on by three-fourths of the members present at the meeting voting therefor, it will be presumed, in the absence of evidence to the contrary, that all members present participated in the vote.— Cowan v. New York Caledonian Club (Sup.) 714.

A member of a beneficial association, in arrears for over a year, and liable to have his name stricken from the rolls, *held* not in good standing, so as to be entitled to benefits.—Cowan v. New York Caledonian Club (Sup.) 714.

By-laws of a mutual benefit association *held* reasonable and valid.—Cowan v. New York Caledonian Club (Sup.) 714.

A by-law, requiring notice within 24 hours after sickness and certificate of society's physician as condition to benefits, *held* not unreasonable, and failure to comply therewith bars recovery of benefit.—Falcone v. Societa Sarti Italiani di Mutuo Soccorso (Sup.) 873.

Failure of a member to notify the secretary of his illness was not excused by his incapacity, where, long before his recovery, he was able to give such notice, but failed to do so.—Falcone v. Societa Sarti Italiani di Mutuo Soccorso (Sup.) 873.

One who, as a charter member of an association, either participated in the adoption of a by-law or assented to it when he joined the society, and who thereafter recognized it by acting thereon, is estopped to question its reasonableness.— Falcone v. Societa Sarti Italiani di Mutuo Soccorso (Sup.) 873.

Member absent from home lodge, not having procured traveling card, as required by by-law, *held* not entitled to recover sick benefit.—Markowitz v. Joseph Eckert Lodge, No. 82, I. O. B. A. (Sup.) 874.

## BEQUESTS.

See "Wills."

## BILL OF PARTICULARS.

See "Pleading," § 5.

## BILLS AND NOTES.

**§ 1.   Requisites and validity.**

Failure to recite therein that a note was given for value received does not affect its legal import.—McLeod v. Hunter (Sup.) 73.

**§ 2.   Construction and operation.**

Under Laws 1897, c. 612, § 26, subd. 2, a note which promises to pay a certain sum, without fixing a time for payment, is due on demand.—McLeod v. Hunter (Sup.) 73.

**§ 3.   Rights and liabilities on indorsement or transfer.**

Without proof that the indorser of a note before delivery intended to become surety, he is presumed to be a subsequent indorser, and is not liable to the payee.—Howard v. Van Gieson (Sup.) 349.

In an action against one who indorsed a note on agreement that he should not be held liable thereon, *held*, defendant could show that he received no benefit from the transaction.—Twelfth Ward Bank v. Rogers (City Ct. N. Y.) 496.

Question of indorser's liability on a note delivered under an agreement that indorser should be held harmless *held* a question for the jury.—Twelfth Ward Bank v. Rogers (City Ct. N. Y.) 496.

**§ 4.   Presentment, demand, notice, and protest.**

A notice of protest *held* insufficient to charge an indorser.—Howard v. Van Gieson (Sup.) 349.

Where the holder of a note was requested by the indorsers to delay suit thereon after the note became due, such indorsers cannot take advantage of a failure to serve notice of protest within the regular time.—Bush v. Gilmore (Sup.) 682.

**§ 5.   Payment and discharge.**

The return of property by a purchaser, under a claim that it was not satisfactory, acts as an extinguishment of a note given therefor, when the vendor agreed that the same might be returned if not satisfactory.—Cushman v. De Mallie (Sup.) 878.

**§ 6.   Actions.**

A complaint in an action on a note need not show presentment and demand.—Wells v. Simpson (Sup.) 56.

Evidence *held* to support finding that makers of note signed as individuals, and not as corporate officers.—Bush v. Gilmore (Sup.) 682.

An affidavit of defense *held* not to sustain defendant's answer that a note was given without consideration and for accommodation of the payee.—Jones v. Brown (Sup.) 972.

Denial that plaintiff was the owner of a note sued on *held* not frivolous.—Jones v. Brown (Sup.) 972.

Where, in an action on notes, plaintiff pleaded as consideration a promise to discontinue an action, and proved an actual settlement thereof by means of the notes, it was sufficient to warrant recovery.—Wesselman v. Stuart (City Ct. N. Y.) 1110.

It is a good defense, as going to lack of consideration, in an action upon a note given in accordance with a contract, to show that the plaintiff, to whom the note was given, failed to perform his part of the contract.—Richardson & Morgan Co. v. Gudewill (City Ct. N. Y.) 1120.

## BODY EXECUTION.

See "Execution," § 2.

## BONA FIDE PURCHASERS.

Of goods, see "Sales," § 4.
Of land, see "Vendor and Purchaser," § 3.

## BONDS.

Bonds for performance of duties of trust or office, see "Executors and Administrators," § 8.
—— in legal proceedings, see "Costs," § 2.
Secured by mortgage, see "Mortgages," § 3.
Sureties on bonds, see "Principal and Surety."

**§ 1.   Construction and operation.**

Provisions of a bond *held* sufficient to show an intent to protect obligee against loss through defect of title to property transferred by bill of sale.—Frank v. Forgotston (City Ct. N. Y.) 1118.

**§ 2.   Actions.**

Under Code Civ. Proc. § 1915, in a suit on a bond for the performance of a covenant for renewal of a lease, *held* error to add interest to the amount of the bond in assessing damages.—John Polhemus Printing Co. v. Hallenbeck (Sup.) 1056.

## BREACH.

Of contract, see "Contracts," § 5.
Of covenant, see "Covenants," § 1.
Of warranty, see "Insurance," § 2;  "Sales," § 7.

## BRIDGES.

**§ 1.   Regulation and use for travel.**

A pile of sweepings, including banana peelings, left on the public stairway of a bridge, *held* to constitute a dangerous obstruction.—Cooley Trustees of New York & Brooklyn Bridge (Sup.) 1.

## BROKERS.

**§ 1.   Compensation and lien.**

A vendor, who refuses to contract for sale realty to a club because the officer presented the broker had no authority to agree to the sale *held* not liable for the broker's commissions Kirwan v. Barney (Sup.) 122.

Facts *held* not to entitle plaintiff to recover commission for sale of real estate.—C. H. Diamond & Co. v. Hartley (Sup.) 1022.

1 Rev. St. p. 709, restricting brokers' fees for negotiating loans, applies to a contract for a loan procured while such statute was in force, although such statute was subsequently changed.—Anderson v. Dwyer (City Ct. N. Y.) 1114.

## CALENDARS.

Of causes for trial, see "Trial," § 2.

## CARRIERS.

### § 1. Carriage of goods.

Damages cannot be allowed, in an action for nondelivery of goods, where there is no depreciation in value and the goods are tendered back to the consignor.—Brookstone v. Wescott Exp. Co. (Sup.) 72.

A contract for transportation of goods, limiting the carrier's liability, *held* not to relieve it from liability for a loss by its negligence.—Marquis v. Wood (City Ct. N. Y.) 251.

In an action to recover for loss of goods shipped under a contract limiting its liability, evidence as to the value of the goods *held* admissible, where the loss was due to carrier's negligence.—Marquis v. Wood (City Ct. N. Y.) 251.

In an action to recover for a portion of goods lost in shipment, evidence as to the value of those delivered, as fixing relatively, the value of those not delivered, is admissible.—Marquis v. Wood (City Ct. N. Y.) 251.

A provision in a bill of lading that the carrier shall not be liable for any loss or breakage does not exempt the carrier from its own negligence.—Hutkoff v. Pennsylvania R. Co. (City Ct. N. Y.) 254.

Evidence *held* to raise a presumption that defendant was negligent in handling freight in its possession as a carrier.—Hutkoff v. Pennsylvania R. Co. (City Ct. N. Y.) 254.

### § 2. Carriage of passengers — Relation between carrier and passenger.

Where a passenger notified the conductor where to let him off, but was carried by through fault of the conductor, and was permitted to remain on the car till its return trip, he remained a passenger, though he paid but one fare.—Rosenberg v. Third Ave. R. Co. (Sup.) 1052.

### § 3. —— Personal injuries.

Evidence *held* to justify a finding that a passenger's fall from a street car was due to its negligent operation.—Brainard v. Nassau Electric R. Co. (Sup.) 74.

Evidence *held* not to warrant a finding that a depression in a flight of stairs at station was the proximate cause of accident to plaintiff.—Rusk v. Manhattan Ry. Co. (Sup.) 384.

Failure to put sand or ashes on light snow or thin ice at platform near railway station *held* not negligence.—Rusk v. Manhattan Ry. Co. (Sup.) 384.

Presence of a light snow and thin ice at platform near railway station will be presumed due to the snowstorm prevailing, so that railway company was not negligent in not clearing it off. —Rusk v. Manhattan Ry. Co. (Sup.) 384.

Street railroad's failure to provide a safe place for passengers to alight *held* sufficient to require the submission of plaintiff's negligence, in stepping on a parallel track in front of another car, to the jury.—Wise v. Brooklyn Heights R. Co. (Sup.) 530.

An instruction that the burden was on defendant to show that the accident causing the injury to plaintiff did not occur by reason of defendant's negligence *held* erroneous. — Hoffman v. Third Ave. R. Co. (Sup.) 590.

Evidence *held* insufficient to support a finding of negligence in the operation of a street car, which was suddenly stopped, throwing plaintiff from her seat in the car to the floor.—Hoffman v. Third Ave. R. Co. (Sup.) 590.

Evidence that the conductor of an open street car did not stop it, though he knew plaintiff was on the side step, and that a passing truck was dangerously close, *held* sufficient to support a finding that defendant was negligent. — Faris v. Brooklyn City & N. R. Co. (Sup.) 670.

Passenger *held* entitled to assume that an engine would approach a car on which she entered so as not to cause her injury, and not to be required to look for its approach.—Jones v. New York Cent. & H. R. R. Co. (Sup.) 721.

Evidence *held* sufficient to go to the jury on question whether conductor of a street car knew plaintiff intended to alight, and was negligent in prematurely starting his car.—Schaefer v. Central Crosstown Ry. Co. (Sup.) 806.

Negligence cannot be attributed to street-railway company, where passenger, after the car had stopped, and then started up, stepped off, without notice, from the front platform.—Steuer v. Metropolitan St. Ry. Co. (Sup.) 1059.

### § 4. —— Contributory negligence of person injured.

A man who surrenders his seat in a crowded street car to a woman, and stands on the running board of the car is not, as matter of law, negligent.—Brainard v. Nassau Electric R. Co. (Sup.) 74.

Riding on the running board of a crowded street car is not, per se, negligence.—Brainard v. Nassau Electric R. Co. (Sup.) 74.

Where a passenger was injured by being struck by a street car on a parallel track from the one from which he alighted, evidence *held* sufficient to require the submission of the question of his negligence to the jury. — Wise v. Brooklyn Heights R. Co. (Sup.) 530.

A passenger on the side step of a street car, who was injured by a passing truck, *held* not guilty of contributory negligence, when he tried to enter the nearest cross aisle in the car upon seeing his peril.—Faris v. Brooklyn City & N. R. Co. (Sup.) 670.

A passenger on a crowded car, standing on the running board, injured by striking a van

while looking for a seat, *held* not guilty of negligence, as a matter of law.—Henderson v. Nassau Electric R. Co. (Sup.) 690.

It is not negligence per se for a passenger to alight from a street car without taking hold of the railings to guard against sudden movement of the car.—Schaefer v. Central Crosstown Ry. Co. (Sup.) 806.

**§ 5. —— Palace cars and sleeping cars.**

Allowing a valise to stand in the aisle of a dimly-lighted car, where passengers are likely to stumble over it, is negligence.—Levien v. Webb (City Ct. N. Y.) 1113.

Contributory negligence of a passenger, who was injured by stumbling over a valise left in the aisle of the sleeping car, *held* for the jury. —Levien v. Webb (City Ct. N. Y.) 1113.

## CAUSE OF ACTION.

See "Action."

## CERTIORARI.

**§ 1. Nature and grounds.**

Where plaintiff alleges that the disallowing of a claim by him as constable, on ground that he was not constable, was illegal, as involving collaterally a trial to the office, his remedy is by certiorari, and not by action.—Adams v. Town of Wheatfield (Sup.) 738.

**§ 2. Proceedings and determination.**

Under Code Civ. Proc. §§ 2138, 2139, in proceedings to review dismissal of an officer, affidavits of third parties cannot be considered, where returns were made both by the officer dismissing him and such officer's successor.—People v. York (Sup.) 400.

A return denying knowledge as to whether witnesses in proceedings sought to be reviewed were sworn, and alleging a custom to receive unsworn testimony, *held* an admission of an allegation that unsworn testimony was received.—People v. York (Sup.) 400.

## CHANCERY.

See "Equity."

## CHANGE OF VENUE.

Of civil action, see "Venue," § 2.

## CHARITIES.

**§ 1. Creation, existence, and validity.**

A bequest for charitable uses *held* intended for a branch organization attached to a particular church, and not for the chief society.—In re Fitzsimmons' Will (Sur.) 485.

A bequest for charitable uses *held* valid, under Acts 1893, c. 701, § 1, providing that a bequest should not fail for indefiniteness of beneficiaries. —In re Fitzsimmons' Will (Sur.) 485.

## CHATTEL MORTGAGES.

**§ 1. Requisites and validity.**

Evidence *held* sufficient to show that chattel mortgages were fraudulent in fact as to judgment creditors.—Robinson v. Hawley (Sup.) 138.

**§ 2. Rights and liabilities of parties.**

Mortgagee, purchasing at chattel-mortgage sale, *held* liable for conversion of property to prior lienholder, although a year had elapsed at time of sale from date of filing the lien, which had not been refiled.—American Box Mach. Co. v. Zentgraf (Sup.) 417.

**§ 3. Rights and remedies of creditors.**

Chattel mortgages *held* invalid, as against a prior executed judgment confession, not filed until after the execution of the mortgages, where the mortgagees failed to show that they took possession within a reasonable time.—Robinson v. Hawley (Sup.) 138.

- Chattel mortgage on hay *held* not void because of an agreement that the mortgagor might feed certain of the hay before sale under the mortgage.—Spurr v. Hall (Sup.) 854.

## CHOSE IN ACTION.

Assignment, see "Assignments."

## CITIES.

See "Municipal Corporations."

## CITIZENS.

See "Indians."

## CLAIM AND DELIVERY.

See "Replevin."

## CLAIMS.

Against county, see "Counties," § 1.
—— estate of decedent, see "Executors and Administrators," § 4.
—— town, see "Towns," § 2.

## CLASS LEGISLATION.

See "Constitutional Law," § 2.

## CLUBS.

Where a club, at a meeting of its members directs its president to purchase realty for a club site, an officer subsequently empowered by the trustees has no authority to purchase the site; the power conferred by the club being superior to that of the trustees.—Kirwan v. Barney (Sup.) 122.

## COLLATERAL ATTACK.

On judgment, see "Judgment," § 5.

## COLLECTION.

Of estate of decedent, see "Executors and Administrators," § 3.

## COMBINATIONS.

See "Conspiracy."

## COMMISSIONS.

Of broker, see "Brokers," § 1.
Of trustee, see "Trusts," § 5.

## COMMITTEE.

Guardianship of insane persons, see "Insane Persons," § 1.

## COMMON CARRIERS.

See "Carriers."

## COMPARATIVE NEGLIGENCE.

See "Negligence," § 2.

## COMPENSATION.

For property taken for public use, see "Eminent Domain," § 1.
For services, see "Master and Servant," § 2.
Of attorney, see "Attorney and Client," § 2.
Of executor or administrator; see "Executors and Administrators," § 7.
Of trustee, see "Trusts," § 5.

## COMPETENCY.

Of experts as witnesses, see "Evidence," § 7.
Of witnesses in general, see "Witnesses," § 1.

## COMPLAINT.

In civil actions, see "Pleading," § 1.

## COMPROMISE AND SETTLEMENT.

A fair settlement of an action for personal injuries will not be set aside because defendants failed to employ plaintiff after he got well, though they promised it as part consideration for the settlement.—Szymanski v. Chapman (Sup.) 10.

## CONCLUSION.

Of witness, see "Evidence," § 7.

## CONDEMNATION.

Taking property for public use, see "Eminent Domain."

## CONDITIONAL SALES.

See "Sales," § 8.

## CONDITIONS.

Precedent to action, see "Action," § 1.

## CONFESSION.

Of judgment, see "Judgment," § 1.

## CONFIDENTIAL RELATIONS.

Disclosure of communications, see "Witnesses," § 1.

## CONSIDERATION.

Of bill of exchange or promissory note, see "Bills and Notes," § 1.
Of contract, see "Contracts," § 1.

## CONSPIRACY.

**§ 1. Civil liability.**
A complaint which, for a cause of action, alleged a conspiracy in the doing of certain acts which resulted in damage to plaintiff, is demurrable, since a conspiracy to do certain things, the doing of which caused damage, does not, of itself, constitute a cause of action upon which a recovery can be had.—Kolel America Vatiferes Jerusalem v. Eliach (Sup.) 935.

## CONSTABLES.

See "Sheriffs and Constables."

## CONSTITUTIONAL LAW.

See "Jury," § 1.

**§ 1. Distribution of governmental powers and functions.**
Laws 1899, c. 700, § 1 et seq., providing that municipal corporations shall pay the expenses of a person who has been indicted within its boundaries for a criminal offense in connection with his official duties, is unconstitutional.—In re Straus (Sup.) 37.

**§ 2. Privileges or immunities, and class legislation.**
Laws 1895, c. 322, § 1, prohibiting use of soft coal in certain portions of city of Brooklyn, held not a grant of exclusive privilege by a local act, within Const. art. 3, § 18.—City of Brooklyn v. Nassau Electric R. Co. (Sup.) 33.

## CONTEMPT.

**§ 1. Acts or conduct constituting contempt of court.**
A litigant's false swearing will justify a finding that he is guilty of contempt of court.—Bernheimer v. Kelleher (City Ct. N. Y.) 1125.

**§ 2. Punishment.**
Code Civ. Proc. § 111, which prohibits successive terms of imprisonment, does not apply where the earlier commitment is founded on mesne process, and a second commitment is ordered under

final judgment in the same action.—Reese v. Rees (Sup.) 760.

Under Code Civ. Proc. § 2284, a person may be fined for an omission to perform an act, without any order requiring him to perform the act.—Hommel v. Buttling (Sup.) 811.

A fine, imposed for contempt for false swearing, of the amount of plaintiff's judgment, *held* not excessive.—Bernheimer v. Kelleher. (City Ct. N. Y.) 1125.

## CONTEST.

Of will, see "Wills," § 3.

## CONTINUANCE.

Amendment of a complaint, averring that a car was "stopped" to permit plaintiff to alight, so as to conform to proof that it was moving "very slowly," *held* not cause for suspension of the trial.—Rosenberg v. Third Ave. R. Co. (Sup.) 1052.

## CONTRACTS.

Agreements within statute of frauds, see "Frauds, Statute of."
Contracts of municipalities, see "Municipal Corporations," §§ 4, 5.
Damages for breach, see "Damages," § 2.
Novation, see "Novation."
Operation and effect of customs or usages, see "Customs and Usages."
Particular classes of express contracts, see "Bills and Notes"; "Covenants"; "Insurance"; "Joint Adventures"; "Landlord and Tenant"; "Liens"; "Principal and Agent"; "Principal and Surety"; "Sales"; "Vendor and Purchaser."
—— employment, see "Master and Servant."
—— separation agreements, see "Husband and Wife," § 4.
Particular modes of discharging contracts, see "Compromise and Settlement"; "Payment."
Reformation, see "Reformation of Instruments."
Specific performance, see "Specific Performance."

### § 1. Requisites and validity.

Failure of contractor to disclose information regarding the character of the subject-matter of contract with the state *held* not to invalidate it. —People v. Roberts (Sup.) 148.

A contract for a lower price, after delivery and acceptance at a certain price, is without consideration.—O'Sullivan v. New York Lumber Corp. (Sup.) 493.

Where defendant promised that, if windows placed in his house by mistake were left, he would pay for work done, leaving the windows is a consideration for the promise.—Drake v. Bell (Sup.) 657.

Evidence *held* not to show contract by defendant to pay plaintiff for services rendered third person.—Balmford v. Peffer (Sup.) 787.

The fact that parties to a tripartite agreement attempted to obtain possession thereof

after it had been delivered to plaintiff *held* not sufficient to show want of delivery.—Day v. Dow (Sup.) 793.

Money paid by an employé's wife, under an employer's agreement to refrain from arresting his employé, in an action to recover money alleged to have been stolen by him, *held* paid under duress.—Jaeger v. Koenig (City Ct. N. Y.) 505.

A wife's agreement to pay her husband's employer money in consideration of the employer's forbearance to arrest her husband, in an action to recover money which it was alleged he had stolen, *held* an agreement to refrain from a civil arrest merely, and not to amount to the compounding of felony.—Jaeger v. Koenig (City Ct. N. Y.) 505.

### § 2. Construction and operation.

A contract that may be discontinued "in" three months cannot be discontinued after the expiration of such time.—Feree v. Moquin-Offerman-Hessenbuttel Coal Co. (Sup.) 120.

On a contract by defendants to pay plaintiff a certain price for all ice used by them for two years, he cannot recover for ice purchased by them from others.—Banker v. Willard (Sup.) 447.

Contract authorizing owner to make "omissions" *held* to refer to things abandoned, and not those given to some other contractor to perform. —Gallagher v. Hirsh (Sup.) 609.

### § 3. Modification and merger.

In an action to recover for ice sold under a contract, evidence *held* to raise a question for the jury as to plaintiff's intention to modify the original contract as to the price.—Taylor v. Citizens' Ice Co. (Sup.) 213.

In an action to recover for ice sold under a contract, evidence *held* admissible to show a modification of the contract as to the price.— Taylor v. Citizens' Ice Co. (Sup.) 213.

### § 4. Rescission and abandonment.

The giving of a note as provided in a contract does not, in the absence of evidence of further or different agreement, constitute a waiver of rights under the contract.—Richardson & Morgan Co. v. Gudewill (City Ct. N. Y.) 1120.

### § 5. Performance or breach.

Where plaintiff contracted to pay all of defendant's obligations as shown on the latter's books, *held*, in the absence of misrepresentations he was bound by the books.—State Bank v Napier (Sup.) 779.

Whether or not delay of third person in delivering building material justified a contract or's failure to complete contract in time specified *held* question for jury.—McLaren v Fischer (Sup.) 808.

Delay of contractor for 51 days to complete building contract *held* prima facie unreasonable, and places burden of excusing same on contractor.—McLaren v. Fischer (Sup.) 808.

### § 6. Actions for breach.

Code, § 519, does not authorize introduction of evidence to prove an implied contract, where an express one is pleaded.—Dennison v. Musgrav (Sup.) 188.

Complaint setting forth contract and its breach *held* to state good cause of action, though theory of damages was erroneous.—Kraft v. Rice (Sup.) 368.

Complaint alleging pledge of liquor to secure a note, and payment, and refusal to return liquor, does not state breach of contract without alleging demand for return.—Kraft v. Rice (Sup.) 368.

A contract cannot be considered, on demurrer to a complaint for its breach, which did not refer to the contract.—Boez v. Cleveland School-Furniture Co. (Sup.) 407.

Facts *held* insufficient to constitute a cause of action for breach of contract.—Boez v. Cleveland School-Furniture Co. (Sup.) 407.

Nature of contract, as set out by the pleadings, *held* for the jury.—Gallagher v. Hirsh (Sup.) 609.

An answer to an action on a written contract, which alleged an agreement outside the writing and did not seek to reform the contract, but to repudiate it, *held* insufficient.—International Food Co. v. Beckerd (Sup.) 1001.

Where defendant's answer to an action on a contract alleged a counterclaim, to which she would not be entitled if the contract was valid, and did not allege that it was void, the answer was insufficient.—International Food Co. v. Beckerd (Sup.) 1001.

Action for a breach of a contract *held* maintainable, in the form brought, to recover a balance of salary due under such contract.—Purdy v. C. C. White Paper Mfg. Co. (City Ct. N. Y.) 54.

Admission of evidence of a special contract *held* erroneous, where plaintiff had elected to proceed on a quantum meruit.—Morris v. Sire (City Ct. N. Y.) 1098.

Where complaint alleges due performance of written contract, plaintiff cannot show omissions, nonperformance, and waiver.—Bloch v. Remelius City Ct. N. Y.) 1124.

## CONTRIBUTORY NEGLIGENCE.

See "Negligence," § 2.

## CONVERSION.

Wrongful conversion of personal property, see "Trover and Conversion."

## CONVEYANCES.

Conveyances of particular species of property, see "Easements," § 1.

— mortgaged property, see "Mortgages," § 5.

— fraud of creditors, see "Fraudulent Conveyances."

— trust, see "Trusts," § 1.

Particular classes of conveyances, see "Assignments for Benefit of Creditors"; "Chattel Mortgages"; "Deeds"; "Mortgages."

## CORONERS.

Laws 1897, c. 378, §§ 1570, 1571, *held* to abolish the office of county coroner within the territory of Greater New York as it theretofore existed.—Tuthill v. City of New York (Sup.) 968.

## CORPORATIONS.

Particular classes of corporations, see "Municipal Corporations"; "Street Railroads," § 1.

—— banks, see "Banks and Banking," § 1.

### § 1. Incorporation and organization.

In an action against a stockholder for an indebtedness of the company because the capital stock was not fully paid in, evidence *held* sufficient to support a finding of an overvaluation of the property when the company was organized.—White, Corbin & Co. v. Jones (Sup.) 21.

### § 2. Corporate existence and franchise.

One who had recognized a corporation de facto, and officially directed its affairs, *held* estopped to assert, when sued by it, that it lacked corporate existence.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

Refusal to find that one corporation carried on its projects through the agency of another corporation *held* proper.—In re Griffin's Will (Sup.) 639.

### § 3. Capital, stock, and dividends.

Mere recording of a certificate reciting that a company's stock was fully paid up *held* not to terminate stockholder's liability for unpaid stock.—White, Corbin & Co. v. Jones (Sup.) 21.

Payments for capital stock, represented by expenditures in developing property, *held* properly computable in determining stock actually paid in.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

### § 4. Members and stockholders.

In an action to enforce a stockholder's statutory liability for corporate debts, evidence of the value of property transferred for stock issued was admissible.—White, Corbin & Co. v. Jones (Sup.) 21.

In an action by a minority stockholder of a corporation to restrain the payment of exorbitant salaries, it must be alleged and proved that a demand to sue was made on the corporation, and that the same was refused.—Fitchett v. Murphy (Sup.) 182.

That a person claiming to have been defrauded of his interest in the corporate assets may maintain an action to restrain the payment of exorbitant salaries, he must be a stockholder at the time of the institution of the action.—Fitchett v. Murphy (Sup.) 182.

### § 5. Officers and agents.

In an action to restrain the further payment of exorbitant salaries to officers of a corporation, the court has no power to fix a gross sum to be divided as salaries among the officers.—Fitchett v. Murphy (Sup.) 182.

In an action to enforce the personal liability of directors for failure to file an annual report, as required by Laws 1892, c. 688, § 30, the va-

lidity of the corporation's act in changing the location of its principal office could not be questioned. — Uptegrove v. Schwarzwaelder (Sup.) 623.

Laws 1892, c. 688, § 30, *held* complied with where the annual report of a corporation was filed in the county where its principal business office was in fact located, though the certificate of incorporation located it in a different county, from which it was legally removed.—Uptegrove v. Schwarzwaelder (Sup.) 623.

Complaint for penalties, under Gen. Laws, c. 36, § 29, for refusal to permit an inspection of corporate books, should aver specifically the facts relied on to constitute the offense.—Gunst v. Goldstein (Sup.) 707.

A complaint for penalties, under Gen. Laws, c. 36, § 29, for refusal to permit an inspection of corporate books, is defective, if it does not allege that the company is a stock corporation, and the circumstances connected with the demand for inspection.—Gunst v. Goldstein (Sup.) 707.

A complaint for penalties, under Gen. Laws, c. 36, § 29, for refusal to permit an inspection of corporate books, need not show that defendant was an officer of the corporation, if it shows that he was an agent.—Gunst v. Goldstein (Sup.) 707.

A complaint for penalties, under Gen. Laws, c. 36, § 29, for refusal to permit an inspection of corporate books, need not make the corporation a party.—Gunst v. Goldstein (Sup.) 707.

### § 6. Corporate powers and liabilities.

In an action against a corporation on an apparently ultra vires contract, proof of its execution by the secretary and treasurer was insufficient to authorize its admission in evidence.— Broadway Theater Co. v. Dessau Co. (Sup.) 335.

Acts and declarations of the president, secretary, and treasurer of a corporation, without action by directors or stockholders, *held* not sufficient to show ratification of an ultra vires contract.—Broadway Theater Co. v. Dessau Co. (Sup.) 335.

Where an electric light company received and used poles purchased by one of its trustees, before its organization, under representations as its agent, the company is liable.—Davis v. Valley Electric Light Co. (Sup.) 580.

### § 7. Insolvency and receivers.

Where a corporation has become insolvent, and its stock valueless, the granting of a motion to make its receiver a party to an action against it and another by one of its stockholders, for the return of certain of its stock delivered to it by such stockholder, should be denied.— Marshall v. Wendell (Sup.) 13.

Under Laws 1858, c. 314, § 2, and Laws 1892, c. 688, § 48, a general receiver of a corporation may maintain an action at law for the conversion of property received under a void bill of sale.—McQueen v. New (Sup.) 464.

A bookkeeper is not a "mechanic, workingman, or laborer," within Laws 1897, c. 415, § 8, preferring the wages of such employés of an insolvent corporation.—Cochran v. A. S. Baker Co. (Sup.) 724.

### § 8. Dissolution and forfeiture of franchise.

A corporation once legally created continues, in the absence of statute, until either its charter period has expired or its dissolution has been judicially declared.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

An order authorizing the assignment by the receiver of a bank of certain judgments held by it, duly made in the dissolution proceedings of the bank, is prima facie binding upon all the stockholders of the bank, and the title of the assignee can only be assailed by a direct proceeding, to which he is made a party.—Treacy v. Ellis (Sup.) 600.

### § 9. Foreign corporations.

An arrangement begun under section 161 of the English companies act, providing for a voluntary winding-up, does not cease to be within the section because presented to the court for approval.—Bank of China, Japan & the Straits v. Morse (Sup.) 268.

A reorganization scheme under the English companies act *held* to violate the rule that calls on unpaid subscriptions should be equal.—Bank of China, Japan & the Straits v. Morse (Sup.) 268.

It is a defense to an action against a stockholder to recover a call on his shares that the call was made for unauthorized purpose.—Bank of China, Japan & the Straits v. Morse (Sup.) 268.

A reorganization scheme under section 161 of the English companies act *held* to go beyond the statute.—Bank of China, Japan & the Straits v. Morse (Sup.) 268.

A liquidator of a corporation being wound up under section 161 of the English companies act *held* to have no authority to make calls on unpaid subscriptions, in an amount more than necessary to satisfy the debts of the company.—Bank of China, Japan & the Straits v. Morse (Sup.) 268.

"Business and property," as used in English statute authorizing sale thereof by a corporation being wound up, *held* not to include unpaid subscriptions for which a call has not been made.— Bank of China, Japan & the Straits v. Morse (Sup.) 268.

A contract made by a Pennsylvania corporation, in Pennsylvania, by which certain goods were to be delivered in New York City, is not in violation of the provisions of sections 15 and of the general corporation law of New York. In re Simonds Furnace Co. (Sup.) 974.

Where the owner of stock of a foreign corporation had deposited same with a resident of the state, who thereupon actually held same, or the indicia of title which would enable a transfer to acquire title thereto by virtue of such resident's title or right to possession, such stock came subject to the jurisdiction of the court of this state.—Simpson v. Jersey City Contracting Co. (Sup.) 1033.

Where no issue was raised that an officer the defendant, a foreign corporation, was the state, service upon one who was a m

aging agent, within the meaning of Code, § 432, was sufficient.—Evans v. American Steel Foundry Co. (City Ct. N. Y.) 922.

## CORRECTION.

Of assessment of taxes, see "Taxation," § 1.

## COSTS.

In particular actions or proceedings, foreclosure, see "Mortgages," § 6.
—— probate proceedings, see "Wills," § 3.

**§ 1. Nature, grounds, and extent of right in general.**

Under Code Civ. Proc. § 544, it was improper to require defendant, as condition to filing supplemental pleading, to pay costs accruing before the time when such pleading could have been filed.—Haffey v. Lynch (Sup.) 736.

Under Code Civ. Proc. § 3228, subd. 4, and Id. § 3229, it was error, in an action for the recovery of money only, where a verdict was rendered in favor of defendant on a counterclaim, for the clerk to refuse to tax his bill of costs.—Smith v. Bryant (Sup.) 943.

Defendant, who had not filed a note of issue on service of notice of trial, *held* not entitled to costs on having the action dismissed for want of prosecution.—Gilroy v. Stampfer (City Ct. N. Y.) 924.

Defendants, where demurrer in common-law suit is sustained, *held* entitled to costs where only issue of law is presented.—Kellar v. Shrady (City Ct. N. Y.) 1123.

**§ 2. Security for payment.**

Under Code Civ. Proc. § 3272, a court has no authority to require plaintiff, in an action by a guardian ad litem, to give security for costs in a sum greater than $250.—Turell v. Erie R. Co. (Sup.) 308; Degraw v. Same, Id.

Under Code Civ. Proc. § 3268, a defendant who does not apply for security for costs until after cause has been tried is guilty of laches, which authorizes denial of application.—Turell v. Erie R. Co. (Sup.) 308; Degraw v. Same, Id.

An application to require a nonresident, appointed administratrix in New York, to give security for costs in an action for the intestate's wrongful death, *held* within the discretion of the court.—Pursley v. Rodgers (Sup.) 1015.

Facts *held* to require the favorable action of the court's discretion on an application to require a nonresident, appointed administratrix in an action in New York, to give security for costs.—Pursley v. Rodgers (Sup.) 1015.

A foreign corporation, plaintiff in an action, *held* not exempt from giving security for costs, under Code Civ. Proc. §§ 3160, 3268, because it has a place of business in New York City.—Henry Huber Co. v. Warren (City Ct. N. Y.) 7.

Application to sue as poor person *held* properly denied.—Mendello v. Rosati (City Ct. N. Y.) 1102.

**§ 3. Amount, rate, and items.**

In an action for an accounting of trust funds, the amount claimed being greatly in excess of the sum proven that defendant received, the latter amount is the value of the subject as affecting an extra allowance of costs.—Woodbridge v. First Nat. Bank (Sup.) 258.

**§ 4. On appeal or error.**

Where an issue tried between several defendants is wholly distinct, and bears no relation to the issue between the plaintiff and the defendants, a judgment, on an appeal between the defendants, to which plaintiff was a necessary respondent, which awards costs to "respondents," entitles both the plaintiff and the responding defendant to costs. — Reynolds v. Ætna Life Ins. Co. (Sup.) 901.

## COUNTERCLAIM.

See "Set-Off and Counterclaim."

## COUNTIES.

**§ 1. Claims against county.**

Including a claim against a county in the assessment roll among claims for which assessments are levied constitutes an audit of the claim.—Adams v. Town of Wheatfield (Sup.) 738.

Where plaintiff appeared before a committee appointed to audit his claim against a county, he cannot thereafter object to a report disallowing the claim on the ground it was not regularly before the committee.—Adams v. Town of Wheatfield (Sup.) 738.

Where a board of county supervisors audited a claim without investigation, the adoption without investigation of the report of a committee disallowing the claim is a valid reaudit.—Adams v. Town of Wheatfield (Sup.) 738.

## COURTS.

Contempt of court, see "Contempt."
Judges, see "Judges."
Jurisdiction of and proceedings relating to criminal law, see "Criminal Law," § 1.
Province of court and jury, see "Trial," § 5.
Review of decisions, see "Appeal."

**§ 1. Nature, extent, and exercise of jurisdiction in general.**

A record containing neither averment nor proof of defendant's residence does not show jurisdiction, and will not sustain a judgment of the municipal court.— Parker v. Dennett Surpassing Coffee Co. (Sup.) 785.

Evidence that the "home" of defendant was "Eighty-Sixth street" does not sufficiently establish residence within the jurisdiction of the court.—Wilson v. Hogan (Sup.) 854.

**§ 2. Courts of limited or inferior jurisdiction.**

Under Const. art. 6, § 18, and Code Civ. Proc. § 340, subd. 3, a judgment rendered by the municipal court in the borough of Brooklyn against one whose residence does not appear is not void for lack of jurisdiction.—Dodge Mfg. Co. v. Nassau Showcase Co. (Sup.) 111.

Under Code Civ. Proc. §§ 2244, 2954, municipal court of the city of New York is not ousted of jurisdiction of a summary proceeding to recover possession of real estate merely by reason of the fact that defendant denies plaintiff's title and claims title in himself.—Quinn v. Quinn (Sup.) 684.

The municipal court of the city of New York has jurisdiction of the person of a defendant residing in the city of New York, but in a county other than that of plaintiff, when the process in the action is served in the county of defendant.— Luban v. Simonds (Sup.) 697.

The municipal court of the city of New York has jurisdiction of an action to replevin chattels, although they were unlawfully taken and detained by defendant in the city of New York, in a county other than that of plaintiff.—Luban v. Simonds (Sup.) 697.

### § 3. Courts of probate jurisdiction.

Where the decree of a surrogate has been settled between the parties and satisfied of record without the attorney's consent, the surrogate court has power to enforce his lien against the decree, when the value of his services has been fixed by judgment.—In re Regan (Sur.) 1074.

## COVENANTS.

### § 1. Performance or breach.

Covenant for quiet enjoyment, in deed conveying lot 35 feet wide, held not broken by ouster from a strip off the west side of said lot, as the location of the east line did not appear, and the covenant did not guaranty the width, and description did not cover such strip.—Gunn v. Moore (Sup.) 519.

It was error to permit a recovery for breach of a covenant contained in a bill of sale which occurred before the execution of the bill of sale.— Droste v. Palmer (Sup.) 660.

An answer to a complaint for breach of covenant against incumbrances on account of nonpayment of taxes held insufficient.—Brenen v. Kelly (Sup.) 695.

A complaint for breach of covenant against incumbrances, alleging unpaid taxes at the delivery of the deed, presents a cause of action.—Brenen v. Kelly (Sup.) 695.

Under Laws 1882, c. 410, §§ 990, 995, an assessment for benefits was not an incumbrance on land till final confirmation of report of commissioners; and hence, till then, there was no breach of covenant against incumbrances.—Hastings v. Twenty-Third Ward Land Improvement Co. (Sup.) 998.

## COVERTURE.

See "Husband and Wife."

## CREDITORS.

See "Assignments for Benefit of Creditors"; "Bankruptcy"; "Creditors' Suit"; "Fraudulent Conveyances."

Rights as to chattel mortgage by debtor, see "Chattel Mortgages," § 3.

## CREDITORS' SUIT.

Held, that a creditor has priority, on fraudulent conveyance by the debtor, over other creditors who first acquire a lien by a suit in the nature of a creditors' action.—Mandeville v. Campbell (Sup.) 443.

## CRIMINAL LAW.

Particular offenses, see "Contempt"; "Disorderly House."
Penalties, see "Penalties."

### § 1. Jurisdiction.

Where defendant was within the court's jurisdiction, the fact that he was arrested by an officer without a warrant does not invalidate his conviction.—People v. Iverson (Sup.) 220.

## CROSS-EXAMINATION.

See "Witnesses," § 2.

## CUSTOMS AND USAGES.

A custom of giving two weeks' notice of an intention to leave cannot affect a specific contract of employment for a specified period.—Mitchell v. Waite (City Ct. N. Y.) 1108.

## DAMAGES.

Compensation for property taken for public use, see "Eminent Domain," § 1.
Damages for particular injuries, see "Fraud," § 1; "Libel and Slander," § 4; "Trespass," § 2.
—— injuries caused by public improvements, see "Municipal Corporations," § 5.

### § 1. Nature and grounds in general.

Evidence, in an action for damages caused by collapse of a gas holder, held not to show defendant's ownership or control of the gas holder. —Wodroczka v. Consolidated Gas Co. (Sup.) 186.

### § 2. Measure of damages.

Measure of damages for preventing one from completing contract after part performance when specific sum is to be paid on performance is difference between contract price and cost of performance.—Birnhak v. Hollender (Sup.) 118.

Measure for breach of contract to furnish place to store brick held cost of removing and storing them.—Gallagher v. Hirsh (Sup.) 609.

The measure of damages for being deprived of part of a contract is the profit the contractor would have made in doing the work at the agreed price.—Gallagher v. Hirsh (Sup.) 609.

### § 3. Inadequate and excessive damages

A verdict for $8,537, in an action for the loss of a right arm, and injuries to a leg, which evidence indicated might be permanent, held not excessive.—Barrett v. New York Cent. & H. R. R. Co. (Sup.) 9.

### § 4. Pleading, evidence, and assessment

Proof of the collapse of a gas holder alone held insufficient to raise the presumption of ne

ligence.—Wodroczka v. Consolidated Gas Co. (Sup.) 186.

A complaint seeking to recover money expended to secure return of property pledged after payment of debt alleges special damages, and, in absence of facts showing the same, is insufficient.—Kraft v. Rice (Sup.) 368.

## DEATH.

**§ 1. Actions for causing death.**

The absence of contributory negligence on the part of the person killed may be inferred from the circumstances of the accident.—Boyle v. Degnon-McLean Const. Co. (Sup.) 1043.

## DEBTOR AND CREDITOR.

See "Assignments for Benefit of Creditors"; "Creditors' Suit."

## DECEDENTS.

See "Executors and Administrators."

Testimony as to transactions with persons since deceased, see "Witnesses," § 1.

## DEEDS.

See "Easements," § 1.

Covenants in deeds, see "Covenants."

In fraud of creditors, see "Fraudulent Conveyances."

In trust, see "Trusts," § 1.

Of trust, see "Mortgages."

Tax deeds, see "Taxation," § 4.

**§ 1. Requisites and validity.**

A description reading, "1,128 acres of land, being the northwesterly corner of township No. 4 of T. & C.'s purchase, in H. county, be the same more or less," is not void for uncertainty. —Wallace v. Curtis (Sup.) 994.

**§ 2. Construction and operation.**

A second deed, conveying property to the grantee and his wife, *held* not to affect grantee's title under a prior conveyance, but to create a lien in his wife's favor only.—Washburn v. Benedict (Sup.) 387.

A deed, beneficial to the grantee, executed and recorded without the grantee's knowledge, passes title, as acceptance is presumed.—National Bank v. Bonnell (Sup.) 521.

Where a deed is delivered to a custodian, with instruction to deliver to the grantee on the grantor's death, the title vests at time of delivery to the custodian.—Ranken v. Donovan (Sup.) 542.

Deeds and mortgages by the grantor, after the conveyance of her property, though she remains in possession, are not admissible to show her intent in making the conveyance.—Ranken v. Donovan (Sup.) 542.

In a deed conveying a house and lot, describing the southern boundary as 25 feet from the center line of the railroad, *held*, that the "center line" intended was the center line between main tracks of railroad, and not center line of all

61 N.Y.S.—74

tracks, including switches.—New York Cent. & H. R. R. Co. v. Needham (Sup.) 992.

## DEFAULT.

Judgment by, see "Judgment," § 3.

## DELIVERY.

Of goods by carrier, see "Carriers," § 1.

## DEMURRAGE.

See "Shipping," § 1.

## DEMURRER.

In pleading, see "Pleading," § 3.

## DEPOSITARIES.

See "Deposits in Court."

## DEPOSITIONS.

An order to examine a party before trial cannot be vacated because the affidavit showed more than was required by Code Civ. Proc. § 872, subds. 1–4.—Trotter v. Brevoort (Sup.) 181.

Code Civ. Proc. § 872, subd. 5, will not be considered, in deciding whether a party is entitled to an order for his examination before trial.—Trotter v. Brevoort (Sup.) 181.

Where plaintiff inadvertently failed to file a deposition de bene esse within 10 days, as required by Code Civ. Proc. § 880, he was entitled to an order granting permission to file the same nunc pro tunc.—Israel v. Israel (Sup.) 328.

The affidavit on an application to take the deposition of a party whose residence is unknown must show an attempt and failure to ascertain it.—Dennis v. Tebbitts (City Ct. N. Y.) 503.

Under Code Civ. Proc. § 872, subd. 1, an affidavit for the examination of defendant to an action pending, and also another not a party, *held* insufficient.—Dennis v. Tebbitts (City Ct. N. Y.) 503.

## DEPOSITS.

In bank, see "Banks and Banking," § 2.

## DEPOSITS IN COURT.

Where loss resulted from an investment together of different funds deposited, *held*, that it should fall pro rata on all.—Elkin v. Elkin (Sup.) 947.

## DESCENT AND DISTRIBUTION.

See "Executors and Administrators."

Inheritance by, from, or through bastards, see "Bastards," § 1.

Property and interests undisposed of by will, see "Wills," § 5.

**§ 1.  Nature and course in general.**

A person leaving a will is not "an intestate," within the statutes of descent (1 Rev. St. p. 754, § 23), though he does not dispose of all of his property because some parts of the will violate the statute against perpetuities.—Messmann v. Egenberger (Sup.) 556.

## DESCRIPTION.

Of property conveyed, see "Deeds," § 2.

## DEVISES.

See "Wills."

## DILIGENCE.

Of party asking relief, see "Specific Performance," § 3.

## DIRECTING VERDICT.

In civil actions, see "Trial," § 4.

## DISCHARGE.

From employment, see "Master and Servant," § 1.
From liability as assignee, see "Assignments for Benefit of Creditors," § 4.
—— as surety, see "Principal and Surety," § 1.

## DISCOVERY.

**§ 1.  Under statutory provisions.**

Discovery and inspection of defendant's books will not be allowed, no reason being shown why it is necessary for the reply, and inspection thereof to enable him to reply not being allowable until case is at issue.—Allen v. Fowler & Wells Co. (Sup.) 325.

Code Civ. Proc. § 872, subd. 5, does not apply to the examination of a party, but only to witnesses.—Hay v. Zeiger (Sup.) 647.

Code Civ. Proc. §§ 870, 872, 873, held intended to secure the defendant's testimony in a plaintiff's behalf before trial, where the material information sought is wholly and solely known to the former.—Cahill v. Kurscheedt (City Ct. N. Y.) 1100.

## DISCRETION OF COURT.

Review in civil actions, see "Appeal," § 16.

## DISMISSAL AND NONSUIT.

At trial, see "Trial," § 4.
Dismissal of appeal, see "Appeal," § 11.

**§ 1.  Involuntary.**

Denial of defendant's motion to dismiss held erroneous, although defendant had filed an answer and counterclaim in the case.—Jacot v. Marks (Sup.) 1040.

## DISORDERLY HOUSE.

One cannot be convicted, under Pen. Code, § 388, of keeping a place where opium is smoked by others, when the evidence shows that opium was smoked at a place maintained by defendant, but does not show who did the smoking.—People v. Reed (Sup.) 520.

## DISSOLUTION.

Of corporation, see "Corporations," § 8.
Of partnership, see "Partnership," § 4.

## DIVORCE.

**§ 1.  Jurisdiction, proceedings, and relief.**

In an action against a wife for divorce, the uncorroborated testimony of a single witness that he had had sexual intercourse with the wife is insufficient evidence of adultery, though she makes no appearance.—Fawcett v. Fawcett (Sup.) 108.

Evidence held insufficient corroboration of a husband's confession of adultery to justify a decree of divorce.—Fowler v. Fowler (Sup.) 109.

Court, in action for divorce, held not warranted in granting a decree, in absence of evidence that the action was brought by defendant's procurement, and that plaintiff desired a divorce.—Ivison v. Ivison (Sup.) 118.

Evidence held insufficient to show adultery as grounds of divorce.—Isaacs v. Isaacs (Sup.) 956.

**§ 2.  Alimony, allowances, and disposition of property.**

After judgment determining questions of alimony without reservation of power to modify it, a reservation cannot be inserted.—Livingston v. Livingston (Sup.) 299.

## DOCKETS.

Of causes for trial, see "Trial," § 2.

## DOCUMENTS.

As evidence in civil actions, see "Evidence," § 5.
Production and inspection of writings, see "Discovery," § 1.

## DONATIONS.

See "Gifts."

## DUPLICITY.

In indictment, see "Indictment and Information," § 2.

## EASEMENTS.

**§ 1.  Creation, existence, and transfer.**

Where a railroad conveyed a house and part of its land, and an outhouse on the conveyed land extended over the company's remaining land, th

grantee had an easement on the land remaining for the maintenance of the outhouse.—New York Cent. & H. R. R. Co. v. Needham (Sup.) 992.

## ELECTION OF REMEDIES.

Rescission of sale and replevin of part of goods purchased under false pretenses *held* not to preclude action to recover difference between value of goods replevied and original contract price.—Shaut v. Schauroth (Sup.) 767.

## ELECTIONS.

**§ 1. Qualifications of voters.**
Under Const. art. 2, § 3, the evidence relied on by a student to show an intention to change his legal residence must be of acts independent of his status as a student.—In re Barry (Sup.) 124.

**§ 2. Ballots.**
Ballot marked by voter *held* void, under Election Law, § 110, subd. 2, rule 9.—In re Holmes (Sup.) 775.

Action of inspectors in rejecting a ballot marked by a voter as being void *held* erroneous, under Election Law, § 110, subd. 2, rules 6, 9.—In re Holmes (Sup.) 775.

## ELECTRICITY.

An electric light company *held* liable for acts of its employés, in wrongfully cutting branches from plaintiff's trees to prevent contact with its wires, done under general direction of defendant's managing agent.—Van Siclen v. Jamaica Electric Light Co. (Sup.) 210.

An electric light company is not authorized to cut branches from overhanging trees, to prevent their wires from touching them, if by proper insulation of the wires the cutting could be avoided.—Van Siclen v. Jamaica Electric Light Co. (Sup.) 210.

## EMINENT DOMAIN.

**§ 1. Compensation.**
Damages to riparian owners, where right to divert waters of lake is condemned, *held* to be the difference in the value of their lands with and without the water rights.—City of Syracuse v. Stacey (Sup.) 165.

Where plaintiff leases lot to defendants, they to erect a building and leave it in repair on expiration of the lease, and part of the lot is condemned, *held*, plaintiff is not entitled to damages awarded to repairs.—Fargo v. Browning (Sup.) 301.

Measure of damages caused by the operation of elevated railroad is the difference between actual value of property and what would be the value if there were no elevated railway.—Douglas v. New York El. R. Co. (Sup.) 411.

**§ 2. Proceedings to take property and assess compensation.**
Evidence of profits in milling business *held* not admissible on question of damages for condem-

nation of water rights.—City of Syracuse v. Stacey (Sup.) 165.

In proceeding to take property, *held*, appraisal commissioners properly based valuation on the fact that part of the property had been declared a nuisance.—In re Daly (Sup.) 480.

An award of $2,000 damages for property taken for public use *held* not inadequate.—In re Daly (Sup.) 480.

Evidence at hearing to ascertain damage arising from taking property for public use *held* properly disregarded.—In re Daly (Sup.) 480.

**§ 3. Remedies of owners of property.**
In an action for damages to real property by an elevated railroad, defendants signed a stipulation that the property belonged to plaintiff's father, and there was proof that plaintiff inherited it. *Held* sufficient to show plaintiff's title.—Douglas v. New York El. R. Co. (Sup.) 411.

Customary use of neighboring property, and probable effect thereon of annoyance caused by elevated railroad, may be shown in action for damages therefor.—Douglas v. New York El. R. Co. (Sup.) 411.

Value of neighboring property may be shown, in action for damages caused to real property by proximity of elevated railroad.—Douglas v. New York El. R. Co. (Sup.) 411.

An assessment against an elevated railway company for damges to an abutting landowner will be sustained, though he was entitled to damages on only a two-thirds interest, where record does not show that the remaining one-third interest was considered.—Bon v. Kings County El. Ry. Co. (Sup.) 675.

An assessment against an elevated railroad company for damages to an abutting landowner will be sustained, unless it is palpably erroneous.—Bon v. Kings County El. Ry. Co. (Sup.) 675.

## EMPLOYES.

See "Master and Servant."

## EQUITY.

Equitable estoppel, see "Estoppel," § 2.
—— set-off, see "Set-Off and Counterclaim."
Particular subjects of equitable jurisdiction and equitable remedies, see "Partition," § 1; "Specific Performance"; "Trusts."

**§ 1. Jurisdiction, principles, and maxims.**
Where plaintiff was dismissed from a position he held in the county clerk's office, an action in equity for reinstatement will not lie.—McNiece v. Sohmer (Sup.) 193; O'Neill v. Same, Id.

To avoid multiplicity of suits, equity will take jurisdiction, and afford relief by injunction, where, after judgment for plaintiff in ejectment, the latter is powerless to remove encroachment complained of. — Hahl v. Sugo (Sup.) 770.

Articles of historical interest and value, for the loss of which money damages would not afford an adequate compensation, may be recovered by a suit in equity.—Onondaga Nation v. Thacher (Sup.) 1027.

**§ 2. Pleading.**

If plaintiffs have an adequate remedy at law against another, and if, by virtue of any peculiar circumstances, that operates to discharge defendant in equity, his pleading should affirmatively show it.—Tripp v. Hunt (Sup.) 585.

## ESTABLISHMENT.

Of railroads, see "Street Railroads," § 1.

## ESTATES.

See "Life Estates."

Decedents' estates, see "Executors and Administrators."

Estates for years, see "Landlord and Tenant."

Trusts, see "Trusts," § 2.

## ESTOPPEL.

**§ 1. By record.**

Defendant, in his answer, having admitted receiving money alleged to have been paid him under duress, was estopped to deny his wife's agency to receive the money for him, she having in fact received it.—Jaeger v. Koenig (City Ct. N. Y.) 505.

**§ 2. Equitable estoppel.**

An incorporator, who consented that the corporation might take the place of himself and colessees in developing a well, is estopped to assert that the assignment was invalid under the statute of frauds.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

The certificate of an incorporator *held* an admission that a lease which entitled him to bore for "minerals" included mineral waters, and estopped to assert that it did not, when sued by the corporation to recover a well claimed by an assignment from him.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

Heirs, having sued an executor and an assignee to vacate an assignment of a mortgage taken for their benefit, and to recover payments to the executor, *held* estopped to deny the validity of the mortgage, and not entitled to question the executor's powers to assign it.—Washburn v. Benedict (Sup.) 387.

## EVICTION.

Of tenant of demised premises, see "Landlord and Tenant," § 5.

## EVIDENCE.

See "Witnesses."

As to particular facts or issues, see "Damages," § 4; "Fraudulent Conveyances," § 2; "Partnership," § 1.

In divorce, see "Divorce," § 1.

In particular civil actions or proceedings, see "Account Stated"; "Negligence," § 3; "Trover and Conversion," § 2.

—— actions for causing death, see "Death," § 1.

—— probate proceedings, see "Wills," § 3.

Reception at trial, see "Trial," § 3.

Review on appeal, see "Appeal," § 17.

**§ 1. Judicial notice.**

Judicial notice will not be taken of the regulations of the civil service commissioners of the city of New York.—People v. Dalton (Sup.) 263.

**§ 2. Presumptions.**

Presumption is in favor of the actions of public officials.—People v. Dalton (Sup.) 263.

**§ 3. Relevancy, materiality, and competency in general.**

Witness for plaintiff, in action for collision with street car, cannot testify that a witness for defendant at the time said he would be willing to be a witness for plaintiff.—Seipp v. Dry Dock, E. B. & B. R. Co. (Sup.) 409.

Declaration of conductor of street car, after collision with wagon, *held* inadmissible as part of the res gestæ.—Seipp v. Dry Dock, E. B. & B. R. Co. (Sup.) 409.

Declaration of driver of street car to officer arresting him, after collision, *held* inadmissible. —Seipp v. Dry Dock, E. B. & B. R. Co. (Sup.) 409.

The letter of an agent to his principal, detailing the settlement of an account he was authorized to make, is inadmissible to prove such settlement, as res gestæ.—Ballard v. Beveridge (Sup.) 648.

In an action for the value of a lost watch case, a design of a similar case is admissible to show value.—Cuebas v. Klein (City Ct. N. Y.) 923.

**§ 4. Admissions.**

Admissions of a receiver of an insurance company as to liabilities on policy *held* not conclusive.—Insurance Co. of State of Pennsylvania v. Telfair (Sup.) 322.

Where defendant's answer admits certain allegations in the complaint, evidence on his part contradicting such admission was not admissible. —Traitel v. Dwyer (City Ct. N. Y.) 1100.

**§ 5. Documentary evidence.**

Historical writings, based on hearsay and tradition, relating to an Indian league, *held* competent evidence on an issue whether wampum belts were historical emblems.—Onondaga Nation v Thacher (Sup.) 1027.

Entries not shown or known to plaintiff made in defendant's account books, *held* properly excluded, in a suit to recover for legal services.—Stephens v. Cowen (City Ct. N. Y. 925.

**§ 6. Parol or extrinsic evidence affecting writings.**

Where a written lease required all signs to be approved by the lessor, it was competent to show parol conditions attached to such approva —Imperial Bldg. Co. v. John H. Woodbury De matological Inst. (Sup.) 129.

In an action for rent on a written lease, parol evidence that the lease was executed on condition of the lessor's making repairs *held* admissible.—Flommerfelt v. Englander (Sup.) 187.

Parol evidence of an agreed compensation to be paid a trustee *held* inadmissible, as tending to contradict the trust deed.—Disbrow v. Disbrow (Sup.) 614.

Evidence of the situation and relation of the parties at the time of the execution of a mortgage, and of the circumstances surrounding its execution, is admissible to determine the intention and meaning of the terms and conditions thereof.—State Bank v. Lighthall (Sup.) 794.

A receipt "in full of all demands to date" may be contradicted or explained by parol evidence.—Tower v. Blessing (Co. Ct.) 255.

Parol evidence to vary the terms of a written instrument is inadmissible.—James v. Coe (City Ct. N. Y.) 1099.

**§ 7. Opinion evidence.**
Testimony of expert builder *held* sufficient to sustain verdict for damages because of lessee's failure to restore demised premises to their original state.—Lazarus v. Ludwig (Sup.) 365.

Evidence considered, and *held* a statement of facts, and not an opinion.—Dean v. City of New York (Sup.) 374.

A question as to when defendant had learned that he had been making overpayments on a mortgage *held* properly excluded, as calling for a conclusion.—Rowley v. Parsons (Sup.) 392.

Expert testimony that injuries sustained were liable to result in a permanent loss of strength, and that danger existed that certain complications might arise, is conjectural and speculative, and inadmissible to prove the permanency of such injuries.—Bellemare v. Third Ave. R. Co. (Sup.) 981.

Where the contestants of a will fail to introduce evidence of the existence, prior to the time the will was executed, of all the conditions upon which they propounded hypothetical questions to experts, such questions will be stricken out.—In re King's Will (Sur.) 238.

The testimony of experts as to the value of lost watch case, as determined from the value of a case of a similar design, is admissible.—Cuebas v. Klein (City Ct. N. Y.) 923.

Testimony of an expert as to the value of a lost watch case, as determined from the value of a case of similar design, *held* admissible, without hypothetical questions. — Cuebas v. Klein (City Ct. N. Y.) 923.

**8. Weight and sufficiency.**
Whether testimony is to be credited, despite inconsistent statements, is a matter resting with the trial justice.—Lazarus v. Spencer (Sup.) 78.

## EXAMINATION.

adverse party before trial, see "Discovery," 1.
expert witnesses, see "Evidence," § 7.
witnesses in general, see "Witnesses," § 2.

## EXCEPTIONS.

To pleading, see "Pleading," § 3.

## EXCEPTIONS, BILL OF.

Necessity for purpose of review, see "Appeal," § 4.
Taking exceptions at trial, see "Trial," § 3.

## EXCESSIVE DAMAGES.

See "Damages," § 3.

## EXCHANGES.

Information as to transactions on a stock exchange, which is a private voluntary association, is not public property, so as to entitle a person not a member to compel the furnishing of such information.—In re Renville (Sup.) 549.

## EXCISE.

Regulation of traffic in intoxicating liquors, see "Intoxicating Liquors."

## EXECUTION.

**§ 1. Supplementary proceedings.**
Direction of a judgment debtor to her subtenant to pay rent to the debtor's landlord *held* contempt of an injunction in supplementary proceedings restraining her from disposing of her property.—Browning v. Chadwick (City Ct. N. Y.) 246.

**§ 2. Execution against the person.**
Code Civ. Proc. § 1377, *held* not to require, as a condition for issuing a body execution after the lapse of five years, that a previous execution of the same kind should have been issued and returned within that time.—Quigley v. Baumann (Sup.) 966.

Though more than five years have elapsed since the recovery of a judgment before a body execution is issued, defendant is not entitled to a discharge, under Code Civ. Proc. § 572.—Quigley v. Baumann (Sup.) 966.

## EXECUTORS AND ADMINISTRATORS.

See "Wills."
Testamentary trustees, see "Trusts."

**§ 1. Administration in general.**
While the probate of the will is pending on appeal in the court of appeals, special administrator may be appointed, under Code, § 2582.—In re Gihon's Will (Sur.) 244.

**§ 2. Appointment, qualification, and tenure.**
An executor will not be removed, as such, because the estate became liable to pay money lost by him as guardian of another estate.—In re Kasson's Estate (Sup.) 569.

Where it is to the interest of an estate to appoint an executor, charged with having unduly

influenced the testator to make a will, as special administrator pending contest of the will, and most of the parties interested desire his appointment, he should be appointed.—In re Hilton's Will (Sur.) 1073.

**§ 3. Collection and management of estate.**

Clause in will *held* not to authorize executor to make investments outside the state, and in Western lands.—In re Harmon's Estate (Sup.) 50; Reed v. Stevens, Id.

Where property of deceased is sold nominally to another, but really to the administrator, the latter is accountable for its real value.—In re Yetter (Sup.) 175.

Assignment of a mortgage, taken by an executor in trust for heirs, as executor, *held* to convey the entire interest, though he did not execute it also as a trustee.—Washburn v. Benedict (Sup.) 387.

An executor is not relieved from misapplication of funds by an agreement of distributees to indemnify him for loss by any action against the estate.—Reilly v. Porcher (Sup.) 662.

Legatees *held* not entitled to have legacy paid by residuary legatee, where latter's co-executor embezzled funds set aside for purpose of paying legacies.—In re Smith (Sup.) 716.

Temporary administrator must deposit moneys in a trust company, and, on failure to do so, is chargeable with interest.—In re Philp's Estate (Sur.) 241.

Temporary administrator *held* not justified in paying a creditor in full, where decedent's personalty was insufficient to pay all his debts.—In re Philp's Estate (Sur.) 241.

Where a temporary administrator paid creditor more than his share of decedent's assets, he was chargeable with the excess and interest.—In re Philp's Estate (Sur.) 241.

**§ 4. Allowance and payment of claims.**

Plaintiff *held* to waive right to costs, in prosecuting claim against decedent. by commencing action less than 5 months and 20 days after rejection of claim.—Hart v. Hart (Sup.) 131.

Where claimant presented his claim, verified in conformity to Code Civ. Proc. § 2718, certifying that it was not paid, payment must be shown affirmatively by the executor.—In re Rowell (Sup.) 382.

Plaintiff cannot enjoin the enforcement of a decree, where he had an adequate remedy by appeal.—Reilly v. Porcher (Sup.) 662.

**§ 5. Sales and conveyances under order of court.**

Where an administrator received personal assets in excess of the debts and funeral expenses of the deceased, the estate cannot be sold to pay administration expenses of any debts incurred by the administrator after the death of the intestate.—In re Quatlander's Estate (Sur.) 1064.

**§ 6. Actions.**

A complaint against administrators with will annexed to recover a legacy *held* to state a cause of action.—Weatherwax v. Shields (Sup.) 594.

On reference by surrogate, *held* error to insert in order that petitioner had unbarred claim; that being a question to be determined on report of referee.—In re Hale's Estate (Sup.) 596.

On application to remove executor, surrogate can order a reference to obtain needed information on questions of fact.—In re Hale's Estate (Sup.) 596.

Where limited letters of administration were granted to plaintiff, under Code Civ. Proc. § 2664, plaintiff cannot maintain an action unauthorized by his letters.—Kirwin v. Malone (Sup.) 844.

**§ 7. Accounting and settlement.**

Amount of judgment, in action against administrator personally by one claiming an interest in decedent's business, *held* not evidence against administrator on accounting for value of such interest.—In re Yetter (Sup.) 175.

Administrator, taking property of estate, and being sued therefor, *held* not entitled to credit for the judgment against him.—In re Yetter (Sup.) 175.

Allowance of commissions to administrator, when, by misconduct, they might have been denied him, gives him no right to costs.—In re Yetter (Sup.) 175.

A decree on accounting by a surrogate, without filing facts found and conclusions of law, as required by Code Civ. Proc. § 2545, will be reversed.—In re Daymon (Sup.) 997.

A stenographer's fees for services rendered an estate, before a stipulation was entered into to pay such fees, cannot be charged against the estate.—In re Maritch's Estate (Sur.) 237.

Where the widow was not a party to a stipulation to pay stenographer's fees out of the estate, such fees will be charged against the estate, exclusive of the share therein of the widow.—In re Maritch's Estate (Sur.) 237.

The provisions of Code, § 2743, do not apply to an accounting by a temporary administrator.—In re Philp's Estate (Sur.) 241.

**§ 8. Liabilities on administration bonds.**

Administrator *held* not released, as such, by direction to retain funds till further order, and until appointment of committee of the heir.—Betts v. Avery (Sup.) 525.

Limitations against an action to recover money from an administrator and his bondsmen *held* to run from the date of the order discharging him on payment of balance due to the heir.—Betts v. Avery (Sup.) 525.

Settlement of an administrator's accounts, and a direction that he pay over to the person entitled to receive the balance found due, does not release the sureties on his bond till he has actually paid over the money.—Betts v. Avery (Sup.) 525.

Sureties of an insolvent administrator must, though a co-administrator is sole distributee, make good a loss on his failure to pay over a sum in his exclusive control, deposited by him in his private bank, knowing its insolvency.—In re Adams (Sur.) 751.

## EXPERT TESTIMONY.

In civil actions, see "Evidence," § 7.

## FEES.

Foreclosure, see "Mortgages," § 6.
Of attorney, see "Attorney and Client," § 2.
Probate proceedings, see "Wills," § 3.

## FELLOW SERVANTS.

See "Master and Servant," § 6.

## FINDINGS.

On reference, see "Reference," § 2.
Review on appeal, see "Appeal," § 17.

## FOLLOWING TRUST PROPERTY.

See "Trusts," § 6.

## FORECLOSURE.

Of lien, see "Mechanics' Liens," § 6.
Of mortgage, see "Mortgages," § 6.

## FOREIGN CORPORATIONS.

See "Corporations," § 9.

## FORFEITURES.

Of franchise, see "Corporations," § 8.

## FORMER ADJUDICATION.

See "Judgment," § 6.

## FORMS OF ACTION.

See "Action," § 2.

## FRANCHISES.

Corporate franchises, see "Corporations," § 2.

## FRAUD.

See "Fraudulent Conveyances."

**§ 1. Actions.**
In an action to recover for fraudulent representations in a sale of corporate stock, the measure of damages is the difference in its real value at the time of the sale and the price paid.—Mahoney v. O'Neil (Sup.) 69.

**§ 2. Criminal responsibility.**
Resulting damages are essential to render one guilty of the crime of fraud.—People v. Kane (Sup.) 632.

## FRAUDS, STATUTE OF.

**§ 1. Promises to answer for debt, default, or miscarriage of another.**
A parol agreement by owners of a building to pay laborers, if they would continue work thereon, was not within the statute of frauds, although they were employed by a contractor.—Almond v. Hart (Sup.) 849.

**§ 2. Agreements not to be performed within one year.**
An oral contract for a lease for one year in futuro, the time intermediate the making of the lease and the taking possession being no part of the term, is not within the statute.—Nerter v. Muser (Sup.) 61.

**§ 3. Pleading and evidence.**
The statute of frauds must be pleaded to be available as defense.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

In actions in justices' courts, the statute of frauds may be taken advantage of without being pleaded.—Campbell v. Porter (Sup.) 712.

## FRAUDULENT CONVEYANCES.

By bankrupt, see "Bankruptcy," § 1.

**§ 1. Transfers and transactions invalid.**
In an action to set aside a deed from a mother to her daughter, where the consideration was money, converted by the mother, which belonged to the daughter, *held*, judgment for defendant should be affirmed.—National Bank v. Bonnell (Sup.) 521.

A mortgagee's failure to record a mortgage, or to mention it in answer to inquiries as to the mortgagor's financial standing, furnishes no ground for declaring it invalid.—Hardin v. Dolge (Sup.) 753.

A conveyance from husband to wife *held* not made with intent to hinder and defraud creditors.—Guy v. Craighead (Sup.) 988.

Fraud must exist in the minds of both parties to invalidate a conveyance.—Ravin v. Subin (City Ct. N. Y.) 1104.

That the seller intended to defraud his creditors by the sale would not make it fraudulent, unless the buyer had notice of the intention and was a party to the fraud.—Ravin v. Subin (City Ct. N. Y.) 1104.

**§ 2. Remedies of creditors.**
Evidence *held* to justify a finding that a transfer was intended to hinder and delay creditors.—Gennerich v. Voigt (Sup.) 620.

Fraud, to invalidate a conveyance, may be deduced from indirect testimony.—Ravin v. Subin (City Ct. N. Y.) 1104.

## GIFTS.

Charitable gifts, see "Charities."

**§ 1. Causa mortis.**
Deed *held* an absolute gift, and not a testamentary disposition.—Ranken v. Donovan (Sup.) 542.

## GRAND JURY.

See "Indictment and Information."

## GUARDIAN AND WARD.

**§ 1. Appointment, qualification, and tenure of guardian.**

A general guardian, who has given bond, as required by Code Civ. Proc. § 2830, upon his appointment, must, nevertheless, before receiving a legacy or distributive share coming to the minor, execute a new bond, under section 2746. —In re Mills (Sur.) 243.

## HABEAS CORPUS.

**§ 1. Jurisdiction, proceedings, and relief.**

A sheriff *held* not justified in releasing an executrix committed to custody for default, and in making no effort to retake her.—In re Leggat (Sur.) 1093.

## HARMLESS ERROR.

In civil actions, see "Appeal," § 18.

## HIGHWAYS.

Accidents at railroad crossings, see "Railroads," § 1.

**§ 1. Highway districts and officers.**

Conceding that highways may be taken as county roads in counties of less than 200,000 square miles, the power of local authorities over a county road must be found in the statute under which it is taken.—Gaedeke v. Staten Island M. R. Co. (Sup.) 290.

**§ 2. Regulation and use for travel.**

In a suit for injuries caused by a known defect, *held* error to dismiss complaint, where there was evidence that plaintiff exercised due care.—Rysdyke v. Town of Mt. Hope (Sup.) 645.

## HUSBAND AND WIFE.

See "Divorce"; "Marriage."

**§ 1. Mutual rights, duties, and liabilities.**

A wife purchasing groceries for the family is presumed to act as her husband's agent.—Bradt v. Shull (Sup.) 484.

**§ 2. Disabilities and privileges of coverture.**

A husband is not liable for the act of his wife in causing a dog to bite a child, when there is no evidence that the act was done by his coercion or instigation.—Strubing v. Mahar (Sup.) 799.

**§ 3. Wife's separate estate.**

Evidence *held* not sufficient to show that a lessor's husband was authorized to contract for improvements, so as to entitle the lessee to set up a bill for the same as a counterclaim to the wife's action for rent.—Aarons v. Klein (Sup.) 119.

The title acquired by a married woman at foreclosure of premises on which her husband holds a second mortgage as trustee *held* not voidable.—Potter v. Sachs (Sup.) 426.

A husband is liable for groceries purchased for the family by his wife; but, without an agreement to become personally responsible, she is not liable for groceries purchased either by herself or her husband.—Bradt v. Shull (Sup.) 484.

**§ 4. Separation and separate maintenance.**

A wife is not entitled to alimony and counsel fees when her grounds for divorce previously gave rise to an agreement of voluntary separation, under which the husband paid money to her.—Curtis v. Curtis (Sup.) 59.

A contract between husband and wife, based upon an agreement that they shall thereafter live separate and apart, is void, as against public policy.—Poillon v. Poillon (Sup.) 582.

Under Laws 1896, c. 272, a contract between a husband and wife, made after they have separated, and while they are living separate and apart, will not be enforced, unless the agreement is made with a trustee for the wife.—Poillon v. Poillon (Sup.) 582.

## ILLEGITIMATE CHILDREN.

See "Bastards."

## IMPLIED CONTRACTS.

See "Money Received."

## IMPRISONMENT.

Habeas corpus, see "Habeas Corpus."

## IMPUTED NEGLIGENCE.

See "Negligence," § 2.

## INCOMPETENT PERSONS.

See "Insane Persons."

## INCORPORATION.

See "Corporations," § 1.

## INDEMNITY.

Against mechanic's lien, see "Mechanics' Liens," § 7.

Obligors on an indemnity bond *held* not liable.—Beere v. Mayer (City Ct. N. Y.) 926.

## INDIANS.

Under Act Cong. Feb. 19, 1875, as amended by Act Cong. Sept. 30, 1890, a lease of reserved

lands of the Seneca Nation for 99 years, in renewal of prior leases to assignors of the lessee, *held* valid.—Shongo v. Miller (Sup.) 281.

Where wampum belts belonging to an Indian league were left in the "wampum keeper's" possession as individual owner on dissolution of the league, and he sold them, *held*, that individual Indians belonging to one of the tribes composing the league could not recover them from the purchaser.—Onondaga Nation v. Thacher (Sup.) 1027.

Under Indian Laws 1892, c. 679, individual Indians have capacity to sue in the state courts, except as limited in said act.—Onondaga Nation v. Thacher (Sup.) 1027.

An Indian tribe has no capacity to sue in relation to tribal rights without statutory authority.—Onondaga Nation v. Thacher (Sup.) 1027.

# INDICTMENT AND INFORMATION.

### § 1. Requisites and sufficiency of accusation.

The rule that it is sufficient for an indictment to charge in the words of the statute does not apply, where the statute does not define the offense.—People v. Kane (Sup.) 632.

### § 2. Joinder of parties, offenses, and counts, duplicity, and election.

Under Code Cr. Proc. §§ 278, 279, an indictment consisting of one count, one paragraph of which charges facts inconsistent with the facts charged in another paragraph, is bad.—People v. Kane (Sup.) 105.

An indictment charging several offenses is not duplicitous, where the facts alleged are insufficient to show defendant guilty of more than one offense.—People v. Kane (Sup.) 632.

An indictment may not be duplicitous, though it sets forth different acts committed necessarily at different times.—People v. Kane (Sup.) 632.

An indictment is not duplicitous, though it alleges all of several breaches of a statute in a single count, employing "and," when the statute reads "or."—People v. Kane (Sup.) 632.

# INDORSEMENT.

Of bill of exchange or promissory note, see "Bills and Notes," § 3.

# INFANTS.

See "Guardian and Ward."

# INFERIOR COURTS.

See "Courts," § 2.

# INFORMATION.

Criminal accusation, see "Indictment and Information."

# INFRINGEMENT.

Of trade-mark, see "Trade-Marks and Trade-Names," § 2.

# INJUNCTION.

### § 1. Subjects of protection and relief.

Allegations of a complaint *held* not to show sufficient facts upon which to base an injunction.—Castle v. Bell Tel. Co. (Sup.) 743.

Injunction granted to restrain operation of pumping station.—Forbell v. City of New York (Sup.) 1005.

# INNKEEPERS.

Misconduct or immorality of a guest in a hotel *held* not to bar his right to recover for loss subsequent thereto.—Lucia v. Omel (Sup.) 659.

An innkeeper is liable for the loss of goods of his guest, not caused by the act of God, the common enemy, or the guest's neglect.—Lucia v. Omel (Sup.) 659.

Evidence *held* not to show want of ordinary care by a restaurant keeper, entitling a customer to recover for an overcoat lost in restaurant.—Montgomery v. Ladjing (Sup.) 840.

Action of a customer in a restaurant hanging his overcoat on a hook *held* not to constitute a bailment. — Montgomery v. Ladjing (Sup.) 840.

# INSANE PERSONS.

### § 1. Guardianship.

A court exercising equity jurisdiction may, without statutory authority, on the application of a committee of an incompetent person, discharge him from his trust after the incompetent's death.—Downing v. Whitney (Sup.) 540.

Under Code Civ. Proc. § 2344, it is the duty of a committee of an incompetent person to render an accounting of his trust after the incompetent's death.—Downing v. Whitney (Sup.) 540.

### § 2. Contracts.

An assignee of property transferred in consideration of the support of an insane person *held* entitled to compensation therefor as condition of its return.—Gilgallon v. Bishop (Sup.) 467.

# INSOLVENCY.

See "Assignments for Benefit of Creditors."
Of corporation, see "Corporations," § 7.

# INSPECTION.

Of writings, see "Discovery," § 1.

# INSTRUCTIONS.

In civil actions, see "Trial," § 5.

## INSURANCE.

**§ 1.  Insurance agents and brokers.**

Evidence *held* to estop an insurance company from insisting on a forfeiture because of a failure to comply with certain stipulations as to assignment of policy.—Northam v. International Ins. Co. (Sup.) 45.

**§ 2.  Forfeiture of policy for breach of promissory warranty, covenant, or condition subsequent.**

There is no breach of warranty that statement in application for life insurance was true, where defendant stated his occupation as storekeeper, where he kept a dry-goods store, though part of the time and afterwards he was a glass polisher.—Perrin v. Prudential Ins. Co. (City Ct. N. Y.) 249.

**§ 3.  Actions on policies.**

One holding a lease as security for a debt is not a necessary party to an action on a policy on property covered by the lease.—Northam v. International Ins. Co. (Sup.) 45.

**§ 4.  Reinsurance.**

It cannot be presumed that a risk covered by reinsurance under a marine policy was the same as that of the original policy.—Insurance Co. of State of Pennsylvania v. Telfair (Sup.) 322.

**§ 5.  Mutual benefit insurance.**

Provision in beneficiary certificate that no length of absence or disappearance of member, without proof of actual death, shall entitle beneficiary to recover, *held* not invalid, as repugnant to law or public policy.—Kelly v. Supreme Council of Mut. Ben. Ass'n (Sup.) 394.

Defense that beneficiary certificate required action to be brought within two years after member's death, though inconsistent with provision against recovery, except on proof of actual death, *held* not demurrable.—Kelly v. Supreme Council of Mut. Ben. Ass'n (Sup.) 394.

Cause of action on life policy *held* not to accrue until after proof of death given society.—Kelly v. Supreme Council of Mut. Ben. Ass'n (Sup.) 394.

An application for life insurance in a mutual assessment association having provided that the constitution and by-laws of the company were a part of the policy, they are admissible in evidence in an action on a policy.—Willison v. Jewelers' & Tradesmen's Co. (City Ct. N. Y.) 1125.

Under a provision in the by-laws of an insurance company that the policy does not take effect until 30 days after it is issued, there could be no recovery on a policy for a death occurring before that time.—Willison v. Jewelers' & Tradesmen's Co. (City Ct. N. Y.) 1125.

## INTENT.

Fraudulent, see "Fraudulent Conveyances," § 1.

## INTERNATIONAL LAW.

State courts have no jurisdiction of an action against a foreign sovereign state or a political subdivision thereof.—Hassard v. United States of Mexico (Sup.) 939.

## INTERPLEADER.

**§ 1.  Right to interpleader.**

Application to interplead *held* properly denied.—Kreiser v. City of New York (Sup.) 329.

## INTESTACY.

See "Descent and Distribution."

## INTOXICATING LIQUORS.

**§ 1.  Licenses and taxes.**

The holder of a liquor license is not entitled to a trial of the issues by jury in summary proceedings, under Laws 1896, c. 112, § 28, for revoking or canceling the same.—Lyman v. Erie County Athletic Club (Sup.) 884.

Where the holder of a liquor tax certificate is not diligent and watchful in seeing that his orders not to sell liquors on Sunday are obeyed, his certificate will be revoked.—In re Lyman (Sup.) 946.

Under Liquor Tax Law, § 28, a supreme court justice has no authority, on certiorari to review a county treasurer's refusal to grant a liquor tax certificate, to inquire into the legality of an election on the question of local option.—People v. Hamilton (Sup.) 979.

Under Laws 1896, c. 112, § 13, and Laws 1898, c. 125, the town of Plattsburg *held* entitled to only two-thirds of the revenue derived from liquor tax certificates issued in that town.—People v. Williams (Sup.) 983.

A liquor tax certificate is property.—Frank v Forgotston (City Ct. N. Y.) 1118.

## JOINDER.

Of causes of action, see "Action," § 3.
Of parties in civil actions, see "Parties," § 1.

## JOINT ADVENTURES.

Rescission of contract *held* to constitute sufi cient consideration for note.—McLeod v. Hunt (Sup.) 73.

## JUDGES.

See "Courts."

**§ 1.  Rights, powers, duties, and liabi ities.**

Where there is a fixed salary attached to t office of judge of a court, the incumbent is titled to salary from the date of his appoi ment, whether he performed any duties or not Goetting v. City of New York (Sup.) 334.

## JUDGMENT.

In replevin, see "Replevin," § 2.
On appeal, see "Appeal," § 21.
Review, see "Appeal."

## § 1. By confession.

Withholding a judgment confession from record *held* not to create a preference, as against subsequent chattel mortgagees.—Robinson v. Hawley (Sup.) 138.

A judgment debtor and subsequent chattel mortgagees *held* not entitled to impeach a judgment statement on the ground that the ownership of the debt was not truly stated.—Robinson v. Hawley (Sup.) 138.

## § 2. On consent, offer, or admission.

Code Civ. Proc. § 974, providing for the trial of issues arising upon counterclaim, does not apply where the counterclaim is filed after an offer of judgment, and within the 10 days allowed by Code Civ. Proc. § 738, for its acceptance; the offer being accepted and judgment entered within the prescribed time.— United States Trust Co. v. Hodgson (Sup.) 868.

## § 3. By default.

Default in failing to serve reply cannot be opened, a copy thereof not being annexed to the motion, and affidavit not showing the reply.— Allen v. Fowler & Wells Co. (Sup.) 325.

There is no presumption that a court of general jurisdiction had jurisdiction over the person of the defendant, when it affirmatively appears that an essential step to the vesting of such jurisdiction was omitted.—Bowler v. Ennis (Sup.) 686.

Under Code Civ. Proc. §§ 440, 442, a court has no jurisdiction over a defendant who is served by publication, only, of a summons which does not contain his name.—Bowler v. Ennis (Sup.) 686.

Facts *held* to justify setting aside a default judgment and permitting defendant to answer.— Mutual Life Ins. Co. v. Kroehle (Sup.) 944.

Where the action was based on contract price, it was error, on default, to render judgment on quantum meruit for a greater amount than justified by the complaint.—Reidy v. Bleistift City Ct. N. Y.) 915.

## 4. Opening or vacating.

A judgment will be vacated, if based on perjured testimony, inspired and manufactured by counsel.—Nugent v. Metropolitan St. Ry. Co. (Sup.) 476.

## 5. Collateral attack.

A party to a proceeding, in which it was decreed that certain judgments against him were valid liens upon his interests in certain property, cannot afterwards, when he fails to make such defense in such proceeding, claim that said liens invalid because, in the actions in which judgments were obtained, he was not served with summons.—Treacy v. Ellis (Sup.) 600.

## . Conclusiveness of adjudication.

n order of an English court approving a reorganization scheme of a corporation *held* not binding on a stockholder, in an action by the corporation against him in this country to recover for call.—Bank of China, Japan & The Straits v. Morse (Sup.) 268.

Judgment against plaintiff in replevin is binding against his sureties.—Christiansen v. Mendel (Sup.) 326.

Under Code, § 2240, subd. 3, a judgment in summary proceedings, rendered on service made by fixing a copy of the precept on a conspicuous part of the property in controversy, is equally as conclusive as if rendered on personal service.—McCotter v. Flinn (Sup.) 786.

A judgment taken by default in summary proceedings for the nonpayment of rent is conclusive between the parties that the relation of landlord and tenant existed.—McCotter v. Flinn (Sup.) 786.

The court *held* not bound by a former direction of a surrogate concerning a point not before him for decision.—In re McCahill (Sur.) 1071.

# JUDICIAL NOTICE.

In civil actions, see "Evidence," § 1.

# JUDICIAL SALES.

Of property of decedent, see "Executors and Administrators," § 5.

# JURISDICTION.

Jurisdiction of particular actions or proceedings, see "Mandamus," § 3.
—— criminal prosecutions, see "Criminal Law," § 1.
Particular courts, see "Courts."

# JURY.

Disqualification or misconduct ground for new trial, see "New Trial," § 1.
Instructions in civil actions, see "Trial," § 5.
Taking case or question from jury at trial, see "Trial," § 4.

## § 1. Right to trial by jury.

Where the charter of a city gives the recorder's court jurisdiction to try a person charged with being a disorderly person, a defendant has no constitutional right to trial by jury.—People v. Iverson (Sup.) 220.

In proceeding to enforce an attorney's lien, under Code Civ. Proc. § 66, no jury trial is allowable.—Schriever v. Brooklyn Heights R. Co. (Sup.) 890.

# JUSTICES OF THE PEACE.

## § 1. Appointment, qualification, and tenure.

Laws 1897, c. 439, abrogating in certain counties unexpired terms of justices, and providing for the election of their successors, *held* unconstitutional and void as to both propositions.— People v. Treacy (Sup.) 288.

## § 2. Review of proceedings.

Under Code Civ. Proc. §§ 2951–2954, 2957, the allegations of an answer, on removal of action from justice to court of record, *held* properly stricken out.—Jones v. Reilly (Sup.) 67.

## JUSTIFICATION.

Of actionable words, see "Libel and Slander," § 3.

## KNOWLEDGE.

By grantee of fraud in conveyance, see "Fraudulent Conveyances," § 1.

## LANDLORD AND TENANT.

### § 1. Creation and existence of the relation.

An agreement for a lease, which the landlord subsequently refused to enter into, of property thereafter conveyed to a third party, to whom the tenant with whom such agreement was made paid the rent claimed to be due, does not show the relation of landlord and tenant.—McLoughlin v. Steurwald (Sup.) 872.

### § 2. Leases and agreements in general.

A demise without restriction as to lessor's interest or title embraces whatever interest he has or may afterwards acquire.—Geneva Mineral Springs Co. v. Coursey (Sup.) 98.

Payment by a prospective tenant of a certain sum in advance *held* not an acceptance of the lease.—Flommerfelt v. Englander (Sup.) 187.

### § 3. Terms for years.

A bond for the performance of covenant to renew a lease must be construed in connection with the lease.—John Polhemus Printing Co. v. Hallenbeck (Sup.) 1056.

### § 4. Tenancies from year to year and month to month.

A lease *held* to create a tenancy from month to month, and hence the landlord was entitled to terminate the same at the expiration of any monthly period.—Vernon v. Gilbert (Sup.) 896.

### § 5. Premises, and enjoyment and use thereof.

Where issue was whether lessors had waived a lessee's liability to restore demised premises to their original state, *held* not error to exclude a new lease which contained no waiver of his liability.—Lazarus v. Ludwig (Sup.) 365.

A lessee's liability to restore premises to original state at end of term was not waived by lessor's act in extending time of performance.—Lazarus v. Ludwig (Sup.) 365.

Neither landlord nor contractor is liable to a tenant for damages occasioned by the interruption of his business necessarily caused by the necessary repairing of the leased premises.—Campbell v. Porter (Sup.) 712.

Contractor repairing leased premises must prosecute the work so as not to unnecessarily interfere with the business of the tenant, and, if he does not, will be answerable to the tenant in damages.—Campbell v. Porter (Sup.) 712.

Evidence *held* insufficient to show a constructive eviction of a tenant.—Finck v. Rogers (Sup.) 866.

Landlord, who lets store and basement, is not liable to third persons for the tenant's management of the cellar door.—Schroeck v. Reiss (Sup.) 1054.

It was error to dismiss plaintiff's complaint against the landlord to recover damages for leakage from the floor above into the premises occupied by plaintiff.—Levy v. Korn (City Ct. N. Y.) 1109.

A boy, attempting to get his hat from a hole under a grating appurtenant to defendant's premises, *held* not guilty of contributory negligence, precluding a recovery for injuries caused by the dangerous position of the grating.—Finnigan v. Biehl (City Ct. N. Y.) 1116.

A landowner *held* liable for injuries caused by his negligently permitting a grating over a hole appurtenant to his premises to be tilted in a dangerous position.—Finnigan v. Biehl (City Ct. N. Y.) 1116.

A landlord *held* liable to third persons for injuries caused by negligently permitting a grating used to cover a hole appurtenant to the demised premises to be tilted.—Finnigan v. Biehl (City Ct. N. Y.) 1116.

### § 6. Rent and advances.

A tenant *held* not entitled, under terms of lease, to damages by reason of failure of landlord to keep premises in repair.—Sonn v. Weissmann (Sup.) 78.

Where any portion of rent payable in advance is due and unpaid, a summary proceeding for nonpayment of rent is not premature.—Bennett v. Nick (Sup.) 106.

A magistrate has no power, in a summary proceeding for nonpayment of rent, to render a judgment for the recovery of rent.—Bennett v. Nick (Sup.) 106.

Where a landlord makes a new lease with another tenant, on the original tenant becoming security thereon, he cannot recover on the original lease.—James v. Coe (City Ct. N. Y.) 1099.

### § 7. Re-entry and recovery of possession by landlord.

In a summary proceeding to obtain possession of land, an answer alleging that plaintiff on certain day "agreed" to let the land to defendant is no defense.—Salomon v. Weisberg (Sup.) 60.

An implied agreement to relet demised premises surrendered by the tenant for the latter's account is not sustained by the fact that, on receipt of the keys, the landlord indicated his intention to sue.—Gaffney v. Paul (Sup.) 173.

Without an agreement, a landlord cannot relet demised premises on surrender by the tenant and, if he does so, the tenant is not responsible for any loss of rent.—Gaffney v. Paul (Sup.) 17

A landlord cannot recover judgment for rent in arrear against tenant in a summary proceeding to dispossess.—Spiro v. Barkin (Sup.) 87

A landlord, having accepted his tenant's note and given a receipt in payment of rent to accrue, *held* not entitled to maintain a summary proceeding to dispossess the tenant prior to the maturity of the note.—Spiro v. Barkin (Sup.) 8

# LAW OF NATIONS.

See "International Law."

# LEASES.

See "Landlord and Tenant."

# LEGACIES.

See "Wills."

# LEVY.

Of attachment, see "Attachment," § 4.

# LIBEL AND SLANDER.

**§ 1. Words and acts actionable, and liability therefor.**
Where words are not libelous per se, it is for the jury to determine in what sense they were uttered and understood.—Payne v. Rouss (Sup.) 705.

**§ 2. Privileged communications, and malice therein.**
Words in brief are not privileged, unless pertinent to the issue.—Sickles v. Kling (Sup.) 647.

. Though a libelous letter may be held by the court to be prima facie privileged, the writer's good faith and belief in statements made, and existence of actual malice, are for the jury.—Payne v. Rouss (Sup.) 705.

A communication of the fact that plaintiff had "questionable connections" in the place where he was employed by defendant, made in a letter to one who had recommended him, to show that he was mistaken, and that plaintiff was unworthy of confidence, held not privileged.—Payne v. Rouss (Sup.) 705.

**3. Justification and mitigation.**
Charge that if defendant, in a prosecution for bel, justifying on infringement of his trademark, had a trade-mark, that ended plaintiff's use, was error, since the question of infringement and whether the words uttered were justifiable was for the jury.—Stern v. Barrett hemical Co. (Sup.) 221.

**4. Actions.**
Plaintiff cannot be required to aver under what circumstances the words were published.—Sickles Kling (Sup.) 647.

A libel recklessly or carelessly published, or induced by personal ill will, will support an award punitive damages.—Payne v. Rouss (Sup.) 5.

A judgment for $5,000 for writing a letter charging plaintiff with dishonesty and moral delinquency is not excessive.—Payne v. Rouss up.) 705.

# LICENSES.

r sale of intoxicating liquors, see "Intoxicating Liquors," § 1.

# LIENS.

Particular classes of liens, see "Attorney and Client," § 2; "Mechanics' Liens."

The right to an equitable lien held not affected by the fact that the lienor had already replevied the property, and sold it, and holds the proceeds.—National Bank of Deposit v. Rogers (Sup.) 155.

Where borrowers agreed to give as security property not owned by them, an equitable lien attached to it as soon as they acquired title.—National Bank of Deposit v. Rogers (Sup.) 155.

The complaint in an action to establish an equitable lien to secure a debt need only show the existence of the debt. It need not be alleged to be due.—National Bank of Deposit v. Rogers (Sup.) 155.

A defendant to an action of replevin, who had demurred and been discharged, held not a necessary party to a subsequent action to establish a lien on the same property.—National Bank of Deposit v. Rogers (Sup.) 155.

The complaint in an action to establish an equitable lien to secure a debt need not distinctly allege that the property ever became the debtor's, where facts are alleged from which the debtor's equitable obligation might be declared.—National Bank of Deposit v. Rogers (Sup.) 155.

# LIFE ESTATES.

Mortgagee of life tenant, under Sup. Ct. Rule 70, may take a gross sum as life tenant's interest in money from a surplus arising from sale of land under a prior mortgage.—Jermain v. Sharpe (Sup.) 700.

Right of life tenant to take a sum in gross, in lieu of annual income, where money is the subject of the life estate, is not affected by the fact that the remainder estate is to go to unborn children.—Jermain v. Sharpe (Sup.) 700.

# LIMITATION OF ACTIONS.

**§ 1. Statutes of limitation.**
Payment, by grantee of one of several tracts included in a mortgage, of interest on the debts secured thereby, held not to prevent the statute from running in favor of the mortgagor and his grantee on the other tracts.—Broughton v. Van Valkenburgh (Sup.) 574.

# LIMITATION OF LIABILITY.

Of carrier, see "Carriers," § 1.

# LIQUOR SELLING.

See "Intoxicating Liquors."

# LIVERY STABLE KEEPERS.

Where a livery stable keeper accepted cash and a secured note in settlement of a debt due him for keeping a horse, and consented that

plaintiff should have possession, his lien on the property is lost.—Darling v. Hunt (Sup.) 278.

## LOCAL ACTIONS.

See "Venue," § 1.

## LOST INSTRUMENTS.

Probate or establishment of lost wills, see "Wills," § 3.

## LUNATICS.

See "Insane Persons."

## MACHINERY.

Liability of employer for defects, see "Master and Servant," § 5.
Production and use of electricity, see "Electricity."

## MALICE.

See "Libel and Slander," § 2.

## MANDAMUS.

**§ 1. Nature and grounds in general.**
A remedy by presentation of a claim against the state to the court of claims *held* not so complete and adequate as to preclude plaintiff's right to mandamus, under Laws 1895, c. 79, § 5, and Code Civ. Proc. § 264.—People v. Roberts (Sup.) 148.

Mandamus will not lie to command a board of canvassers to declare relator elected to an office, where it involves a question of which the board has no jurisdiction.—People v. Board of Canvassers of Town of Courtlandt (Sup.) 727.

**§ 2. Subjects and purposes of relief.**
An inspector of electrical appliances of the city of New York, wrongfully removed by the commissioner of public buildings, lighting, and supplies, *held* entitled to compel his reinstatement by mandamus against such commissioner.—People v. Kearney (Sup.) 41.

Under Laws 1895, c. 79, § 5, mandamus will lie to compel the state comptroller to issue a warrant on the treasurer for an amount certified by the superintendent of public works.—People v. Roberts (Sup.) 148.

Since officers not appointed under Laws 1899, c. 370, are not required to present civil service certificates in order to be entitled to their salaries, such officers are not entitled to mandamus to compel the issuance of certificates.—People v. Knox (Sup.) 472.

A writ of mandamus may be issued to determine whether ballots rejected by the inspector as void shall be counted.—In re Larkin (Sup.) 597.

An officeholder under civil service of New York City, wrongfully removed without notice or hearing required by the rules of civil service commission, *held* entitled to reinstatement on mandamus.—People v. Cram (Sup.) 858.

**§ 3. Jurisdiction, proceedings, and relief.**
Under Code Civ. Proc. § 970, a jury's finding in mandamus that relator had been a member of a volunteer fire department of a city of the state for five years was conclusive.—People v. Kearney (Sup.) 41.

Under Code Civ. Proc. §§ 2077, 2082, a defense not alleged in return cannot be urged on trial of issues in application for mandamus.—People v. Roberts (Sup.) 148.

On a motion for a peremptory writ, statements of opposing affidavits on a disputed question of fact will be taken to be true.—People v. Dalton (Sup.) 263.

Where a statement in the affidavit for mandamus is controverted by an affidavit in defense, the latter must be assumed to be true.—People v. Dillon (Sup.) 537.

Under Election Law, § 110, subd. 3, statements in alternative writ of mandamus to compel a recount of ballots *held* sufficient to warrant its issuance.—In re Larkin (Sup.) 597.

Under Code Civ. Proc. § 2082, questions of error in mandamus proceedings will not be considered on appeal, unless properly presented by a bill of exceptions.—People ex rel. Ging v. Lyman (Sup.) 655.

Members of a city council *held* entitled to employ their own private counsel to defend them on appeal from an order in mandamus against the council, affecting them personally as to costs.—People v. Guggenheimer (Sup.) 961.

Members of a city council *held* entitled to appeal as individuals from a mandatory order in mandamus against the council.—People v. Guggenheimer (Sup.) 961.

An extra allowance of costs cannot be granted in mandamus proceedings.—People v. Hertle (Sup.) 965.

## MANDATE.

See "Mandamus."

## MARRIAGE.

See "Husband and Wife."

Evidence *held* not sufficient to show the perform ance of a ceremonial marriage before the birt of a child.—In re Rawson's Estate (Sur.) 107!

## MARRIED WOMEN.

See "Husband and Wife."

## MARSHALS.

Of United States, see "United States Marshal!

## MASTER AND SERVANT.

See "Work and Labor."

**§ 1. The relation.**
A traveling salesman may be discharged wh he deliberately disobeys instructions, and se

to deceive his employer. — Sabin v. Kendrick (Sup.) 336.

### § 2. Services and compensation.

Counterclaim, in an action by a servant for services, *held* not sufficient to constitute a cause of action for advances claimed by defendant.—Browne v. Empire Type-Setting Mach. Co. (Sup.) 126.

### §§ 3, 4. Master's liability for injuries to servant—Nature and extent in general.

Evidence *held* not to show that the death of a laborer employed to clean switches in a railroad yard was caused by the company's negligence, but by his failure to use ordinary care in the performance of his work.—Moccia v. New York Cent. & H. R. R. Co. (Sup.) 338.

It was not within the reasonable expectation of a master that a child should attempt to adjust material in a swiftly-moving machine, which was in no way connected with the child's work in another part of the factory.—Byrne v. Nye & Wait Carpet Co. (Sup.) 741.

The statute (Laws 1886, c. 409, § 8) does not require every machine to be fenced, but only those which, in reasonable anticipation, may be a source of danger.—Byrne v. Nye & Wait Carpet Co. (Sup.) 741.

Building having fallen by reason of a defective foundation, injuring a workman therein, the owner is liable, unless he show that his architect was competent, and that he relied on him, and did not interfere in the discharge of his duty.—Fox v. Ireland (Sup.) 1061.

### § 5. —— Tools, machinery, appliances, and places for work.

A master *held* not relieved from liability for an accident to his servant from a defective elevator because a proximate cause was the act of a third person, if it would not have occurred but for failure to repair.—Larkin v. Washington Mills Co. (Sup.) 93.

That a servant knew that an appliance was out of order three weeks before using it did not relieve his master from using reasonable care to keep it safe.—Larkin v. Washington Mills Co. (Sup.) 93.

Notice to a clerk of a defect in elevator which injured a porter *held* notice to their employer.—Larkin v. Washington Mills Co. (Sup.) 93.

Defendant's negligence in leaving out of repair an appliance, resulting in injury to plaintiff, his employé, *held* for the jury.—Larkin v. Washington Mills Co. (Sup.) 93.

Circumstances *held* such that plaintiff, employed as a porter for defendant, might reasonably assume that the gate to an elevator used by him had been repaired.—Larkin v. Washington Mills Co. (Sup.) 93.

Question as to negligence of defendant in placing switch beyond a water tank *held* a question for the jury.—Young v. Syracuse, B. & N. Y. R. Co. (Sup.) 202.

Whether a railroad was negligent in unnecessarily placing a switch just beyond a water tank *held* a question for the jury.—Young v. Syracuse, B. & N. Y. R. Co. (Sup.) 202.

A derrick *held* a permanent structure, within the rule that a master must use reasonable care to provide his servant with suitable appliances.—Yaw v. Whitmore (Sup.) 731.

Master *held* negligent in failing to furnish his servant with a safe place to work.—Brown v. Todd (Sup.) 963.

The existence on an elevated trestle of an uncovered coal-bunker hole *held* a peril to which defendant could not properly expose its servants at night, in the absence of sufficient light.—Boyle v. Degnon-McLean Const. Co. (Sup.) 1043.

### § 6. —— Fellow servants.

A yard man and an engineer and brakeman are fellow servants, so that the former cannot recover of the railroad company for injuries caused by the latter's negligence.—Corcoran v. New York, N. H. & H. R. Co. (Sup.) 672.

### § 7. —— Contributory negligence of servant.

The burden of proof is on a servant, in an action for injuries, to prove want of contributory negligence.—Vincent v. Alden (Sup.) 62.

Evidence *held* not to show that a servant, in an action for injuries, was free from contributory negligence.—Vincent v. Alden (Sup.) 62.

Whether engineer of train running into an open switch was guilty of contributory negligence, or had assumed the risk, *held* a question for the jury.—Young v. Syracuse, B. & N. Y. R. Co. (Sup.) 202.

Where plaintiff was injured by the fall of an elevator, occasioned by a defect of which he had knowledge, he cannot recover.—Watson v. Duncan (Sup.) 667.

It may be fairly presumed that if plaintiff, during the day, saw the uncovered coal-bunker hole through which he fell at night, he inferred that it would be covered at night, when not in use.—Boyle v. Degnon-McLean Const. Co. (Sup.) 1043.

### § 8. —— Actions.

Evidence *held* sufficient for the jury on the question whether a master used reasonable care in providing a servant with suitable appliances.—Yaw v. Whitmore (Sup.) 731.

Evidence *held* insufficient to support a finding that a brakeman, killed by striking a covered bridge, was free from contributory negligence, and that his injury was caused by defendant's negligence.—Albring v. New York Cent. & H. R. R. Co. (Sup.) 763.

The question as to whether plaintiff was chargeable with contributory negligence in not avoiding a known danger was properly left to the jury.—Boyle v. Degnon-McLean Const. Co. (Sup.) 1043.

The question of whether plaintiff had assumed a certain risk *held* properly left to the jury.—Boyle v. Degnon-McLean Const. Co. (Sup.) 1043.

### § 9. Liabilities for injuries to third persons.

The driver of a coal wagon, generally employed and paid by the owner of the wagon, *held* the servant of defendant, who hired them from the

owner.—Singer v. McDermott (City Ct. N. Y.) 1111.

In a personal injury case, based on negligent driving by alleged servant of defendant, it was error to exclude evidence that the driver was not in defendant's employ, though plaintiff owned the wagon.—Moore v. Bernstein (City Ct. N. Y.) 1127.

## MEASURE OF DAMAGES.

See "Damages," § 2.

## MECHANICS' LIENS.

**§ 1. Nature, grounds, and subject-matter in general.**

A provision in an order appointing a receiver *held* not to prohibit the filing of a certain mechanic's lien.—In re Simonds Furnace Co. (Sup.) 974.

**§ 2. Right to lien.**

A nonresident has a right, under the mechanic's lien law, to file a lien, when the material furnished was actually used in the construction of a building in New York.—In re Simonds Furnace Co. (Sup.) 974.

**§ 3. Proceedings to perfect.**

Under Laws 1897, c. 418, §§ 16, 40, the court has no jurisdiction to grant leave to file a lien on a monument after the year, as prescribed in the statute, has passed.—Adler v. Lumley (Sup.) 688.

**§ 4. Operation and effect.**

The assignment of a mortgage given to secure a contract price, which does not assign the principal debt, but is simply given to secure an advance equal to one-fourth of the principal debt, does not prevent mechanics' liens, duly filed before payment of the principal debt, from attaching to such debt.—Gass v. Souther (Sup.) 305.

When a mortgage is given as security for the payment of the contract price, the giving of the mortgage in the first instance does not constitute a payment, but it is to be treated as a sum due upon the contract price, to which a lien for materials furnished, filed against the property before the mortgage is paid, will attach.—Gass v. Souther (Sup.) 305.

**§ 5. Waiver, discharge, release, and satisfaction.**

Finding that a mortgage was given as security for, and not as part of, the contract price, *held* supported by the evidence. — Gass v. Souther (Sup.) 305.

**§ 6. Enforcement.**

A complaint is not required to state the filing of a notice, where the facts to be stated in the notice do not exist until the complaint has been filed.—Gass v. Souther (Sup.) 305.

Under Code Civ. Proc. § 3402, and Laws 1897, c. 418, § 9, subd. 7, the failure by a lienholder foreclosing his lien, to make another lienor a party to the action, when discovered, is fatal.—Gass v. Souther (Sup.) 305.

**§ 7. Indemnity against liens.**

Owner of property *held* a necessary party to action on bond to discharge mechanic's lien.—Von Den Driesch v. Rohrig (Sup.) 341.

## MISREPRESENTATION.

See "Fraud."

## MODIFICATION.

Of contract, see "Contracts," § 3.

## MONEY RECEIVED.

Recovery of price paid for land, see "Vendor and Purchaser," § 4.
—— of tax paid, see "Taxation," § 2.

That a receiver told an outside party that there was no indebtedness due him as receiver does not prevent him recovering money wrongfully paid.—Stokes v. Hoffman House (Sup.) 821.

## MONOPOLIES.

Grants of privileges or immunities, see "Constitutional Law," § 2.

## MONTH.

Tenancy from month to month, see "Landlord and Tenant," § 4.

## MORTGAGES.

Personal property, see "Chattel Mortgages."

**§ 1. Requisites and validity.**

Although a deed is absolute in its terms, parol evidence is admissible to show that was given as security for an indebtedness, an that there was a parol agreement that the balance should be returned to the grantor.—Spencer v. Richmond (Sup.) 397.

**§ 2. Recording and registration.**

1 Rev. St. pt. 2, c. 3, § 1, declaring unrecorded conveyances of real property void as to subsequent bona fide purchasers, applies to assignments of real-estate mortgages which are of record.—Davies v. Jones (Sup.) 291.

Though a failure to file a mortgage covering both real and personal property may invalidate it as a chattel mortgage, it does not affect it a lien on realty.—Hardin v. Dolge (Sup.) 753.

**§ 3. Construction and operation.**

The language of a certain mortgage, in light of the situation and relation of the part at the time it was executed, *held* to justify finding that it was to secure certain debt State Bank v. Lighthall (Sup.) 794.

Certain recitals *held* equivalent to a stipulat that defendants should pay a certain sum plaintiff bank, and that, when said bank received it, credit therefor should be given t certain company, and that, until such paym the mortgage should stand as a security to pl tiff therefor.—State Bank v. Lighthall (Sup.)

## § 4. Assignment of mortgage or debt.

Under 1 Rev. St. pt. 2, c. 3, § 1, payment by the mortgagor to a holder of an unrecorded assignment of the mortgage does not operate to defeat the rights of a subsequent bona fide assignee under a recorded assignment.—Davies v. Jones (Sup.) 291.

Facts *held* to excuse the assignee of a mortgage from making further inquiry to ascertain its whereabouts, in order to entitle him to claim as a bona fide purchaser.—Davies v. Jones (Sup.) 291.

Failure of an assignee of a mortgage to give the mortgagor notice of the assignment *held* not evidence of knowledge on the part of the assignee of the existence of a prior unrecorded assignment.—Davies v. Jones (Sup.) 291.

## § 5. Transfer of property mortgaged or of equity of redemption.

Where the owner of six-sevenths of the property covered by a mortgage takes an assignment of the same, a merger does not result, in the absence of evidence of intent.—Ewell v. Hubbard (Sup.) 790.

## § 6. Foreclosure by action.

An allowance of 10 days to the defendant in foreclosure proceedings in which to pay the judgment and costs is reasonable.—Ewell v. Hubbard (Sup.) 790.

An allowance of $40 to a guardian ad litem *held* reasonable, and within the discretion of the court.—Ewell v. Hubbard (Sup.) 790.

Holder of first and second mortgages directed to assign her judgment of foreclosure on the first to the holder of a third mortgage, on the latter giving appropriate security.—Mayer v. Moore (Sup.) 940.

## § 7. Redemption.

Under Code Civ. Proc. § 2232, and Id. tit. 9, c. 7, summary proceedings for possession of real property sold under a judgment foreclosing a mortgage cannot be maintained by a purchaser at foreclosure sale against the mortgagor continuing in possession.—Greene v. Geiger (Sup.) 24.

## MOTIONS.

Change of venue in civil actions, see "Venue," § 2.
Direction of verdict in civil actions, see "Trial," § 4.
Dismissal or nonsuit on trial, see "Trial," § 4.
New trial in civil actions, see "New Trial," § 2.
Opening or setting aside default judgment, see "Judgment," § 3.
Presentation of objections for review, see "Appeal," § 4.
Relating to pleadings, see "Pleading," § 6.
Striking out evidence, see "Trial," § 3.

Under Gen. Rules Prac. No. 3, a plaintiff *held* entitled to have an order set aside, where it is entered without notice to his attorney.—Brady v. Lovell (City Ct. N. Y.) 504.

Where an order is entered without notice to plaintiff's attorney, as required by Gen. Rules Prac. No. 3, plaintiff's remedy is by motion to set aside, though a motion to resettle would be

required, the order was irregularly entered after notice.—Brady v. Lovell (City Ct. N. Y.) 504.

## MULTIPLICITY OF SUITS.

Jurisdiction of equity to avoid, see "Equity," § 1.

## MUNICIPAL CORPORATIONS.

See "Counties"; "Schools and School Districts," § 1; "Towns."
Mandamus, see "Mandamus," § 2.
Ordinances relating to intoxicating liquors, see "Intoxicating Liquors."
Street railroads, see "Street Railroads."

## § 1. Creation, alteration, existence, and dissolution.

A school-district librarian of the town of East Chester *held* not a public officer, but an employé, the burden of whose unexpired contract with the board of education the city of New York assumed under the annexation act.—Bell v. City of New York (Sup.) 709.

## § 2. Proceedings of council or other governing body.

Ordinance providing that steps descending into a cellar, where same are covered, shall be inclosed with rails, does not apply where steps are covered with a set of doors.—Schroeck v. Reiss (Sup.) 1054.

## § 3. Officers, agents, and employés.

Dismissal of a policeman, based on the unsworn testimony of a single witness, materially contradictory to the policeman's statements, is erroneous.—People v. York (Sup.) 400.

Laws 1899, c. 370, and the civil service rules passed in pursuance thereof, in so far as they compel the appointment in the civil service of cities of the person graded highest on the proper eligible list, *held* to conflict with Const. art. 10, § 2, and to nullify the power of appointment conferred thereby.—People v. Mosher (Sup.) 452.

The office of police clerk's assistant of the city of New York is a competitive office within civil service law (Laws 1899, c. 370).—People v. Knox (Sup.) 469.

Appointment of police clerk's assistant, made after civil service law (Laws 1899, c. 370) went into effect, but before regulations and rules for its operation had been prescribed, was invalid.—People v. Knox (Sup.) 469.

Laws 1899, c. 370, requiring officers to obtain certificates of civil service employment in order to recover their salaries, *held* not to apply to an officer not appointed thereunder.—People v. Knox (Sup.) 472.

A village patrolman, who has succeeded to his position as city patrolman under New Rochelle City Charter, could not be removed, except for incompetency or misconduct, though he previously applied for such position under the city government.—People v. Dillon (Sup.) 537.

Under Greater New York Charter, § 299, to entitle a patrolman to the first grade he must have served for five years immediately preceding

the reorganization of the force.—People v. York (Sup.) 547.

A Civil War veteran, discharged on completion of his work ·in a city department, cannot compel his reinstatement in the public service.—People v. Claussen (Sup.) 579.

The position of morgue keeper is within the rule requiring appointment to public office to be evidenced by a writing.—People v. Keller (Sup.) 746.

Where a resolution was passed appointing plaintiff morgue keeper, but no record thereof was made, nor any written authority given plaintiff, there was no appointment.—People v. Keller (Sup.) 746.

## § 4.   Contracts in general.

In absence of fraud on part of city officials, the courts cannot determine whether gravel furnished under a contract with city park commissioners is in accordance with the contract.—Paul v. City of New York (Sup.) 570.

Under New York Charter, §§ 419, 607, a contract to furnish gravel, awarded by the park board and executed by one member of the board, under its authority, is valid.—Paul v. City of New York (Sup.) 570.

Evidence *held* insufficient to show that comptroller had not attached his certificate to a contract, as required by New York Charter, § 419. —Paul v. City of New York (Sup.) 570.

## § 5.   Public improvements.

Offer by city to deduct from cost of repaving street two-thirds of penalty of bond given to it to secure performance of obligation that pavement laid previously would last for 10 years *held* reasonable.—People v. City of Utica (Sup.) 31.

Greater New York Charter, § 413, does not restrict the action of the commissioner of public buildings, lighting, and supplies in making contracts before receiving express authorization from the municipal assembly.—Blank v. Kearny (Sup.) 79.

Under Greater New York Charter, §§ 416, 417, 419, it is not required that the commissioner of public buildings, lighting, and supplies should receive express authorization from the municipal assembly before entering into a contract for the lighting of streets or other public places of the city.—Blank v. Kearny (Sup.) 79.

An assessment of damages for a street improvement will not be disturbed, because of defects in the notice requiring claimants to appear before the assessors, where he was not misled thereby and appeared pursuant to the notice.—People v. Coler (Sup.) 345.

Assessors of damages for a street improvement. who have considered° all the evidence presented by an objector before making their award, are not obliged to reopen the case and hear further evidence.—People v. Coler (Sup.) 345.

An award of damages for a street improvement by a previous assessment board, which was superseded by a new board before the award had ripened into a judgment, *held* not

binding on the new board.—People v. Coler (Sup.) 345.

Contract for draining street construed, and *held*, that it was for work only as shown by the plan annexed to the contract.—Dean v. City of New York (Sup.) 374.

A city *held* not estopped by certificate of completion of public improvement to show the incorrectness thereof.—Dean v. City of New York (Sup.) 374.

Basis for assessing benefits, under Consolidation Act. § 981, for municipal improvements, determined.—In re City of New York (Sup.) 437; In re Whittier St., Id.

The court may dismiss an application for the appointment of commissioners to assess damages, as provided by Laws 1888, c. 345, § 12, where it appears that there is no property injured for which compensation may be lawfully made.— In re Grade-Crossing Com'rs (Sup.) 748.

Owners of nonabutting property, injured by a change of grade of a street, are not entitled to compensation therefor, under Laws 1888, c. 345, § 12.—In re Grade-Crossing Com'rs (Sup.) 748.

## § 6.   Police power and regulations.

Laws 1895, c. 322, § 1, prohibiting use of soft coal within certain portions of a city, *held* a proper exercise of the police power.—City of Brooklyn v. Nassau Electric R. Co. (Sup.) 33.

## § 7.   Torts.

One injured while rightfully riding bicycle on sidewalk cannot recover if the walk was in a reasonably safe condition for pedestrians.—Morrison v. City of Syracuse (Sup.) 313.

Erroneous instruction, given in action against city for personal injuries received by one riding bicycle on sidewalk, *held* not so clearly corrected by a subsequent instruction as to make it clear that the jury were not misled thereby.— Morrison v. City of Syracuse (Sup.) 313.

A motion for nonsuit properly granted, under the pleadings and proof, in an action against a city for personal injuries caused by the sudden caving in of a flagstone sidewalk over which plaintiff was walking.—Hargreaves v. City of Yonkers (Sup.) 1003.

## § 8.   Actions.

Greater New York Charter, § 261, requiring petition to state the presentation of a claim against the city was made to the city comptroller before filing writ, *held* not to apply to personal injury cases based on the city's negligence —Pulitzer v. City of New York (Sup.) 803.

# MUTUAL BENEFIT INSURANCE.

See "Insurance," § 5.

# MUTUAL BENEFIT SOCIETIES.

See "Beneficial Associations."

# NAMES.

See "Trade-Marks and Trade-Names."

# NAVIGABLE WATERS.

See "Waters and Water Courses."

# NEGLIGENCE.

Causing death, see "Death," § 1.
Condition or use of particular species of property, works, or machinery, see "Bridges," § 1; "Electricity"; "Street Railroads," § 2.
—— demised premises, see "Landlord and Tenant," § 5.
Of particular classes of parties, see "Carriers," §§ 1, 3; "Municipal Corporations," § 7.
—— employers, see "Master and Servant," §§ 3–8.
Of passenger, see "Carriers," § 4.
Of servant, see "Master and Servant," § 7.

## § 1. Acts or omissions constituting negligence.

Under the facts, *held*, defendant was not guilty of negligence in leading along a street a horse which became frightened and injured plaintiff.—Haines v. Keahon (Sup.) 757.

An overflow from a bath tub in defendant's apartments, the outlet of which was stopped or made smaller by a piece of cloth, *held* to show sufficient negligence on defendant's part to support a judgment against him for damages resulting to an occupant of the apartment beneath.—Olin P. Ely Co. v. Rhoads (Sup.) 817.

## § 2. Contributory negligence.

Where one places himself in a position of peril to rescue another, who is in serious danger of injury, in order to make applicable the rule that such action is not contributory negligence, it must appear that the party against whom recovery is sought was guilty of negligence, by reason of which the person was in peril.—Hirschman v. Dry Dock, E. B. & B. R. Co. (Sup.) 304.

Negligence on the part of driver of a wagon is not to be imputed to plaintiff, a fellow servant, where it does not appear he had in any wise control or management of the wagon.—Anderson v. Metropolitan St. Ry. Co. (Sup.) 899.

The law will not undertake an apportionment of fault between plaintiff and defendant, in an action based on negligence.—Anderson v. Metropolitan St. Ry. Co. (Sup.) 899.

Temporary forgetfulness of a known danger would not, as a matter of law, constitute contributory negligence on the part of the injured person.—Boyle v. Degnon-McLean Const. Co. (Sup.) 1043.

## § 3. Actions.

Evidence *held* not to support a verdict for plaintiff for damages caused by his truck becoming fastened in a ferry-house gate. — Maloney v. Union Ferry Co. (Sup.) 586.

Refusal of instruction that, where both plaintiff and defendant are negligent, plaintiff is not entitled to recover, *held* error.—Anderson v. Metropolitan St. Ry. Co. (Sup.) 899.

Evidence *held* sufficient to go to the jury on question of the company's negligence in fastening its boat to the wharf and passenger's contributory negligence.—Mueller v. Tenth & Twenty-Third St. Ferry Co. (Sup.) 986.

# NEGOTIABLE INSTRUMENTS.

See "Bills and Notes."

# NEW TRIAL.

## § 1. Grounds.

Evidence *held* not to warrant setting aside a verdict for improper conduct of the jury in arriving at the verdict.—Driscoll v. Nelligan (Sup.) 692.

## § 2. Proceedings to procure new trial.

Where, after appeal to the court of appeals, a defeated party moved for a new trial because judgment was obtained by perjury inspired by counsel, the motion should not be denied on the ground of laches.—Nugent v. Metropolitan St. Ry. Co. (Sup.) 476.

# NONSUIT.

Before trial, see "Dismissal and Nonsuit."
On trial, see "Trial," § 4.

# NOTES.

Promissory notes, see "Bills and Notes."

# NOTICE.

See "Trial," § 1.
Appeal, see "Appeal," § 5.

# NOVATION.

Evidence *held* to show acceptance by C. of B.'s promise to pay him A.'s debt before revocation of the promise.—Parraga v. Ribon (Sup.) 1024.

Facts *held* sufficient to establish a novation, whereby a buyer was released from liability for the price of goods.—De Witt v. Monjo (Sup.) 1046.

# OFFER.

Of judgment, see "Judgment," § 2.

# OFFICERS.

Mandamus, see "Mandamus," § 2.

*Particular classes of officers.*

See "Coroners"; "Judges"; "Justices of the Peace"; "Sheriffs and Constables."
Corporate officers, see "Corporations," §§ 5, 6.
Highway officers, see "Highways," § 1.
Municipal officers, see "Municipal Corporations," § 3.

## § 1. Appointment, qualification, and tenure.

Whether officers under civil service law (Laws 1899, c. 370) belong "to the competitive class," as prescribed thereby, is a question of law for the court.—People v. Knox (Sup.) 469.

## § 2. Title to and possession of office.

In proceedings by plaintiff seeking reinstatement in a position in a public office, his right being doubtful, a mandatory injunction to restore plaintiff pendente lite will not issue.—McNiece v. Sohmer (Sup.) 193; O'Neill v. Same, Id.

## § 3. Rights, powers, duties, and liabilities.

Under Greater New York Charter, §§ 419, 1551, an indictment *held* not to charge an offense or an attempt to commit the offense.—People v. Kane (Sup.) 195.

Under Greater New York Charter, § 1551, an indictment which charged that defendant approved bills with intent to commit a fraud on the city of New York *held* not to charge an offense, nor to charge an attempt to commit the offense.—People v. Kane (Sup.) 195.

Greater New York Charter, § 419, may not be violated by letting out work for public improvements without sealed bids, though the work might be continued long enough to cost $1,000.—People v. Kane (Sup.) 632.

Greater New York Charter, § 419, is not shown to be violated by an allegation that an officer of a department of public improvements did "incur" an expenditure for cleaning sewer basins, without being authorized by the board of public improvements or the municipal assembly.—People v. Kane (Sup.) 632.

An indictment, under Greater New York Charter, § 419, for letting the work of cleaning sewer basins without sealed bids, *held* insufficient, where it failed to show that the cost would exceed $1,000.—People v. Kane (Sup.) 632.

A mere inference deducible from an allegation in an indictment against a municipal officer *held* insufficient to supply an allegation essential to establish the purview of the statute.—People v. Kane (Sup.) 632.

## OPENING.

Judgment, see "Judgment," § 3.

## OPINION EVIDENCE.

In civil actions, see "Evidence," § 7.

## ORDINANCES.

Municipal ordinances, see "Municipal Corporations," §§ 2, 6.

## PAROL EVIDENCE.

In civil actions, see "Evidence," § 6.

## PARTICULARS.

Bill of, see "Pleading," § 5.

## PARTIES.

On appeal, see "Appeal," § 3.
Persons concluded by judgment, see "Judgment," § 6.
Probate proceedings, see "Wills," § 3.
To particular classes of conveyances, contracts, or transactions, see "Contracts," § 1; "Mortgages," § 3.

## § 1. Plaintiffs.

An action was properly brought in behalf of plaintiff and all others similarly situated, who were very numerous.—Whiting v. Elmira Industrial Ass'n (Sup.) 27.

Under Code Civ. Proc. § 448, nonjoinder of member of a firm, in action to recover for injury to partnership property, warrants dismissal of action, where the defendant sets up defect of parties.—Freeman v. Abramson (Sup.) 839.

## § 2. New parties and change of parties.

To make a joint wrongdoer a party defendant to a pending action, it is necessary to serve on both the existing defendant and such joint wrongdoer a copy of the summons and complaint, so amended as to contain the proper and necessary allegations charging both with the commission of the tort in question, with leave to them to answer or demur.—Romanoski v. Union Ry. Co. (City Ct. N. Y.) 1097.

Where plaintiff was justified in believing that only defendant wronged and injured her, the discovery upon the trial that another party and defendant were jointly interested in the subject-matter which caused plaintiff's injury entitles plaintiff to bring such party in as a defendant. —Romanoski v. Union Ry. Co. (City Ct. N. Y.) 1097.

## PARTITION.

## § 1. Actions for partition.

Where at partition sale the interest of a lessee in a growing crop is reserved, the deed subsequently made, which contains no reservation, does not deprive the lessee of his rights.—Banta v. Merchant (Sup.) 218.

When the referee announced at sale that the interest of a lessee of one of the owners in the crop was reserved, and no objection was made, it will be assumed that all parties assented.— Banta v. Merchant (Sup.) 218.

Under Code Civ. Proc. §§ 1561–1565, the right of a judgment creditor, whose lien had not expired at the time of the partition and sale of the property affected, to the money ordered paid into court in the partition proceedings for distribution among the lien holders, of which he had been ascertained as one, did not cease at the time the lien on the property would have ceased.—Treacy v. Ellis (Sup.) 600.

A purchaser at partition sale cannot be compelled to complete the same, when the summons served by publication was not directed to one of the defendants, and the published summons was not a copy of the original.—Bowler v. Enni (Sup.) 686.

The court has no power to award costs and a extra allowance to defendant, where he succeede

on the question of whether there should be a sale or an actual partition.—Sprague v. Engelbrecht (Sup.) 952.

An action for partition of property can be maintained by a party claiming an interest therein against others who claim adverse interests, being authorized by Code, § 1543.—Wallace v. Curtis (Sup.) 994.

## PARTNERSHIP.

### § 1. The relation.

Members of a syndicate organized to speculate in real estate *held* partners, in so far as to render them liable as such to one who aided them in their undertaking.—Palliser v. Erhardt (Sup.) 191.

Evidence *held* to show partnership existing as to third parties, as to contract for materials furnished, ordered before the agreement was signed, but delivered thereafter.—Johnson v. Alexander (Sup.) 351.

Dismissing a suit against a firm, on the ground that no evidence of its existence was presented, *held* error.—Schroth v. Gedney (City Ct. N. Y.) 923.

### § 2. Mutual rights, duties, and liabilities of partners.

It is a legal presumption that a firm's possession of realty is subordinate to and consistent with the record title in an individual member.—Hardin v. Dolge (Sup.) 753.

Though complaint alleges that parties to suit were partners in transaction in which defendant received commission, action at law will lie for half thereof; it being alleged to be a certain sum.—Travis v. Stewart (City Ct. N. Y.) 492.

### § 3. Rights and liabilities as to third persons.

A partnership organized to speculate in suburban real estate, which it proposed to sell off in lots, *held* not bound to pay for the services of an architect employed by two of the members.—Palliser v. Erhardt (Sup.) 191.

A firm *held* not entitled to complain of the enforcement of a mortgage against its property, when executed by a single member.—Hardin v. Dolge (Sup.) 753.

The sale of all partnership property by one member of firm, in the firm name, without the knowledge or consent of the other members, *held* invalid.—Freeman v. Abramson (Sup.) 839.

Where service is had on but one of two partners, in an action for a partnership liability, it is error to halve the amount sued for, and render judgment for that sum against the defendant served.—Teller v. Gerry (Sup.) 864.

### § 4. Dissolution, settlement, and accounting.

Facts *held* not sufficient to entitle plaintiff to an injunction and the appointment of a receiver pending suit to dissolve a partnership.—Day v. Dow (Sup.) 793.

## PASSENGERS.

See "Carriers," §§ 2–5.

## PAUPERS.

### § 1. Support, services, and expenses.

Laws 1896, c. 225, § 56, forbidding children under 16 to be sent to almshouses for support, *held* not a defense to an action against a town by a county for temporary support at an almshouse.—Herkimer County v. Town of Sangerfield (Sup.) 114.

## PAYMENT.

See "Mechanics' Liens," § 5; "Tender."
By receiver, see "Receivers," § 2.
Compensation for property taken for public use, see "Eminent Domain," § 1.
Taxes, see "Taxation," § 2.

### § 1. Requisites and sufficiency.

Delivery of vendee's check did not operate as payment for goods sold, where it was returned to the vendee, and in his possession when suit was brought.—Block v. Garfield (City Ct. N. Y.) 918.

## PENALTIES.

### § 1. Actions and other proceedings.

Action to recover fine for violation of Laws 1895, c. 322, § 1, prohibiting burning of soft coal in factory furnaces in city of Brooklyn, is properly brought by the city.—City of Brooklyn v. Nassau Electric R. Co. (Sup.) 33.

## PERCOLATING WATERS.

See "Waters and Water Courses," § 1.

## PERPETUITIES.

A bequest, in trust to one corporation for the benefit of another, *held* void, as a perpetuity, under 1 Rev. St. p. 723, § 15.—In re Griffin's Will (Sup.) 639.

A will *held* void, as a suspension of the power of alienation beyond two lives in being.—Almstaedt v. Bendick (Sup.) 1019.

A bequest for charitable uses *held* not within the statute of perpetuities.—Fitsimmons' Will (Sur.) 485.

## PERSONAL INJURIES.

To employé, see "Master and Servant," §§ 3–8.
To passenger, see "Carriers," § 3.
To traveler on highway, see "Highways," § 2; "Municipal Corporations," § 7.
To trespasser, see "Railroads," § 1.

## PLEADING.

Allegations as to damages, see "Damages," § 4.
Indictment or criminal information or complaint, see "Indictment and Information."
In particular actions or proceedings, see "Equity," § 2; "Libel and Slander," § 4.
Statute of frauds, see "Frauds, Statute of," § 3.

## § 1. Declaration, complaint, petition, or statement.

Complaint to recover personalty wrongfully obtained in part from plaintiff, and in part from others who had assigned to plaintiff, *held* within Code Civ. Proc. § 483, providing that such causes of action must be separately stated.— Westheimer v. Musliner (Sup.) 348.

A complaint will be sufficient, if the requisite allegations may be gathered from its averments, though their statement may be argumentative.— Frank v. Forgotston (City Ct. N. Y.) 1118.

## § 2. Replication or reply and subsequent pleadings.

Reply authorized by order *held* not filed in time. —Silo v. Linde (Sup.) 1103.

## § 3. Demurrer or exception.

An objection that two causes of action are improperly united in the same complaint can only be taken advantage of by demurrer.—Wells v. Betts (Sup.) 231.

A demurrer to a complaint on a policy failing to show compliance, or excuse for failure to comply, with conditions imposed therein, *held* not frivolous.—Schaffer v. Holwill (Sup.) 399.

Complaint *held* not to be construed strictly against the pleader, but averments which sufficiently point out the pleader's claim are sufficient.—Boez v. Cleveland School-Furniture Co. (Sup.) 407.

On demurrer, each cause of action separately stated in the complaint must be sufficient, without reference to the others.—Boez v. Cleveland School-Furniture Co. (Sup.) 407.

Court's refusal to allow defendant to amend answer, and plead statute of limitations as to taxes paid by plaintiff as tenant in common with defendant, *held* proper.—Wiegel v. Mogk (Sup.) 528.

On demurrer to the answer, the complaint may be considered, and, if insufficient, the demurrer should be overruled, and the complaint dismissed, without leave to amend, where an amendment would be useless.—Tuthill v. City of New York (Sup.) 968.

## § 4. Amended and supplemental pleadings and repleader.

Where the complaint is fatally defective, and is properly excepted to by motion to dismiss, it is error to permit proof to be taken thereafter and allow the complaint to be amended to conform to the proof.—National Bank of Deposit v. Rogers (Sup.) 155.

Plaintiff's laches in moving for amendment *held* not excused by fact that it did not surprise defendant when made.—Dennison v. Musgrave (Sup.) 188.

The city of New York will be given leave to amend its answer, by introducing matter which would cause the plaintiff to renotice the case for trial, provided it will stipulate to apply for a preference of the trial, under Code Civ. Proc. § 791, subd. 2.—Stemmler v. City of New York (Sup.) 403.

Where specific negligence alleged was a defective switch, *held* an abuse of discretion to allow an amendment, on the trial, alleging negligence in operation of car as the cause of the accident.—Hoffman v. Third Ave. R. Co. (Sup.) 590.

An immaterial variance may be corrected by an amendment to the complaint, either before or after an objection.—Jones v. New York Cent. & H. R. R. Co. (Sup.) 721.

It is not error to permit plaintiff to amend her complaint at the time of trial, where it does not materially change the cause of action nor surprise defendant.—Van Pelt v. Chapter General of American Knights of St. John and Malta (Sup.) 1010.

## § 5. Bill of particulars and copy of account.

A motion to vacate an order for a bill of particulars, made 2½ years after the service of the order, should be denied.—Brown v. Thorley (City Ct. N. Y.) 921.

## § 6. Motions.

An answer to a widow's action for dower in the premises conveyed by her husband by a conveyance in which she did not join *held* not frivolous.—Bedlow v. Stillwell (Sup.) 371.

Motion for judgment on answer as frivolous denied, the answer containing matter in justification and mitigation, in addition to denials of allegations of the complaint. — Laurie v. Duer (Sup.) 930.

It is error to strike out as a sham any answer which pleads payment of services sued for, and denies the quantity of services rendered and the reasonable value thereof as alleged in the complaint.—Fromme v. Schworer (City Ct. N. Y.) 1108.

# PLEDGES.

A pledgee of bonds *held* required to pay their value to a purchaser, on accepting from the latter a sum which the former knew that the latter supposed was sufficient to redeem the bonds. —August v. O'Brien (Sup.) 720.

Plaintiff, having sued for the proceeds of bonds wrongfully pledged by defendants, and not for their conversion, was entitled to recover therefor, though she failed to tender the amount for which the bonds were pledged.—Kaminski v. Schefer (Sup.) 771.

# POLICE POWER.

Of municipality, see "Municipal Corporations," § 6.

# POLICY.

Of insurance, see "Insurance."

# POOR LAWS.

See "Paupers."

# POSSESSION.

Of demised premises, see "Landlord and Tenant," § 5.
Of office, see "Officers," § 2.

# PRACTICE.

In equity, see "Equity."
Particular remedies in or incident to actions, see "Attachment"; "Injunction"; "Receivers."
Procedure in criminal prosecutions, see "Criminal Law."
—— of particular courts, see "Courts."
—— on review, see "Appeal"; "Certiorari," § 2; "Justices of the Peace," § 2; "New Trial."

*In particular civil actions or proceedings.*

See "Account," § 1; "Interpleader"; "Mandamus," § 3; "Replevin"; "Trover and Conversion," § 2.
Condemnation proceedings, see "Eminent Domain," § 2.

*Particular proceedings in actions.*

See "Continuance"; "Costs"; "Depositions"; "Dismissal and Nonsuit"; "Evidence"; "Judgment"; "Jury"; "Limitation of Actions"; "Motions"; "Parties"; "Reference"; "Trial"; "Venue."
Nonsuit, see "Trial," § 4.

# PREFERENCES.

Effect of proceedings in bankruptcy, see "Bankruptcy," § 1.

# PREJUDICE.

Ground for reversal in civil actions, see "Appeal," § 18.

# PRESUMPTIONS.

In civil actions, see "Evidence," § 2.
On appeal, see "Appeal," § 15.

# PRINCIPAL AND AGENT.

See "Brokers."
Agency of partner for firm, see "Partnership," § 3.
Corporate agents, see "Corporations," § 6.
Insurance agents, see "Insurance," § 1.

**§ 1. The relation.**
Statements that goods being purchased were for the use of a corporation are admissible, in connection with evidence of their subsequent use by the corporation, as showing purchaser's agency.—Davis v. Valley Electric Light Co. (Sup.) 580.

Statements of a party that he was acting as the agent of another are inadmissible to prove the agency.—Booth v. Newton (Sup.) 727.

Where the seller of goods seeks to show that the purchaser acted as the agent of another, it is not enough to show that such an agency existed at some other time, but it must be shown that the agency existed at the time of the sale.—Booth v. Newton (Sup.) 727.

**2. Rights and liabilities as to third persons.**
Evidence *held* to justify assumption that an agent was a general agent for the purposes of the contract entered into.—Graves v. Miami S. S. Co. (Sup.) 115.

A contract, signed by one who adds, after his name, the word "Agent," is on its face the contract of such person individually, as the word "Agent" is mere descriptio personæ.—Campbell v. Porter (Sup.) 712.

Agent will be *held* personally responsible, where he has no authority to act for principal.—Campbell v. Porter (Sup.) 712.

Plaintiff's testimony, in an action to charge an agent as principal, *held* to show that the defendant was not liable.—Forrest v. McCarthy (Sup.) 853.

An agent is liable as principal, unless the person dealing with him is aware that he acted merely as an agent.—Forrest v. McCarthy (Sup.) 853.

In action on contract of employment, defendant cannot show that he was agent; plaintiff not having been so advised.—McDonald v. Wesendonck (City Ct. N. Y.) 491.

# PRINCIPAL AND SURETY.

See "Indemnity."
Liabilities of sureties on bonds for performance of duties of trust or office, see "Executors and Administrators," § 8.

**§ 1. Discharge of surety.**
The insertion of the words "for a further term of five years," in a bond for the performance of a covenant for renewal of a lease for five years, *held* immaterial, since it did not change the liability of the bond.—John Polhemus Printing Co. v. Hallenbeck (Sup.) 1056.

# PRIVILEGED COMMUNICATIONS.

Defamatory communications, see "Libel and Slander," § 2.
Disclosure by witness, see "Witnesses," § 1.

# PROBATE.

Of will, see "Wills," § 3.

# PROBATE COURTS.

See "Courts," § 3.

# PROCESS.

Particular forms of writs or other process, see "Attachment," § 3; "Injunction"; "Mandamus."

**§ 1. Service.**
In an action for divorce, an affidavit by plaintiff's brother, stating that he served the summons and complaint on defendant, is insufficient proof of service.—Fawcett v. Fawcett (Sup.) 108.

## PROPERTY.

See "Trade-Marks and Trade-Names."
Protection of rights of property by injunction,
see "Injunction," § 1.
Taking for public use, see "Eminent Domain."

## PROTEST.

Of bill or note, see "Bills and Notes."

## PROVINCE OF COURT AND JURY.

In civil actions, see "Trial," § 5.

## PUBLIC BUILDINGS.

See "Municipal Corporations," § 7.

## PUBLIC IMPROVEMENTS.

By municipalities, see "Municipal Corpora-
tions," § 5.

## PUBLIC SCHOOLS.

See "Schools and School Districts," § 1.

## PUBLIC USE.

Taking property for public use, see "Eminent
Domain."

## PUNISHMENT.

Contempt of court, see "Contempt," § 2.

## RAILROADS.

See "Street Railroads."
Carriage of goods and passengers, see "Car-
riers."

### § 1. Operation.

An instruction allowing recovery, in an action
for injuries caused by defendant's conductor in
removing trespasser from a train, held proper,
as being based on the latter's version of the
transaction.—Barrett v. New York Cent. & H.
R. R. Co. (Sup.) 9.

Instructions relative to operation of gates at
crossings held not error.—Edgerley v. Long Island
R. Co. (Sup.) 677.

Instructions relative to sounding whistle and
ringing bell at crossings having gates held not er-
ror.—Edgerley v. Long Island R. Co. (Sup.) 677.

## RECEIVERS.

Of corporations in general, see "Corporations,"
§ 7.

### § 1. Management and disposition of property.

A receiver of the property of a corporation
pendente lite held not authorized to pay rent for

property occupied by him.—Stokes v. Hoffman
House (Sup.) 821.

A receiver of the property of a corporation
does not, by remaining in possession of premises
leased by the corporation, render the funds in
his hands as receiver liable for rent.—Stokes v.
Hoffman House (Sup.) 821.

A receiver of the property of a corporation
held entitled to recover back money wrongfully
paid by him for rents.—Stokes v. Hoffman House
(Sup.) 821.

### § 2. Allowance and payment of claims.

Costs of motion to direct payment of a fund
in hands of a receiver to the trustee of the cor-
poration entitled thereto held chargeable to the
fund.—In re Hulbert Bros. & Co. (Sup.) 959.

### § 3. Actions.

An action may be brought against the receiver
of a railroad company, for coal sold to and used
by the receiver in the operation of the road,
without suing the company or any other party.—
Cobb v. Sweet (Sup.) 545.

The fact that the property of a railroad com-
pany in the possession of its receiver, and proper-
ly at his command, cannot be charged with the
payment of claims, if such company exists, with-
out bringing it in as a party defendant, only goes
to the extent of the relief sought.—Cobb v.
Sweet (Sup.) 545.

Complaint against receiver of railroad held to
state a cause of action.—Cobb v. Sweet (Sup.)
545.

An allegation that a receiver was "duly" ap-
pointed suffices to admit proof of the regularity
of his appointment.—Morgan v. Bucki (Sup.) 929.

A complaint of a receiver appointed in seques-
tration proceedings which fails to allege that
leave of court had been obtained to bring the suit
is demurrable.—Morgan v. Bucki (Sup.) 929.

The right of a receiver appointed in seques-
tration proceedings to bring suit does not fall
within the scope of an allegation that the plain-
tiff was "duly" appointed receiver, since the right
is not incidental to his appointment.—Morgan v.
Bucki (Sup.) 929.

## RECORDS.

See "Mortgages," § 2.
Transcript on appeal, see "Appeal," § 7.

## REDEMPTION.

From mortgage, see "Mortgages," § 7.

## REFERENCE.

### § 1. Nature, grounds, and order of ref-erence.

An order of reference to take an accounting
held not one to decide the whole issue, where
made on judge's own motion at close of trial.—
Brennan v. Gale (Sup.) 6.

An order directing a reference for the purpose
of taking an accounting held not authorized.—
Brennan v. Gale (Sup.) 6.

An order of reference to take an accounting cannot be sustained, in the absence of evidence that it would require the examination of a long account.—Brennan v. Gale (Sup.) 6.

An action to recover for 2,364 hours of labor rendered by a brakeman to a railroad company in excess of working days of 10 hours during a period of 7 years should be referred, under Code Civ. Proc. § 1013.—Smith v. New York Cent. & H. R. R. Co. (Sup.) 934.

§ 2. Report and findings.
Where reference is made by a surrogate to take and report the evidence, the surrogate must make a decision, to which exceptions must be filed; but, where there is a reference to hear and determine, the surrogate is to merely confirm, reverse, or modify, and exceptions to referee's findings are all that are necessary for appellate review.—In re Yetter (Sup.) 175.

A reference cannot be terminated under Code Civ. Proc. § 1019, when there is an oral agreement to allow the referee all the time he requires to make his report.—Sproull v. Star Co. (Sup.) 404.

Under Code Civ. Proc. §§ 1835, 1836, 2718, 3248, a referee appointed for the determination of a disputed claim against an estate may, after filing his report, later make a certificate entitling claimant to costs.—Brainerd v. De Graef (Sup.) 953.

# REFORMATION OF INSTRUMENTS.

§ 1. Right of action and defenses.
Evidence *held* not sufficient to justify reformation of a lease because of shortage in the quantity of land, nor recovery of a pro rata amount of the rent paid.—Coast v. McCaffery (Sup.) 881.

## REHEARING.

On appeal, see "Appeal," § 12.

## REINSURANCE.

See "Insurance," § 4.

## RELEASE.

See "Compromise and Settlement."

## RELEVANCY.

Of evidence in civil actions, see "Evidence," § 3.

## REMAINDERS.

See "Life Estates."

## RENEWAL.

Of lease, see "Landlord and Tenant," § 3.

## RENT.

See "Landlord and Tenant," § 6.

## REPAIRS.

Of premises demised, see "Landlord and Tenant," § 5.

## REPEAL.

Of statute, see "Statutes," § 1.

## REPLEVIN.

§ 1. Jurisdiction, venue, and parties.
Under Code Civ. Proc. § 2862, subd. 7, and Id. § 2920, *held*, in an action for the recovery of a chattel, where the chattel is not sought to be replevied before judgment, an affidavit of the value of the chattel is not required.—Young v. Carey (Co. Ct.) 508.

§ 2. Trial, judgment, enforcement of judgment, and review.
Though no notice was filed for return of property replevied, judgment for return cannot be attacked for want of jurisdiction; this being an error to be corrected on appeal.—Christiansen v. Mendham (Sup.) 326.

## REPLY.

See "Pleading," § 2.

## REPORT.

On reference, see "Reference," § 2.

## REQUESTS.

For instructions to jury in civil actions, see "Trial," § 5.

## RESCISSION.

Of contract for sale of goods, see "Sales," § 2.
—— of land, see "Vendor and Purchaser," § 1.

## RES GESTÆ.

In civil actions, see "Evidence," § 3.

## RES JUDICATA.

See "Judgment," § 6.

## REVENUE.

See "Taxation."

## REVIEW.

See "Appeal"; "Certiorari."

## REVOCATION.

Of will, see "Wills," § 2.

## ROADS.

See "Highways."

## RULES OF COURT.

Orders, see "Motions."

## SALES.

See "Vendor and Purchaser."
Of intoxicating liquors, see "Intoxicating Liquors."
Tax sales, see "Taxation," § 3.

**§ 1. Requisites and validity of contract.**

A wife, orally agreeing to pay for coal to be delivered to her insolvent husband for use in his business, *held* liable therefor as for goods purchased by her.—Franklin Coal Co. v. Hicks (Sup.) 875.

**§ 2. Modification or rescission of contract.**

Where the claim of rescission of a sale is based on an instruction from the husband of the buyer, his authority to give such instruction must be shown.—Hornberger v. Feder (Sup.) 865.

Title to the property sold cannot be revested in the seller by rescission of the sale, where the contract of sale is fully executed; there being a valid delivery, and no fraud.—Hornberger v. Feder (Sup.) 865.

Where one who has been induced to purchase property by false representations as to its quality returns it to the vendor, the jury are authorized to find that the purchaser rescinded the sale.—Cushman v. De Mallie (Sup.) 878.

**§ 3. Performance of contract.**

Evidence *held* sufficient to show acceptance of goods sold.—O'Sullivan v. New York Lumber Corp. (Sup.) 493.

**§ 4. Operation and effect.**

A vendor *held* entitled, on rescission of sale for fraud, to recover goods from one to whom the purchaser had transfered, when the latter had notice of the fraudulent intention of the purchaser.—Gowing v. Warner (City Ct. N. Y.) 500.

**§ 5. Warranties.**

An implied warranty in an executory contract of sale survives the acceptance where the defects were not discoverable on ordinary inspection.—Osborn v. American Ink Co. (Sup.) 70.

Where a bill of sale conveys all right, title, and interest in a liquor tax certificate, the seller expressly warrants the sale, although not in possession of the certificate at the time.—Frank v. Forgotston (City Ct. N. Y.) 1118.

If the language used at the time of a sale, on a fair construction, is equivalent to an undertaking on the part of the owner that the property is what it is represented to be, it is sufficient to create a warranty, without the use of the word "warrant" or "warranty."—Petty v. Fish (City Ct. N. Y.) 1127.

**§ 6. Remedies of seller.**

In an action to recover for hay sold, where defendant refused to receive for defect in quality, what the agreement was as to quality, and whether hay delivered corresponded therewith, is for jury.—Carey v. Baldwin (Sup.) 581.

In an action to recover for hay sold, where the defendant refused to receive it, as not up to the quality agreed on, and the railroad company sold it for transportation charges, the price for which the company sold it is immaterial.—Carey v. Baldwin (Sup.) 581.

One claiming a breach of warranty as a defense to a check given in payment for goods sold has the burden of proving the breach.—Sharples v. Angell (Sup.) 643.

Where plaintiff sued for goods sold to a third party as the agent of defendant, and the sale was made to third party while acting for himself, and defendant guarantied payment, it was error to refuse to instruct that, if there was a sale to the third party, and an agreement by defendant to guaranty payment, the verdict should be for defendant.—Booth v. Newton (Sup.) 727.

Where, in action for goods sold to defendant's decedent, the evidence showed that the goods were sold to another, and that defendant's decedent guarantied the payment, the complaint should be dismissed.—Booth v. Newton (Sup.) 727.

**§ 7. Remedies of buyer.**

A breach of an express warranty survives the acceptance, and the buyer need not return or offer to return the defective goods to entitle him to damages.—Osborn v. American Ink Co. (Sup.) 70.

Where a contract required delivery of Rio coffee of a certain grade and standard, and coffee tendered was of such grade, an instruction that the seller was required to deliver natural coffee was erroneous.—Crossman v. Lurman (Sup.) 560.

Evidence that coffee was covered by an opaque substance, without proof that the covering concealed damage, was not sufficient to justify the buyer's refusal to accept under Public Health Laws, § 41.—Crossman v. Lurman (Sup.) 560.

Where coffee tendered was covered by an opaque substance, evidence that such substance did not conceal any defects was competent to show that the sale was not prohibited by Public Health Laws, § 41.—Crossman v. Lurman (Sup.) 560.

Error in charging that plaintiff could not recover without proof of express warranty *held* prejudicial.—Rogers v. Beckrich (Sup.) 725.

A complaint for breach of warranty, failing to state whether the warranty was express or implied, is supported by proof of either.—Rogers v. Beckrich (Sup.) 725.

Evidence of the market value of goods before and after the breach of contract is not admissible to fix damages in an action for failure to deliver goods contracted for.—Freedman v. Dobson (City Ct. N. Y.) 1115.

**§ 8. Conditional sales.**

Seller *held* not to waive his right to reclaim goods under conditional sale by an unsuccessful attempt to collect notes given therefor by suit —American Box Mach. Co. v. Zentgraf (Sup.) 417.

## SATISFACTION.

See "Compromise and Settlement."

## SAVINGS BANKS.

See "Banks and Banking," § 3.

# SCHOOLS AND SCHOOL DISTRICTS.

### § 1. Public schools.
Consolidated school law, authorizing the city to establish certain schools for colored children, *held* not in violation of Const. art. 9, § 1, providing that the legislature shall establish a system of free common schools. — People v. School Board of Borough of Queens, New York City (Sup.) 330.

Under Laws 1899, c. 417, an unexpended balance of the salary fund of the borough of Brooklyn need not be applied to the payment of the increase in salaries of teachers affected by the act, but may be applied to the payment of an increase in salaries of other teachers provided for by the board.—McCabe v. Cook (Sup.) 588.

Laws 1895, c. 767, authorizes a town to pension only such school teachers as had taught in the town 25 years prior to the passage of the act.—People v. Town Board of Plattsburg (Sup.) 932.

## SEPARATE ESTATE.

Of married women, see "Husband and Wife," § 3.

## SERVICE.

Of process, see "Process," § 1.

## SERVICES.

See "Work and Labor."

## SERVITUDES.

See "Easements."

## SET-OFF AND COUNTERCLAIM.

### 1. Nature and grounds of remedy.
Under Code Civ. Proc. § 501, *held*, two of three defendants sued jointly cannot set up a counterclaim in favor of themselves.—Carey v. Baldwin (Sup.) 581.

Defendant, having admitted plaintiff's claim, and set up a counterclaim for services, board, and lodging furnished plaintiff at his request, on failure to prove the request, cannot recover.—Ol_rts v. Kelly (City Ct. N. Y.) 1107.

### Subject-matter.
Cause of action for costs accruing on an administratrix's bond *held* an action on contract, within Code Civ. Proc. § 501, and hence a proper subject of set-off against plaintiffs' cause of action for costs accruing on an appeal bond in another suit.—Foley v. Scharmann (Sup.) 969.

Counterclaim *held* to allege facts sufficient to constitute a cause of action on which such counterclaim was based.—Foley v. Scharmann (Sup.) 969.

## SETTLEMENT.

See "Compromise and Settlement"; "Payment."

# SHERIFFS AND CONSTABLES.

### § 1. Powers, duties, and liabilities.
An officer is entitled, in an action against him for an attachment levy, to the benefit of the short statute (Code Civ. Proc. § 385), though, as to the plaintiff, he may have trespassed.—Hill v. White (Sup.) 515.

Evidence *held* to show that an attachment levy was made before November 5, 1889, so that limitations had begun to run before that date against the officer for making the levy.—Hill v. White (Sup.) 515.

Money deposited with the sheriff as bail in supplementary proceedings could not be recovered from the sheriff without showing the termination of the attachment proceedings.—Alexander v. Creamer (Sup.) 539.

Verdict should not be directed, in a suit against the sheriff for money deposited as bail in attachment, when the complaint fails to show that the attachment proceedings are terminated, but the complaint should be dismissed.—Alexander v. Creamer (Sup.) 539.

## SHIPPING.

See "Towage."

### § 1. Demurrage.
Compensation may be recovered by owner of vessel for unreasonable detention, though bill of lading contains no demurrage clause.—Jameson v. Sweeney (City Ct. N. Y.) 498.

Freighter is liable to owner of vessel for unreasonable delay in discharging cargo on failure of consignee to pay therefor, though there was an agreement that consignee should unload.—Jameson v. Sweeney (City Ct. N. Y.) 498.

## SLANDER.

See "Libel and Slander."

## SLEEPING CARS.

See "Carriers," § 5.

## SOCIETIES.

See "Clubs."

## SPECIFIC PERFORMANCE.

### § 1. Nature and grounds of remedy in general.
It is the court's duty to grant specific performance of a contract, where no sufficient excuse for nonperformance was proved, and plaintiff cannot be adequately compensated in damages.—Goddard v. American Queen (Sup.) 133.

## § 2. Contracts enforceable.

A decree requiring specific performance of a contract for an exclusive advertising right in a monthly magazine for 18 months *held* not so difficult of execution as to preclude the granting of the decree.—Goddard v. American Queen (Sup.) 133.

## § 3. Good faith and diligence.

Specific performance of land contract executed 25 years prior to action denied, where vendee practically abandoned his rights under it until after land became valuable because of oil therein.—Darrow v. Bush (Sup.) 2.

Where party seeking specific performance is guilty of unreasonable delay, relief will be denied, though lapse of time may be insufficient to bring case within statute of limitations.—Darrow v. Bush (Sup.) 2.

Plaintiff was not entitled to decree for specific performance, where she had done nothing towards performing her part of the agreement.—Lennon v. Farrell (Sup.) 370.

## § 4. Proceedings and relief.

That a third party's rights might be injuriously affected by decreeing specific performance of a contract *held* not to preclude the granting of the decree.—Goddard v. American Queen (Sup.) 133.

The specific performance of a written agreement cannot be enforced in an action for the specific performance of a parol agreement.—Lennon v. Farrell (Sup.) 370.

# STATEMENT.

Of facts agreed on for submission to court, see "Submission of Controversy."

# STATES.

## § 1. Property, contracts, and liabilities.

Under Laws 1895, § 5, as amended, Laws 1896, § 794, and Laws 1892, c. 683, § 61, the superintendent of public works is authorized to pay funds to canal contractors on certificates signed by the deputy state surveyor and engineer.—People v. Roberts (Sup.) 148.

# STATUTES.

Provisions relating to particular subjects, see "Descent and Distribution"; "Discovery," § 1; "Limitation of Actions," § 1; "Mechanics' Liens."

—— statute of frauds, see "Frauds, Statute of."

## § 1. Repeal, suspension, expiration, and revival.

Greater New York Charter Act *held* not to repeal Laws 1897, c. 434, since the former is a general, and the latter a special, act.—People v. O'Grady (Sup.) 577.

## § 2. Construction and operation.

Greater New York Charter is only one statute, though it is divided into chapters and sections.—People v. Kane (Sup.) 632.

# STATUTES CONSTRUED.

**NEW YORK.**

CONSTITUTION 1846.

Art. 8, §§ 1–4, 7......... 85

CONSTITUTION 1895.

| | |
|---|---|
| Art. 1, § 6.............. | 1090 |
| Art. 2, § 3.............. | 124 |
| Art. 3, § 18............. | 33 |
| Art. 5, § 9.............. | 452 |
| Art. 6, § 18............. | 111 |
| Art. 8, § 10............. | 37 |
| Art. 9, § 1.............. | 330 |
| Art. 10, § 2............. | 452 |

CODE OF CIVIL PROCEDURE.

| | |
|---|---|
| Ch. 12, tit. 1, § 1310...... | 244 |
| Ch. 12, tit. 2, § 1326...... | 244 |
| Ch. 17, tit. 9............. | 524 |
| § 66..........:644, 890, | 1074 |
| § 111 .................... | 760 |
| § 264 .................... | 149 |
| § 340, subd. 3............ | 111 |
| § 385 .................... | 515 |
| § 432 ..............,...... | 922 |
| §§ 440, 442.............. | 686 |
| § 448 .................... | 839 |
| § 483 .................... | 348 |
| § 484 .................... | 27 |

| | |
|---|---|
| § 501 ..............581, | 969 |
| § 519 .................... | 188 |
| § 544 .................... | 736 |
| § 572 .................... | 966 |
| § 641 .................... | 295 |
| § 649, subd. 3............ | 1033 |
| § 682 .................... | 939 |
| § 738 .................... | 868 |
| § 791, subd. 2........... | 403 |
| § 793 ..........257, 300, | 942 |
| § 798 .................... | 942 |
| § 829 .................... | 144 |
| § 834 .................... | 917 |
| § 835 .................... | 64 |
| § 836 .................... | 917 |
| § 870 .................... | 1100 |
| § 872 ....181, 503, 647, | 1100 |
| § 873 .................... | 1100 |
| § 880 .................... | 328 |
| §§ 968, 970.............. | 41 |
| § 974 .................... | 868 |
| § 977 ..............924, | 942 |
| § 982 .............97, | 680 |
| § 992 .................... | 515 |
| § 999 ..........693, | 1129 |
| § 1002 ................... | 1129 |
| § 1003 ................... | 777 |
| § 1013 ................... | 934 |
| § 1019 ................... | 404 |
| § 1187 ................... | 817 |
| § 1377 ................... | 966 |

| | |
|---|---|
| § 1543 ................... | 99 |
| §§ 1561–1565 ........... | 60 |
| §§ 1667, 1668........... | 21 |
| § 1725 ................... | 32 |
| § 1822 ................... | 1? |
| § 1835 ................... | 9? |
| § 1836 ...........131, | 9? |
| § 1865 ................... | 4? |
| § 1866 ................... | 4? |
| § 1893 ................... | |
| § 1915 ................... | 10? |
| § 1925 ................... | 5? |
| § 1995 ................... | 9? |
| §§ 2017, 2019, 2026, 2038, | 10? |
| § 2077 ................... | 1 |
| § 2082 ...........149, | 6? |
| § 2083 .............. | |
| §§ 2138, 2139........... | 4? |
| § 2232, subd. 2.......... | 5? |
| § 2240, subd. 3.......... | 7? |
| § 2244 ................... | 6? |
| §§ 2284, 2285........... | 8? |
| § 2344 ................... | |
| § 2545 ...........175, | |
| § 2546 ...........175, | |
| § 2561 ................... | |
| § 2582 ................... | |
| § 2653a ................. | |
| § 2664 ................... | |
| § 2718 ...........382, | |
| § 2743 ................... | |

§§ 2746, 2830........... 243
§§ 2862, 2920........... 508
§ 2940 .................. 712
§§ 2951–2953 ........... 67
§ 2954 ..............67, 684
§ 2957 .................. 67
§ 3056 ..................°. 91
§ 3160 .................. 247
§ 3162 ..................1102
§§ 3228, 3229............ 943
§ 3248 .................. 953
§ 3251 ..................1123
§ 3268 ........247, 308, 1015
§ 3271 ..................1015
§ 3272 .................. 308
§ 3402 .................. 306

CODE OF CRIMINAL PRO-
CEDURE.

§§ 278, 279............. 195
§ 899 .................. 220

PENAL CODE.

§ 388 .................. 520

EDMOND'S REVISED
STATUTES.

*Second Edition.*
Volume 1.
Page 677, §§ 51, 52...... 443

REVISED STATUTES.

*First Edition.*
Volume 1.
Part 2, ch. 3, § 1....291, 292
Part 2, ch. 3, § 41...... 292
Part 2, ch. 6, tit. 1, art. 3,
§§ 42, 47, 48............1070
Page 709 ...............1114
Page 733, § 15.......... 639
Page 754, § 23.......... 556
Page 756, § 1........... 362

Volume 2.
Page 63, § 40........... 430
Page 66, § 52........... 565

*Ninth Edition.*
Volume 2.
Page 1606, tit. 15, § 28... 330
Page 1818, § 1.......... 896
Page 1886, ch. 7, tit. 2, § 5 138

CITY CHARTERS.

Greater New York. Laws
1897, ch. 378, § 149.... 570
Greater New York. Laws
1897, ch. 378, § 261.... 803
Greater New York. Laws
1897, ch. 378, § 299.... 547

Greater New York. Laws
1897, ch. 378, § 413.... 80
Greater New York. Laws
1897, ch. 378, § 416...79, 80
Greater New York. Laws
1897, ch. 378, § 417.... 80
Greater New York. Laws
1897, ch. 378, § 419..
80, 195, 633
Greater New York. Laws
1897, ch. 378, § 607.... 570
Greater New York. Laws
1897, ch. 378, § 895.... 432
Greater New York. Laws
1897, ch. 378, § 1551... 195
Greater New York. Laws
1897, ch. 378, §§ 1570,
1571 ................. 968
Greater New York. Laws
1897, ch. 378, § 1611.... 577
New Rochelle. Laws 1899,
ch. 128, §§ 114, 119, 256 537

LAWS.

1848, ch. 265............ 549
1850, ch. 340............ 550
1855, ch. 569............ 549
1858, ch. 314, § 2....... 464
1882, ch. 410, § 981...... 437
1882, ch. 410, §§ 990, 995 998
1886, ch. 409, § 8. Amend-
ed by Laws 1892, ch. 673 741
1886, ch. 572............ 803
1888, ch. 119, § 1. Amend-
ed by Laws 1892, ch. 577 41
1888, ch. 345, § 12......•748
1888, ch. 583, tit. 8, § 2.. 665
1890, ch. 555............ 290
1890, ch. 564, § 58....... 85
1890, ch. 566, § 103...... 549
1892, ch. 399............1067
1892, ch. 565, §§ 93, 99... 420
1892, ch. 577. Repealed by
Laws 1899, ch. 370, § 29 41
1892, ch. 673............ 741
1892, ch. 679, §§ 2, 5....1028
1892, ch. 683, § 61...... 149
1892, ch. 686, § 16...... 315
1892, ch. 687, §§ 15, 16.. 974
1892, ch. 688, § 29...... 707
1892, ch. 688, § 30...... 623
1892, ch. 688, § 48...... 464
1892, ch. 689........... 971
1893, ch. 333........... 290
1893, ch. 661, § 41...... 560
1893, ch. 701, § 1....... 485
1894, ch. 556, tit. 7, art. 6,
§ 47 ................. 709
1895, ch. 79, § 4. Amended
by Laws 1896, ch. 794.. 148
1895, ch. 79, § 5. Amended
by Laws 1896, ch. 794..
148, 149
1895, ch. 275, § 44....... 41
1895, ch. 322, § 1........ 33

1895, ch. 375............ 290
1895, ch. 767............ 932
1895, ch. 933............ 31
1895, ch. 934............ 709
1895, ch. 954, § 1....... 33
1896, ch. 112, § 13....... 983
1896, ch. 112, § 28....... 884
1896, ch. 225, § 56....... 114
1896, ch. 272............ 582
1896, ch. 272, § 18.......1090
1896, ch. 272, § 27....... 799
1896, ch. 794.......148, 149
1896, ch. 908, § 35...... 978
1896, ch. 908, § 232...... 956
1896, ch. 908, § 253...... 432
1896, ch. 909, § 110...... 597
1897, ch. 312, § 28...... 979
1897, ch. 378, § 149. Great-
er New York Charter... 570
1897, ch. 378, § 261. Great-
er New York Charter... 803
1897, ch. 378, § 299. Great-
er New York Charter... 547
1897, ch. 378, § 413. Great-
er New York Charter... 80
1897, ch. 378, § 416. Great-
er New York Charter...79, 80
1897, ch. 378, § 417. Great-
er New York Charter... 80
1897, ch. 378, § 419. Great-
er New York Charter...
80, 195, 633
1897, ch. 378, § 607. Great-
er New York Charter... 570
1897, ch. 378, § 895. Great-
er New York Charter... 432
1897, ch. 378, § 1551.
Greater New York Char-
ter .................. 195
1897, ch. 378, §§ 1570,
1571. Greater New York
Charter .............. 968
1897, ch. 378, § 1611.
Greater New York Char-
ter .................. 577
1897, ch. 415, § 8........ 724
1897, ch. 418, § 9, subd. 7 306
1897, ch. 418, §§ 16, 40.. 688
1897, ch. 434............ 577
1897, ch. 439............ 288
1897, ch. 612, § 26, subd. 2 73
1898, ch. 101............ 894
1898, ch. 125............ 983
1898, ch. 184............ 579
1898, ch. 335, § 110, subd.
2, rules 6, 9.......... 775
1899, ch. 128, §§ 114, 119,
256. New Rochelle City
Charter .............. 537
1899, ch. 370.......452, 472
1899, ch. 370, § 6, subd. 1 858
1899, ch. 370, § 7....... 469
1899, ch. 370, § 29...... 41
1899, ch. 417............ 588
1899, ch. 700, § 1 et seq... 37

## STAY.

Pending appeal, see "Appeal," § 6.

## STOCK.

Corporate stock, see "Corporations," § 3.

## STOCKHOLDERS.

Of banks, see "Banks and Banking," § 1.
Of corporations, see "Corporations," § 4.

## STREET RAILROADS.

See "Railroads."

**§ 1.  Establishment, construction, and maintenance.**

Under Laws 1895, c. 933, where street occupied by street railroad is repaved by city, entire cost of repaving strip two feet wide outside of rails must be collected from the railroad company, and no part of it is assessable upon abutting property.—People' v. City of Utica (Sup.) 31.

Where the consent of highway commissioners is necessary to lay tracks on highways, a condition requiring transfer of passengers for a given fare within its own territory is not void, as conflicting with the right in other towns to prescribe conditions for the construction of the road within their limits.—Gaedeke v. Staten Island M. R. Co. (Sup.) 290.

Where a street railroad's franchise, was forfeited if the road was not constructed within a specified time, further construction would be enjoined, pending action to permanently enjoin, on nonperformance of such condition.—Dusenberry v. New York, W. & C. Traction Co. (Sup.) 420.

In an action to enjoin construction of a street railroad on account of lack of required consent by property owners, the burden was on defendant to positively establish such consent.—Dusenberry v. New York, W. & C. Traction Co. (Sup.) 420.

Under Railroad Law, §§ 93, 99, a street railroad can be enjoined from constructing or operating its road when it has failed to carry out the conditions of its franchise requiring completion within less than three years.—Dusenberry v. New York, W. & C. Traction Co. (Sup.) 420.

**§ 2.  Regulation and operation.**

A city ordinance giving ambulances the right of way *held* admissible to prove negligence of a street railway in allowing its car to collide with an ambulance.—Buys v. Third Ave. R. Co. (Sup.) 113.

Where child ran upon a street-car track unexpectedly, and so close to the rapidly approaching car that the driver could take no steps to stop the car, or to save the child from injury, the company is not liable.—Hirschman v. Dry Dock, E. B. & B. R. Co. (Sup.) 304.

Evidence that driver of street car was arrested after the accident *held* prejudicial error.—Seipp v. Dry Dock, E. B. & B. R. Co. (Sup.) 409.

Street-railway company, running a car so close to a van that plaintiff, while standing on the running board, was injured by striking the van, *held* guilty of negligence.—Henderson v. Nassau Electric R. Co. (Sup.) 690.

Facts, in an action for damages from a collision with a street car, *held* not to justify recovery by plaintiff.—Reilly v. Metropolitan St. Ry. Co. (Sup.) 785.

Evidence *held* not to entitle plaintiff, cutting in in front of a street car, to recover for damages occasioned by a collision.—Mason v. Metropolitan St. Ry. Co. (Sup.) 789; Cornell v. Same, Id.

Negligence cannot be predicated on defendant's failure to ring a gong, where plaintiff testifies that he saw the car approaching by which he was struck.—Anderson v. Metropolitan St. Ry. Co. (Sup.) 899.

Facts *held* to establish negligence on part of plaintiff, in an action for damages from being struck by a street car.—Anderson v. Metropolitan St. Ry. Co. (Sup.) 899.

In an action for injuries from a collision with defendant's car, the dismissal of the complaint at the close of plaintiff's testimony *held* error.—Warren v. Union Ry. Co. (Sup.) 1009.

## STREETS.

See "Municipal Corporations," § 7.

## SUBMISSION OF CONTROVERSY.

On submission of controversy on agreed facts, the court, on appeal, cannot draw inferences as to the intended legal effect of a contract, but must construe it according to its terms.—American Box Mach. Co. v. Zentgraf (Sup.) 417.

## SUBSCRIPTIONS.

To corporate stock, see "Corporations," § 3.

## SUBSTITUTION.

Of devisees or legatees, see "Wills," § 4.

## SUIT.

See "Action."

## SUMMARY PROCEEDINGS.

Recovery of possession by landlord, see "Landlord and Tenant," § 7.

## SUMMONS.

See "Process."

## SUPPLEMENTARY PROCEEDINGS

See "Execution," § 1.

## SURVIVORSHIP.

Of devisees or legatees, see "Wills," § 4.

## TAXATION.

See "Intoxicating Liquors," § 1.

Assessments for municipal improvements, see "Municipal Corporations," § 5.

### § 1. Levy and assessment.

Where no more is disclosed on review of an assessment on certiorari than relator's mere claim of inequality and overvaluation in the appraisement, sworn by the assessor to be fair, and the facts on which the claim is based do not appear, the assessment will not be disturbed.—People v. Feitner (Sup.) 432.

Where a taxpayer applies to correct an assessment under Greater New York Charter, § 895, his complaint must state the facts constituting inequality charged; for the court, on certiorari, is not required to enter on a new and original inquiry, under Laws 1896, c. 908, § 253.—People v. Feitner (Sup.) 432.

The expression, "until the third Tuesday of August," in Tax Law, § 35, held not to include the third Tuesday in August.—People v. Hornbeck (Sup.) 978.

### § 2. Payment and refunding or recovery of tax paid.

Where plaintiff resided and voluntarily paid the taxes for several years on premises he alleged belonged to his mother, knowing that such taxes were improperly assessed, he cannot, under Laws 1892, c. 686, § 16, recover back the taxes so paid.—McCue v. Board of Sup'rs of Monroe County (Sup.) 315.

### § 3. Sale of land for nonpayment of tax.

Mandamus held not to lie to set aside a sale for taxes, because of an irregularity in a pamphlet advertisement, where no one was misled.—People v. Coler (Sup.) 665.

A sale of land for a single assessment may be made when there are other assessments in arrears.—People v. Coler (Sup.) 665.

Where plaintiff's lands were included in a parcel with others advertised for sale for delinquent taxes, but the parcel was knocked down to the state without opportunity for bids, the proceeding did not amount to a sale, and was void.—Andrus v. Wheeler (Sup.) 983.

### § 4. Tax titles.

When plaintiff's lands were to be sold for taxes, but were knocked down to the state without sale, a deed based on such proceeding is not validated by the act to quiet tax titles after two years.—Andrus v. Wheeler (Sup.) 983.

When the owner of part of a tract of land pays the exact proportion of a tax laid on the whole tract which her acreage bears to the whole acreage, a sale of her portion for the remaining taxes is without jurisdiction and absolutely void.—Wallace v. Curtis (Sup.) 994.

Evidence held to show that a certain portion of a tract of land upon which the taxes had been paid did not pass by a sale of the remainder for its portion of the tax laid on the whole tract.—Wallace v. Curtis (Sup.) 994.

### § 5. Legacy, inheritance, and transfer taxes.

Failure to tax a bequest, under mistaken theory that it was not subject to transfer tax, held not an "erroneous determination," within Laws 1896, c. 908, § 232, permitting a reappraisement in such cases.—In re Niven (Sup.) 956.

Surrogate's order, on report of appraiser under transfer tax act, held conclusive as to allowance for debts and expenses of administration.—In re Rice's Estate (Sur.) 911.

Surrogate's order, on report of appraiser under transfer tax act, held conclusive as to appraisement.—In re Rice's Estate (Sur.) 911.

Under transfer tax act, authorizing appraisals "as often as occasion may require," reappraisements are contemplated to reach property omitted in former appraisals, and not property previously appraised which has increased in value.—In re Rice's Estate (Sur.) 911.

Where decedent was a nonresident, and his life insurance policies, issued by New York corporations, were in another state at the time of his death, the proceeds of such policies are not taxable, under the transfer tax law (Laws 1892, c. 399).—In re Abbett's Estate (Sur.) 1067.

## TEACHERS.

See "Schools and School Districts," § 1.

## TELEGRAPHS AND TELEPHONES.

### § 1. Regulation and operation.

Under Laws 1848, c. 265. as amended by Laws 1855, c. 569, and Laws 1850, c. 340, a telegraph company cannot be compelled to furnish stock exchange news to persons whom the exchange orders shall not receive the same.—In re Renville (Sup.) 549.

## TENDER.

A check is not a legal tender.—Block v. Garfield (City Ct. N. Y.) 918.

## TESTAMENT.

See "Wills."

## TESTAMENTARY CAPACITY.

See "Wills," § 1.

## TIME.

For taking appeal, see "Appeal," § 5.

## TITLE.

Sufficiency of title of vendor of land, see "Vendor and Purchaser," § 2.

Tax titles, see "Taxation," § 4.

To office, see "Officers," § 2.

## TOOLS.

Liability of employer for defects, see "Master and Servant," § 5.

## TORTS.

Of employés, see "Master and Servant," § 9.
Of married women, see "Husband and Wife," § 2.
Particular torts, see "Conspiracy," § 1; "Negligence"; "Trespass"; "Trover and Conversion."
—— causing death, see "Death," § 1.

## TOWAGE.

A vessel which undertakes to tow other boats must see that the tow is properly made up, and that the lines are strong and securely fastened.—Tilley v. Beverwyck Towing Co. (City Ct. N. Y.) 495.

Though a steam tug employed to tow a vessel into port is not a common carrier, nor an insurer, it is bound to exercise reasonable skill and care, in everything relating to the work, until it is done.—Tilley v. Beverwyck Towing Co. (City Ct. N. Y.) 495.

## TOWNS.

See "Municipal Corporations."

### § 1. Fiscal management, public debt, securities, and taxation.

Under Laws 1895, c. 767, a notice of a submission to town electors of a question as to whether a school teacher is to be pensioned must be published in a newspaper, if any is printed in the town. — People v. Town Board of Plattsburg (Sup.) 932.

A vote by a town, under Laws 1895, c. 767, to provide a teachers' pension fund, on a petition to pension a particular teacher, held invalid.—People v. Town Board of Plattsburg (Sup.) 932.

### § 2. Claims against towns.

A town board has no authority to revive a claim against the town after it has been barred by limitations.—McGrory v. City of New York (Sup.) 689.

## TRADE-MARKS AND TRADE-NAMES.

### § 1. Title, conveyances, and contracts.

Evidence held to establish a trade-mark, so as to entitle the owner to a charge to that effect; and hence submission of its existence was error.—Stern v. Barrett Chemical Co. (Sup.) 221.

Assignee of a corporation held entitled to use and sell spool cabinets which a manufacturer of spool silk had transferred to the corporation without removing his trade-name therefrom, and a purchaser from him entitled to be protected in their use.—Cutter v. Gudebrod Bros. Co. (Sup.) 225.

### § 2. Infringement and unfair competition.

A spool-silk manufacturer, who had merged his business into a corporation, giving it his name, held not entitled to enjoin the use of the corporate name by others.—Cutter v. Gudebrod Bros. Co. (Sup.) 225.

## TRANSFER TAX.

See "Taxation," § 5.

## TRESPASS.

Injuries to trespassers, see "Railroads," § 1.

### § 1. Acts constituting trespass, and liability therefor.

An owner of shore land, who contracts for dredging in front of it, without providing means of preventing deposits from spreading on the land of an adjacent owner, held as much a trespasser as the contractor, where such deposits so spread.—Braisted v. Brooklyn & R. B. R. Co. (Sup.) 674.

### § 2. Actions.

In action to recover treble damages for despoiling trees. under Code Civ. Proc. §§ 1667, 1668, refusal to submit to jury issue as to whether cutting was casual or involuntary held not erroneous.—Van Siclen v. Jamaica Electric Light Co. (Sup.) 210.

Where defendant had an undivided half interest in cattle on plaintiff's farm, on entering and taking one-half of the cattle by force, an instruction that the minimum amount of damages for the trespass was the value of the cattle taken was error.—Felts v. Collins (Sup.) 482.

A defense to trespass, that complainant granted permission to enter the premises, then refused admission, and defendant entered despite the refusal, held demurrable.—Silberman v. New Amsterdam Gas Co. (Sup.) 699.

A defense insufficient in bar is not sustainable as a partial defense, where it is not pleaded as a partial defense.—Silberman v. New Amsterdam Gas Co. (Sup.) 699.

## TRIAL.

See "Continuance"; "New Trial"; "Reference"; "Witnesses."
Of particular civil actions or proceedings, see "Negligence," § 3; "Replevin," § 2.
—— disputed claims against estate of decedent, see "Executors and Administrators," § 4.
Right to trial by jury, see "Jury," § 1.

### § 1. Notice of trial and preliminary proceedings.

Under Code Civ. Proc. § 798, a notice of tria served by mail does not require double the 1 days specified in section 977, since section 79 also provides that such notices may be served b mail at least 16 days before the term.—German Life Ins. Co. v. Powell (Sup.) 942.

An objection that a notice of trial was serv by mail without sufficient postage is waived

accepting it.—Germania Life Ins. Co. v. Powell (Sup.) 942.

When the trial of a case has been entered into, and is discontinued to permit the bringing in of another party as defendant, it is necessary to serve new notice of trial.—Romanoski v. Union Ry. Co. (City Ct. N. Y.) 1097.

A note of issue of fact or law held not filed in compliance with Code Civ. Proc. § 3162.—Miner v. Galvanotype Engraving Co. (City Ct. N. Y.) 1102.

§ 2. Dockets, lists, and calendars.

Under Code Civ. Proc. § 793, right to preference of a cause held lost by failure to serve notice of application with notice of trial.—Eckhard v. Jones (Sup.) 257.

Under Code Civ. Proc. § 793, notice of preference may be served after notice of trial, if within time in which notice of trial can be given.—Gilbert v. Finch (Sup.) 300.

The right of preference upon the calendar given by Code, § 791, subd. 5, to executors, when they are the sole plaintiffs or sole defendants, does not extend to a case where the same person is joined as a party in his individual capacity, as well as in the prescribed capacity.—Ahern v. Ahern (Sup.) 931.

The fact that there is no opposition to a motion to place a case on the preferred calendar is not sufficient reason for granting the preference, unless some right or reason is shown therefor.—Ahern v. Ahern (Sup.) 931.

Code Civ. Proc. § 793, requiring notice of a motion for preference to be served with the notice of trial, does not apply to motions for preference, under special term rule 10, in actions to foreclose mortgages.—Germania Life Ins. Co. v. Powell (Sup.) 942.

Failure of plaintiff to notice his cause for the first term after issue is not laches, defeating his right to move to place the cause on the preferred calendar.—Bailey v. Miles (Sup.) 977.

A motion to strike a case from the calendar, because not regularly thereon, made before it is reached, is in time.—Poindexter v. Carleton (City Ct. N. Y.) 1116.

§ 3. Reception of evidence.

A motion to strike a witness' answer, because it was incompetent, held properly denied.—Jones v. New York Cent. & H. R. R. Co. (Sup.) 721.

That a witness' answer is not responsive is an objection that lies only with the examining counsel.—Jones v. New York Cent. & H. R. R. Co. (Sup.) 721.

§ 4. Taking case or question from jury.

Where, at the close of the evidence, counsel for both parties request a verdict, the court can pass on any question of fact presented by the evidence. — Northam v. International Ins. Co. (Sup.) 45.

Request for direction of a verdict, without subsequent request to go to the jury, is a waiver of the right to go to the jury.—Ranken v. Donovan (Sup.) 542.

61 N.Y.S.—76

Evidence held to authorize direction of verdict for defendants, plaintiffs having waived right to go to jury.—Ranken v. Donovan (Sup.) 542.

Error cannot be predicated on the refusal of the trial court to grant a nonsuit, where there was evidence tending to establish plaintiff's cause of action.—Niland v. Geer (Sup.) 696.

Though the evidence in the first trial of an action for injuries tended to show plaintiff's contributory negligence, yet, she having testified to diligence on the second trial, it was error for the court to dismiss the complaint.—Hickman v. Nassau Electric R. Co. (Sup.) 698.

The trial court is not bound, by Code Civ. Proc. § 1187, to receive the general verdict where, after a motion to direct a verdict has been made, and special fact questions submitted to the jury, they report that they cannot agree upon the questions, but have reached a general verdict.—McDonald v. Metropolitan St. Ry. Co. (Sup.) 817.

If, on the evidence, a verdict in favor of the person against whom judgment has been rendered could not be sustained, a verdict against him may properly be directed.—McDonald v. Metropolitan St. Ry. Co. (Sup.) 817.

Where both parties, at close of case, moved for direction of verdict, the court, if the evidence so warrants, can direct judgment for defendant.—Schreyer v. Jordan (Sup.) 889.

A motion for nonsuit on the ground that proof fails to sustain the complaint must specify omissions relied on.—Boldt v. Epstein (City Ct. N. Y.) 248.

A motion for nonsuit or to dismiss a complaint is properly denied where the motion does not point out the defects in plaintiff's case relied on.—Gowing v. Warner (City Ct. N. Y.) 500.

§ 5. Instructions to jury.

Construction of a foreign statute, in connection with expert testimony, presents a question for the court.—Bank of China, Japan & the Straits v. Morse (Sup.) 268.

A refusal to charge on the effect of testimony, if found to be true, was proper.—Ravin v. Subin (City Ct. N. Y.) 1104.

Instructions having no bearing on issues held properly refused.—Rishel v. Weil (City Ct. N. Y.) 1112.

§ 6. Waiver and correction of irregularities and errors.

Failure to move to strike out evidence of an attorney, after it appeared that the same was privileged, is a waiver of any objection thereto.—Kitz v. Buckmaster (Sup.) 64.

# TROVER AND CONVERSION.

§ 1. Acts constituting conversion, and liability therefor.

Evidence held to show a consignment of merchandise, to be paid for by the consignees at a price fixed in advance if disposed of, and, if not, to be returned, and not a fiduciary relation, which would make them liable for a wrongful

conversion of the proceeds of sales thereof.— Stoneman v. Van Vechten (Sup.) 513.

Defendant's attachment affidavit showing that property seized was claimed by a third person, defendant will be presumed to know that the proceeds of a sale thereof included such property; and hence he is liable in conversion therefor.— Hill v. White (Sup.) 515.

### § 2. Actions.

Whether charge of complaint is fraudulent conversion of money of plaintiff's intestate, and the proof shows that defendant drew the money from the banks at the request of plaintiff's intestate, there can be no recovery on the ground that defendant did not exercise reasonable care in turning the same over to her.—Kirwin v. Malone (Sup.) 844.

Where a complaint charges fraudulent conversion of money, defendant cannot be held liable, on the ground that he was negligent in turning the money over to plaintiff's intestate while she was insane.—Kirwin v. Malone (Sup.) 844.

In an action against a marshal to recover damages for the seizure and conversion of plaintiff's goods under a writ directed against another, testimony of plaintiff as to whose possession the goods were in when seized is competent.—Leibman v. Abramson (Sup.) 897.

# TRUSTS.

Conveyances in trust for creditors, see "Assignments for Benefit of Creditors."

### § 1. Creation, existence, and validity.

An agreement between a grantor and a grantee *held* to constitute a valid trust in favor of the grantor as to a surplus mentioned in the agreement.—Spencer v. Richmond (Sup.) 397.

Deposit of money in bank in name of another, with provision that depositor may withdraw, without knowledge of former, *held* to create trust for benefit of person in whose name deposit was made.—Martin v. Martin (Sup.) 813.

### § 2. Construction and operation.

Evidence *held* sufficient to sustain a finding of a fiduciary relationship between the parties.— Rose v. Durant (Sup.) 15.

A trust deed conveying all of decedent's property affects only such property as was owned by him at the time of its execution.—In re Backus' Will (Sur.) 1070.

### § 3. Appointment, qualification, and tenure of trustee.

A trustee may be removed, merely because of ill feeling between himself and the cestui que trust, though he is guilty of no mismanagement or misconduct.—Disbrow v. Disbrow (Sup.) 614.

### § 4. Management and disposal of trust property.

Ratification by cestui que trust of investment made by trustee must not only be clearly proved, but it must appear that it was made with full knowledge of cestui que trust of all material facts, and that he was fully apprised of their effect and of his rights.—In re Harmon's Estate (Sup.) 50; Reed v. Stevens, Id.

Trustee has no authority to make voluntary investments, of a speculative nature, of trust funds in lands outside the state.—In re Harmon's Estate (Sup.) 50; Reed v. Stevens, Id.

Taking of a mortgage for the benefit of cestui que trust, and a subsequent assignment, *held* proper exercise of the trustee's powers.—Washburn v. Benedict (Sup.) 387.

Surcharging of the accounts of a trustee with the cost of repairs in excess of the cost of similar repairs by other persons *held* error.—Disbrow v. Disbrow (Sup.) 614.

Evidence *held* sufficient to show that a trustee should be credited by the cost of repairs made by him, without detailed evidence of the nature of the repairs.—Disbrow v. Disbrow (Sup.) 614.

That a cestui que trust objected to repairs *held* not to entitle him to have the trustee's account surcharged with the amount paid therefor.—Disbrow v. Disbrow (Sup.) 614.

Surcharging of the accounts of a trustee with penalties incurred by failure to pay taxes promptly *held* error, where the cestui que trust had used the funds available for prompt payment.—Disbrow v. Disbrow (Sup.) 614.

Trusts under a will *held* not entitled to share in the increase in value of the principal before they are set apart.—In re Irwin's Estate (Sur.) 239.

### § 5. Accounting and compensation of trustee.

Where executor, acting also as trustee, sells railroad bonds belonging to estate at a premium, and mingles proceeds of sale with his individual funds, he is chargeable with entire proceeds of sale, and with interest thereon from date of sale. —In re Harmon's Estate (Sup.) 50; Reed v. Stevens, Id.

Executor, acting as trustee, who had encroached on principal in making payments to cestui que trust, his daughter, *held* not entitled to credit for amount overpaid.—In re Harmon's Estate (Sup.) 50; Reed v. Stevens, Id.

Refusal to compel an accounting of trust funds, where plaintiff did not show that all or any certain part of fund in regard to which accounting was sought was trust funds, was not error. — Woodbridge v. First Nat. Bank (Sup.) 258.

A trustee under a deed to take care of real estate is entitled to only such compensation as is allowed to executors, in the absence of any provisions in the deed regulating the compensation.— Disbrow v. Disbrow (Sup.) 614.

Surcharging of the accounts of a trustee with the amount of premiums paid for insurance on the property in excess of its salable value *held* error.—Disbrow v. Disbrow (Sup.) 614.

Where beneficiary died before trust was formed, commissions ought not to be allowed the trustees.—In re Irwin's Estate (Sur.) 239.

Trusts under a will should not bear their pro rata expenses of the principal estate, incurred before they were set apart.—In re Irwin's Estate (Sur.) 239.

**§ 6. Establishment and enforcement of trust.**

Where an agreement as to a surplus constitutes a valid trust as to such surplus, the payment of such surplus to the husband of the cestui que trust, having knowledge of such trust, does not deprive judgment debtors of the cestui que trust of their right to reach same.—Spencer v. Richmond (Sup.) 397.

## UNDISCLOSED AGENCY.

See "Principal and Agent," § 2.

## UNDUE INFLUENCE.

Procuring making of will, see "Wills," § 2.

## UNITED STATES.

See "United States Marshals."
Indians, see "Indians."

## UNITED STATES MARSHALS.

A United States marshal *held* liable for depreciation in value of property in his hands under attachment, where due to his negligence.—Park v. Hayden (Sup.) 264.

A complaint in an action against a United States marshal to recover for depreciation of property in his hands under attachment, due to his negligence, *held* not defective.—Park v. Hayden (Sup.) 264.

## USAGES.

See "Customs and Usages."

## VACATION.

Of attachment, see "Attachment," § 5.
Of judgment, see "Judgment," § 4.

## VENDOR AND PURCHASER.

See "Sales."
Purchasers at tax sale, see "Taxation," § 4.
Specific performance of contract, see "Specific Performance."

**§ 1. Modification or rescission of contract.**

Unintentional error in a chain of title, referring to and intending to convey the same premises, *held* to furnish no grounds for defendant's refusal to perform the contract to purchase the premises.—McAdam v. Farrell (Sup.) 234.

**2. Performance of contract.**

A purchaser of real estate cannot refuse to perform his contract on the ground that the interest of an heir of a former owner who died intestate is still outstanding, where the vendor's title is good by adverse possession.—Kahn v. Mount (Sup.) 358.

A purchaser of real estate cannot refuse to perform his contract on the ground that the premises are incumbered by an agreement the covenants of which are not binding on the land.—Kahn v. Mount (Sup.) 358.

**§ 3. Rights and liabilities of parties.**

Where by lapse of time the lien of a judgment upon a judgment debtor's land has ceased, and no conveyance or deed, upon execution sale thereof, executed by the sheriff, has been recorded as required by statute, and the judgment debtor executes a valid conveyance to a third person, who received it for a valuable consideration and without notice of any other conveyance, and duly recorded his deed as required by law, such third person would acquire a good title thereto.—Davidson v. Crooks (Sup.) 362.

The record of a sheriff's certificate of sale is no notice to a subsequent grantee of the sale by the sheriff, and is therefore no cloud upon the title of the property.—Davidson v. Crooks (Sup.) 362.

A purchaser of realty is chargeable with the constructive notice which the law imputes to the records, and not with everything he might learn from an examination of all papers connected with the title.—Potter v. Sachs (Sup.) 426.

Agreement to maintain fences along a railroad, in consideration of an agreement to convey the land occupied by the road, *held* a covenant running with the land, authorizing conveyance on performance by railroad company.—Davenport v. New Jersey & N. Y. R. Co. (Sup.) 1040.

**§ 4. Remedies of purchaser.**

A vendor may show title by adverse possession on the trial of vendee's action to recover money paid after rescission for defective title, though he had not previously acquainted the vendee with the facts constituting his adverse claim.—Kahn v. Mount (Sup.) 358.

## VENUE.

**§ 1. Nature or subject of action.**

An action against a landlord for entering the demised property and making alterations is within Code Civ. Proc. § 982, requiring actions affecting a "right" in realty to be tried where the realty is situated.—Rothlein v. Hewitt (Sup.) 97.

**§ 2. Change of venue or place of trial.**

Under Code Civ. Proc. § 982, where an action is brought to set aside a fraudulent assignment and conveyance of land situated in another county, a change of venue will be awarded to the county where the land lies.—Iron Nat. Bank v. Dolge (Sup.) 680.

Affidavit of merits *held* unnecessary to change the place of trial of an action as to interest in land to county where land was situated.—Iron Nat. Bank v. Dolge (Sup.) 680.

All parties to an action are concluded by the decision of a motion for change of venue, where they have notice thereof.—Iron Nat. Bank v. Dolge (Sup.) 680.

## VERDICT.

Directing verdict in civil actions, see "Trial," § 4.
Review on appeal, see "Appeal," § 17.

## VESTED REMAINDERS.

Creation, see "Wills," § 4.

## VICE PRINCIPALS.

See "Master and Servant," § 6.

## VILLAGES.

See "Municipal Corporations."

## VOTERS.

See "Elections."

## WAGES.

See "Master and Servant," § 2.

## WAIVER.

See "Estoppel."
Of objections, see "Trial," § 6.

## WAR.

Declaration of war does not dissolve a shipping contract between domestic ports.—Graves v. Miami S. S. Co. (Sup.) 115.

Voluntary disposition of vessels to the government in time of war does not dissolve a shipping contract of the owner.—Graves v. Miami S. S. Co. (Sup.) 115.

## WARRANT.

For attachment, see "Attachment," § 3.

## WARRANTY.

On sale of goods, see "Sales," §§ 5, 7.

## WATERS AND WATER COURSES.

### § 1.  Subterranean and percolating waters.

The city of New York enjoined from operating its pumps, which caused the diversion of percolating waters under plaintiff's land, and held liable for the damage plaintiff had sustained by reason of such diversion.—Forbell v. City of New York (Sup.) 1005.

## WAYS.

Private rights of way, see "Easements."

## WILLS.

See "Descent and Distribution"; "Executors and Administrators."
Charitable bequests and devises, see "Charities."
Construction and execution of trusts, see "Trusts."
Restrictions on perpetuities, see "Perpetuities."

### § 1.  Testamentary capacity.

The fact that testatrix was of unsound mind at the time of her death, and for some months prior thereto, will not affect the validity of her will made two years before. when there is no evidence that such a condition existed when the will was made.—In re King's Will (Sur.) 238.

Evidence of conduct of testatrix held insufficient to rebut presumption of sanity.—In re Dwyer's Will (Sur.) 903.

Evidence held to show that testatrix was of sound mind at the time she executed a will.—In re Dwyer's Will (Sur.) 903.

A will will not be set aside on the sole testimony of an expert that he would not regard one under certain conditions mentally incapable of making a will, when the deceased was not subject to such conditions.—In re Connor's Will (Sur.) 910.

### § 2.  Requisites and validity.

A lost will was sought to be proved by the witnesses, who testified that an unsigned paper was signed by them and then signed by decedent in presence of one of them.  Held, that it was executed, so as to be entitled to probate, under 2 Rev. St. p. 63, § 40.—In re Purdy's Will (Sup.) 430.

Evidence held insufficient to show that a beneficiary exercised undue influence over testatrix.—In re Dwyer's Will (Sur.) 903.

Facts held not to show undue influence sufficient to warrant denial of probate of a will.—In re Westerman's Will (Sur.) 1065.

Under Rev. St. pt. 2, c. 6, tit. 1, art. 3, § 42, a will is not revoked by a trust deed providing for its revocation, where the deed is not executed with the same formalities with which the will itself was required by law to be executed.—In re Backus' Will (Sur.) 1070.

Rev. St. pt. 2, c. 6, tit. 1, art. 3, §§ 47, 48, do not refer to the revocation of wills, but only to the revocation of devises and bequests contained in wills.—In re Backus' Will (Sur.) 1070.

### § 3.  Probate, establishment, and annulment.

A husband under no legal disability may sue, under Code Civ. Proc. § 2653a, to set aside his wife's will for undue influence, etc.—Wells v. Betts (Sup.) 231.

Code Civ. Proc. § 2653a, providing for suits to contest wills probated within two years prior to the passage of the section, held to apply to wills probated after the section was passed.—Wells v. Betts (Sup.) 231.

The probate of a lost will refused, under Code Civ. Proc. § 1865, where one of witnesses swore that decedent devised all his estate to his mother and to her heirs, and one that devise was to her heirs.—In re Purdy's Will (Sup.) 430.

Where a contest over the probate of a will ultimately turned on its correct construction, the surrogate had power to allow costs to the unsuccessful party, under Code Civ. Proc. § 2561.—In re Bogart's Will (Sup.) 671.

Where a party to a contest of a will did not oppose the awarding of costs to contestants

the surrogate's court, his motion for resettlement of costs should be denied.—In re Bogart's Will (Sup.) 671.

Will contested on grounds of undue influence *held* not so unnatural as to throw burden of proof upon proponent.—In re King's Will (Sur.) 238.

Material alterations in will, made by erasing with chemical and writing in words, where no statement is contained in will that they were made before execution, throws burden of showing they were made before execution on proponent.—In re Dwyer's Will (Sur.) 903.

§ 4. Construction.

The language of a devise in a will *held* to show an intention by the testator that if, at his death, any of the devisees were dead, the issue of such devisee or devisees should become substituted therefor.—Lyons v. Weeks (Sup.) 441.

Where property is given to trustees for the benefit of a person during life, and upon the death of such beneficiary to others, the remainder-men take a vested remainder in fee, which is not defeated by the death of such remaindermen during the life of the beneficiary.—Lyons v. Weeks (Sup.) 441.

A son, admitting the validity of his father's will as to his mother's life estate, and not interested in a trust created therein, *held* not entitled, as heir at law, to sue in equity to have the will construed, and the trust declared void, and an intestacy after the death of his mother adjudged.—Kalish v. Kalish (Sup.) 448.

A son cannot maintain an action in equity to have his father's will construed, and a trust therein created declared invalid, where he has no present interest, either as next of kin or as legatee.—Kalish v. Kalish (Sup.) 448.

Code Civ. Proc. § 1866, *held* not to authorize a son to maintain, as heir at law, an action in equity to have his father's will construed, and a trust therein created declared void.—Kalish v. Kalish (Sup.) 448.

Provisions of a will construed, and *held* to provide that surviving sisters of deceased legatee should take her share, independent of children of other brothers and sisters previously deceased. —In re McCahill (Sur.) 1071.

§ 5. Rights and liabilities of devisees and legatees.

A legacy, failing to vest in the legatee because of her death, *held* to pass to the legatee's issue, under 2 Rev. St. p. 66, § 52.—In re Hafner (Sup.) 565.

# WITNESSES.

See "Evidence."

§ 1. Competency.

Whether relation of attorney and client exists, so as to prevent the attorney from testifying to conversations, is a question for the court.— Kitz v. Buckmaster (Sup.) 64.

Code Civ. Proc. § 835, prohibiting the disclosure of confidential communications between attorney and client, does not prevent an attorney from testifying to conversations and advice given to a person not his client.—Kitz v. Buckmaster (Sup.) 64.

Defendant, in an action for wrongfully causing decedent's death, *held* prohibited from testifying concerning the transaction, including conversations with deceased at the time, by Code Civ. Proc. § 829.—Abelein v. Porter (Sup.) 144.

Refusal to permit defendant to testify when he had discovered that a deceased holder of a mortgage had failed to indorse a payment was proper, as calling for evidence concerning a transaction with a deceased person. — Rowley v. Parsons (Sup.) 392.

Under Code, § 836, providing for a waiver of the privileges of a professional witness, a waiver by plaintiff was sufficient where the action was for injuries to his minor son.—Corey v. Bolton (City Ct. N. Y.) 917.

§ 2. Examination.

The form of a question on the cross-examination of a witness in an action for personal injuries *held* not erroneous.—Barrett v. New York Cent. & H. R. R. Co. (Sup.) 9.

A question, on cross-examination, as to the witness' pecuniary interest in the action, is admissible.—Sissinch v. Bernhardt (Sup.) 107.

It is within the discretion of the court whether defendant should be permitted to cross-examine plaintiff's witness upon the whole case before the plaintiff has rested. — Nally v. Hitchcock (Sup.) 962.

§ 3. Credibility, impeachment, contradiction, and corroboration.

Testimony of adverse witness on cross-examination *held* not to conclude party calling him.— Mueller v. Tenth & Twenty-Third St. Ferry Co. (Sup.) 986.

# WORK AND LABOR.

Liens for work and materials, see "Mechanics' Liens."

A servant *held* entitled to an ordinary judgment for wages, though he brought action under Buffalo City Charter, as amended by Laws 1898, c. 101, but failed to state a cause of action entitling him to the special relief provided thereby.—Wah Kee v. Young (Sup.) 894.

# WRITS.

Particular writs, see "Execution"; "Mandamus."

# YEAR.

Agreements not to be performed within one year, see "Frauds, Statute of," § 2.
Estates for years, see "Landlord and Tenant."

# TABLES OF NEW YORK SUPPLEMENT CASES

## APPEARING IN OTHER REPORTS.

## VOL. 41, APPELLATE DIVISION REPORTS.

| | Page |
|---|---|
| Adams v. Nassau Electric R. Co. (58 N. Y. S. 543) | 334 |
| Ahrens v. Moadinger (58 N. Y. S. 497) | 355 |
| American Lucol Co. v. Lowe (58 N. Y. S. 687) | 500 |
| Arena Athletic Club v. McPartland (58 N. Y. S. 477) | 352 |
| Asbestos Pulp Co. v. Gardner (58 N. Y. S. 1136) | 624 |
| Badger v. Celler (58 N. Y. S. 653) | 599 |
| Balfoort v. New York Cent. & H. R. R. Co. (58 N. Y. S. 1136) | 617 |
| Banedetto v. Banker (58 N. Y. S. 1136) | 625 |
| Bateman v. Austin (58 N. Y. S. 1136) | 623 |
| Beach v. McGovern (58 N. Y. S. 493) | 381 |
| Becker v. Syracuse Rapid Transit Ry. Co. (58 N. Y. S. 1136) | 625 |
| Beebe v. Nassau Show Case Co. (58 N. Y. S. 769) | 456 |
| Bell v. Miller (58 N. Y. S. 1136) | 616 |
| Bibbey v. Collins (58 N. Y. S. 1136) | 616 |
| Biel v. Rochester Carting Co. (58 N. Y. S. 1136) | 624 |
| Bigelow v. Niagara River Brewing Co. (In re Busch Brewing Co., 58 N. Y. S. 812) | 204 |
| Bini v. Smith (59 N. Y. S. 1098) | 631 |
| Birrell v. New York & H. R. Co. (58 N. Y. S. 650) | 506 |
| Blanck v. Nelson (59 N. Y. S. 1098) | 632 |
| Boland v. Cook (58 N. Y. S. 1137) | 624 |
| Brown v. Britton (58 N. Y. S. 353) | 57 |
| Brown v. Harmon (58 N. Y. S. 1137) | 623 |
| Brown v. Persons (58 N. Y. S. 1137) | 625 |
| Buffalo Creek R. Co. v. Collins (58 N. Y. S. 65) | 8 |
| Bull v. Case (58 N. Y. S. 774) | 391 |
| Burleigh v. Shepard & Morse Lumber Co. (58 N. Y. S. 1137) | 617 |
| Burlew v. Hunter (58 N. Y. S. 453) | 148 |
| Burnham v. Raymond (58 N. Y. S. 1137) | 625 |
| Busch Brewing Co., Matter of (58 N. Y. S. 812) | 204 |
| Butler v. Butler (58 N. Y. S. 1094) | 477 |
| Caladine v. City of Niagara Falls (58 N. Y. S. 1137) | 623 |
| Cameron v. Nash (58 N. Y. S. 643) | 532 |
| Campbell v. Joseph H. Bauland Co. (58 N. Y. S. 984) | 474 |
| Carll v. Doty (58 N. Y. S. 1137) | 617 |

| | Page |
|---|---|
| Carney, Matter of (58 N. Y. S. 1137) | 617 |
| Carrié v. Davis (58 N. Y. S. 820) | 520 |
| Carson v. Crawford (58 N. Y. S. 1137) | 617 |
| Chapman v. New York Cent. & H. R. R. Co. (58 N. Y. S. 728) | 618 |
| Chicago Lumbering Co. of Michigan v. Hartman (58 N. Y. S. 1137) | 624 |
| Chicago & E. I. R. Co. v. Central Trust Co. of New York (58 N. Y. S. 809) | 495 |
| City of New York, Matter of (58 N. Y. S. 736) | 586 |
| City of New York v. East Bay Land & Improvement Co. (58 N. Y. S. 724) | 567 |
| City of Niagara Falls v. New York Cent. & H. R. R. Co. (58 N. Y. S. 619) | 93 |
| Clark v. Village of Batavia (58 N. Y. S. 1138) | 624 |
| Coheleach v. Gally (59 N. Y. S. 1100) | 632 |
| Colebrook, Matter of (58 N. Y. S. 1138) | 625 |
| Comesky v. Postal Tel. Cable Co. (58 N. Y. S. 467) | 245 |
| Conklin v. McCauley (58 N. Y. S. 879) | 452 |
| Cook v. Gordon (58 N. Y. S. 1138) | 624 |
| Coon v. Coon (58 N. Y. S. 1138) | 617 |
| Corbett v. Clason (59 N. Y. S. 1101) | 631 |
| Cornell v. Village of Baldwinsville (58 N. Y. S. 1138) | 625 |
| Cornell Steamboat Co., People ex rel., v. Dederick (58 N. Y. S. 1146) | 617 |
| Crane, People ex rel., v. Chandler (58 N. Y. S. 794) | 178 |
| Davis v. Marvine (61 N. Y. S. 1135) | 617 |
| Dayton, Matter of (59 N. Y. S. 1101) | 632 |
| Delafield v. Village of Westfield (58 N. Y. S. 277) | 24 |
| Denike v. Towns (58 N. Y. S. 931) | 625 |
| Deutermann v. Pollock (59 N. Y. S. 1101) | 631 |
| Deverell v. Bauer (58 N. Y. S. 413) | 53 |
| De Vito v. Press Pub. Co. (59 N. Y. S. 1102) | 632 |
| Devlin v. Hinman (59 N. Y. S. 1102) | 632 |
| Dolgeville Electric Light & Power Co., Matter of (58 N. Y. S. 1139) | 624 |
| Dougherty v. King (58 N. Y. S. 67) | 1 |
| Douglass v. Northern Cent. Ry. Co. (58 N. Y. S. 73) | 615 |
| Downes v. Elmira Bridge Co. (58 N. Y. S. 628) | 339 |
| Du Bois v. City of New York (59 N. Y. S. 1102) | 632 |

**41 APP. DIV.**—Continued.    Page

Duer v. Hunt (58 N. Y. S. 742) .......... 581
Dygert v. Porschet (58 N. Y. S. 1140) ..... 623

East Side Sav. Bank of Rochester v. Mc-
  Pherson (58 N. Y. S. 1140) ............. 624
Ellison v. Sun Printing & Publishing Ass'n
  (59 N. Y. S. 970) ...................... 594
Emigrant Industrial Sav. Bank v. Regan
  (58 N. Y. S. 693) ...................... 523
England v. Morning Journal Ass'n (59 N.
  Y. S. 1102) ........................... 631
E. Seidenberg, Stiefel & Co., People ex rel.,
  v. Feitner (58 N. Y. S. 713) ........... 571

Ferris' Estate, Matter of (59 N. Y. S. 1102) 631
Fisher v. City of Mount Vernon (58 N. Y.
  S. 490) ............................... 293
Fisk v. Harris (58 N. Y. S. 1140) ........ 623
Flack v. Nassau Electric R. Co. (58 N. Y.
  S. 839) ............................... 399
Flack v. Nassau Electric R. Co. (59 N. Y.
  S. 1104) .............................. 632
Fletcher v. Jacob Dold Packing Co. (58 N.
  Y. S. 612) ............................ 30
Flour City Nat. Bank of Rochester v. Pfaff
  (58 N. Y. S. 1140) .................... 625
Foggan v. Colgan (58 N. Y. S. 1140) ..... 625
Fowler v. Buffalo Furnace Co. (58 N. Y. S.
  223) .................................. 84
Fowler v. Marcus (58 N. Y. S. 867) ...... 425
Fox v. International Hotel Co. (58 N. Y. S.
  441) .................................. 140
Friendly v. Elsner (58 N. Y. S. 1141) ..... 625
Frohle v. Brooklyn Heights R. Co. (58 N.
  Y. S. 561) ............................ 344
Fuller v. Cole (58 N. Y. S. 741) .......... 620

Gans v. McGowan (58 N. Y. S. 951) ..... 461
Garby v. Bennett (59 N. Y. S. 1104) ...... 631
Gardner v. Dutcher (59 N. Y. S. 1104) .... 631
Gates v. Bowers (58 N. Y. S. 287) ....... 612
German American Bank of Rochester v.
  Rich (58 N. Y. S. 1141) ............... 623
Gibbons, People ex rel., v. Coler (58 N. Y.
  S. 988) ............................... 463
Gillespie v. Lidgerwood Mfg. Co. (61 N. Y.
  S. 1137) .............................. 630
Goulden v. Gillen (58 N. Y. S. 458) ....... 302
Govers v. Hofstatter (58 N. Y. S. 550) .... 384
Graves v. Freeman (58 N. Y. S. 1141) .... 624
Green v. Pratt (58 N. Y. S. 1141) ........ 625
Griffin v. Brown (58 N. Y. S. 1141) ...... 623
Guilfoyle v. Seeman (58 N. Y. S. 668) .... 516
Guntzer v. Yonkers R. Co. (59 N. Y. S.
  1105) ................................. 632

Haag v. City of Mt. Vernon (58 N. Y. S.
  581) .................................. 366
Haggart v. Myers (58 N. Y. S. 1141) ..... 617
Hagmayer v. Alten (58 N. Y. S. 684) ..... 487
Hannon v. Hartford Fire Ins. Co. (58 N. Y.
  S. 549) ............................... 226
Harney v. Provident Sav. Life Assur. Soc.
  (58 N. Y. S. 822) ..................... 410
Harney v. Provident Sav. Life Assur. Soc.
  (59 N. Y. S. 1106) .................... 631
Harney v. Provident Sav. Life Assur. Soc.
  (59 N. Y. S. 1106) .................... 632
Harrigan v. Golden (58 N. Y. S. 726) ..... 423
Harrison v. Sperber (58 N. Y. S. 1142) .... 623
Healey v. Carlson (59 N. Y. S. 1106) ..... 631

                                                  Page

Heller, Matter of (58 N. Y. S. 695) ...... 595
Hemmert, People ex rel., v. York (58 N. Y.
  S. 401) ............................... 305
Hemmert, People ex rel., v. York (59 N. Y.
  S. 1113) .............................. 631
Hennessy v. Muhl (58 N. Y. S. 1142) .... 630
Hermann-Graeff v. Wormser (59 N. Y. S.
  1105) ................................. 632
Hess v. Johnson (58 N. Y. S. 983) ....... 465
Hewett v. Town of Thurman (58 N. Y. S.
  83) ................................... 6
Hickman v. Nassau Electric R. Co. (58 N.
  Y. S. 858) ............................ 629
Hinman v. Devlin (58 N. Y. S. 1142) ..... 630
Hitchcock v. City of Syracuse (58 N. Y. S.
  1142) ................................. 623
Holcomb v. Harris (58 N. Y. S. 1142) .... 617
Holmes v. Borst (58 N. Y. S. 1142) ...... 617
Hooker v. Hooker (58 N. Y. S. 536) ...... 235
Horton, People ex rel., v. Fuller (58 N. Y.
  S. 835) ............................... 404
Howe v. Village of Owego (58 N. Y. S.
  1142) ................................. 617
Hudson v. Rome, W. & O. R. Co. (58 N. Y.
  S. 1142) .............................. 625

Israel v. Levy (59 N. Y. S. 1107) ......... 632

Jenkins v. Phillips (58 N. Y. S. 788) ...... 389
Jerome Park Villa Site & Improvement Co.,
  People ex rel., v. Roberts (58 N. Y. S.
  254) .................................. 21

Kearney v. Gorman (58 N. Y. S. 1143) .... 625
Keefe v. Buckley (58 N. Y. S. 1143) ...... 616
Keefe v. Buckley (58 N. Y. S. 1143) ...... 617
Kenny, People ex rel., v. Reilly (58 N. Y.
  S. 558) ............................... 375
Kernochan v. Marshall (58 N. Y. S. 877) .. 425
Keuka College v. Ray (58 N. Y. S. 745) ... 20
King v. Clark (In re Murphy's Will, 58 N.
  Y. S. 450) ............................ 15
Kipp v. Metropolitan Life Ins. Co. (58 N.
  Y. S. 494) ............................ 29
Klein v. Board of Sup'rs of Oneida County
  (58 N. Y. S. 1143) .................... 62
Kornder v. Kings County El. Ry. Co. (58
  N. Y. S. 518) ......................... 37
Koster v. Pain (58 N. Y. S. 865) ......... 44
Krumbeck v. Clancy (58 N. Y. S. 727) .... 39

La Gier v. Delaware, L. & W. R. Co. (58
  N. Y. S. 1143) ........................ 6
La Rue v. McNeil (58 N. Y. S. 1143) ..... 6
Lamb v. Lamb (58 N. Y. S. 1143) ........ 61
Lang v. Williams (59 N. Y. S. 1108) ...... 63
Langley v. East River Gas Co. (58 N. Y. S.
  992) .................................. 4
Lawatsch v. Cooney (58 N. Y. S. 1143) ... 6
Lawlor v. Bucklin (58 N. Y. S. 1143) ..... 6
Lehman v. Haggart (58 N. Y. S. 1141) .... 6
Lehon v. Sayer (58 N. Y. S. 1144) ....... 6
Leonard v. City of Hornellsville (58 N. Y.
  S. 266) ...............................
Leverich v. Leverich (59 N. Y. S. 1108) ...
Lewin v. Lehigh Valley R. Co. (58 N. Y. S.
  113) ..................................
Leyh v. Newburgh Electric R. Co. (58 N.
  Y. S. 479) ............................
Link v. Drury (58 N. Y. S. 1144) .........

**41 APP. DIV.**—Continued.     Page

Litchfield v. International Paper Co. (58 N. Y. S. 856)........................ 446
Lodi Chemical Co. v. National Lead Co. (58 N. Y. S. 717)................... 535
Lonsdale v. Lonsdale (58 N. Y. S. 532).... 224
Lyman v. Swartz (58 N. Y. S. 1144)...... 624
Lynde v. Lynde (58 N. Y. S. 567)........ 280

McCarthy v. Brooklyn Wharf & Warehouse Co. (58 N. Y. S. 1144)................. 630
McClure v. Supreme Lodge, Knights of Honor (59 N. Y. S. 764).............. 131
McConihe v. Connecticut Mut. Life Ins. Co. (58 N. Y. S. 1144)................... 617
McCormick, Matter of (58 N. Y. S. 1144).. 630
McCredy v. Woodcock (58 N. Y. S. 656)... 526
McIntyre v. New York Cent. & H. R. R. Co. (58 N. Y. S. 619)................ 93
McKee v. Lavery (58 N. Y. S. 990)....... 629
McKenna v. Brooklyn Heights R. Co. (58 N. Y. S. 462)...................... 255
McLoughlin v. Bieber (58 N. Y. S. 790)... 561
McLoughlin v. Prescott (58 N. Y. S. 1144) 617
Magnus v. McCarthy (58 N. Y. S. 1144)... 630
Maires, Matter of (59 N. Y. S. 1109)...... 631
Malay v. Mt. Morris Electric Light Co. (58 N. Y. S. 659)...................... 574
Mallery, Matter of (58 N. Y. S. 1144)..... 617
Manhart v. Peters (58 N. Y. S. 1144)...... 623
Marks v. Rochester Ry. Co. (58 N. Y. S. 210) ............................. 66
Mason v. Corbin (58 N. Y. S. 1145)....... 617
Mathews, Matter of (59 N. Y. S. 1110).... 631
Mayer v. Mayer (58 N. Y. S. 1145)...... 624
Mayer v. Raymond (58 N. Y. S. 1145).... 624
Mayor, etc., of City of New York, Matter of (58 N. Y. S. 736)................... 586
Mayor, etc., of City of New York v. East Bay Land & Improvement Co. (58 N. Y. S. 724) ........................ 567
Maxwell v. Conklin (58 N. Y. S. 474)..... 211
Merrick v. Waters (58 N. Y. S. 1145)..... 617
Merrill v. Merrill (58 N. Y. S. 503)........ 347
Merritt v. Shale Brick Exchange (58 N. Y. S. 231) ......................... 620
Michell, Matter of (58 N. Y. S. 632)...... 271
Middleton v. Ames (58 N. Y. S. 645)...... 498
Mohn v. King (58 N. Y. S. 97)........... 611
Montague v. Jewelers' & Tradesmen's Co. (58 N. Y. S. 715)................... 530
Montague v. Lustig (59 N. Y. S. 1110).... 631
Mosher v. Davis (58 N. Y. S. 529)........ 622
Mt. Vernon Consumers' Brewing Co., People ex rel., v. Feitner (58 N. Y. S. 670)... 496
Mulvey, People ex rel., v. York (59 N. Y. S. 735) ......................... 419
Murphy v. City of Niagara Falls (58 N. Y. S. 1145) ....................... 623
Murphy's Will, Matter of (58 N. Y. S. 450) .............................. 153

Nagel v. Lutz (58 N. Y. S. 816).......... 193
Napier v. City of Brooklyn (58 N. Y. S. 606) ............................. 274
Nash v. Weidenfeld (58 N. Y. S. 609)..... 511
Neumer v. Gray (58 N. Y. S. 476)........ 361
Nelson v. Nassau Electric R. Co. (59 N. Y. S. 1110) ...................... 632
New York, City of, Matter of (58 N. Y. S. 736) .............................. 586
New York, City of, v. East Bay Land & Improvement Co. (58 N. Y. S. 724)...... 567

New York, L. & W. R. Co. v. Erie R. Co. (58 N. Y. S. 1145)................... 623
Niagara Falls, City of, v. New York Cent. & H. R. R. Co. (58 N. Y. S. 619)....... 93
Niemoller v. Duncombe (58 N. Y. S. 1145) 630

Oberglock v. Nassau Electric R. Co. (59 N. Y. S. 1111)...................... 631
O'Connell v. Clark (59 N. Y. S. 1111)..... 631
O'Donnell v. American Sugar Refining Co. (58 N. Y. S. 640)................... 307
O'Dwyer v. O'Brien (58 N. Y. S. 1146).... 623
Oneida Tel. Co., People ex rel., v. Central New York Telephone & Telegraph Co. (58 N. Y. S. 221)...................... 17
Opitz v. Hammen (58 N. Y. S. 987)....... 468
Oster v. Johnson (58 N. Y. S. 1146)...... 624

Park Hill Co. v. Herriot (58 N. Y. S. 552) 324
Passage v. Dansville & Mt. Morris R. Co. (58 N. Y. S. 770).................... 182
People v. Chase (58 N. Y. S. 292)......... 12
People v. Drayton (58 N. Y. S. 439)....... 40
People v. Granite State Provident Ass'n (58 N. Y. S. 510)................... 257
People v. Hockenberry (58 N. Y. S. 1146).. 625
People v. Reed (58 N. Y. S. 1146)........ 624
People v. Schneider (58 N. Y. S. 1146)..... 624
People v. Stack (58 N. Y. S. 691)......... 548
People ex rel. Cornell Steamboat Co. v. Dederick (58 N. Y. S. 1146)........... 617
People ex rel. Crane v. Chandler (58 N. Y. S. 794) .......................... 178
People ex rel. E. Seidenberg, Stiefel & Co. v. Feitner (58 N. Y. S. 713)........... 571
People ex rel. Gibbons v. Coler (58 N. Y. S. 988) .............................. 463
People ex rel. Hemmert v. York (58 N. Y. S. 401) .......................... 305
People ex rel. Hemmert v. York (59 N. Y. S. 1113) ......................... 631
People ex rel. Horton v. Fuller (58 N. Y. S. 835) ............................ 404
People ex rel. Jerome Park Villa Site & Improvement Co. v. Roberts (58 N. Y. S. 254) .............................. 21
People ex rel. Kenny v. Reilly (58 N. Y. S. 558) .............................. 378
People ex rel. Mt. Vernon Consumers' Brewing Co. v. Feitner (58 N. Y. S. 670) 496
People ex rel. Mulvey v. York (59 N. Y. S. 735) .............................. 419
People ex rel. Oneida Tel. Co. v. Central New York Telephone & Telegraph Co. (58 N. Y. S. 221).................... 17
People ex rel. Rendrock Powder Co. v. Feitner (58 N. Y. S. 648)............... 544
People ex rel. Tate v. Dalton (58 N. Y. S. 929) .............................. 458
People ex rel. Wheelwright v. York (59 N. Y. S. 1113)..................... 631
People ex rel. Wood v. Denton (58 N. Y. S. 722) .............................. 386
People's State Bank of East Randolph v. National Bank of Corry (58 N. Y. S. 1147) ............................. 625
Perry v. Mutual Reserve Fund Life Ass'n (58 N. Y. S. 844)................... 626
Persons v. Hawkins (58 N. Y. S. 831)..... 171
Pierce v. Chautauqua County Nat. Bank (58 N. Y. S. 1147)................... 624
Pierce v. Porter (58 N. Y. S. 1147)........ 624

**41 APP. DIV.**—Continued.  Page

Pitkin v. Clayton (58 N. Y. S. 483)........ 363
Place v. Dudley (58 N. Y. S. 671)......... 540
Powers v. New York Cent. & H. R. R. Co.
(58 N. Y. S. 1147)..................... 617
Press Pub. Co. v. Associated Press (58 N.
Y. S. 708)............................ 493
Prospect Park & C. I. R. Co. v. Coney Island & B. R. Co. (59 N. Y. S. 1113)..... 631
Pruey v. New York Cent. & H. R. R. Co.
(58 N. Y. S. 797)..................... 158

Remington, Matter of (61 N. Y. S. 1146)... 625
Rendrock Powder Co., People ex rel., v.
Feitner (58 N. Y. S. 648)............. 544
Reynolds v. Leyden (58 N. Y. S. 1147).... 624
Reynolds v. Village of New Rochelle (58 N.
Y. S. 1147).......................... 630
Rhodes v. Caswell (58 N. Y. S. 470)...... 229
Richardson v. City of Syracuse (58 N. Y.
S. 487) ............................. 118
Riegler v. Tribune Ass'n (58 N. Y. S. 807) 490
Robinson v. Summerville & C. Ferry Co.
(58 N. Y. S. 1148).................... 624
Rochester & C. Turnpike Road Co. v. Joel
(58 N. Y. S. 346)..................... 43
Ross v. Caywood (58 N. Y. S. 1148)...... 625
Rossman v. Seaver (58 N. Y. S. 677)..... 603
Ryder, Matter of (58 N. Y. S. 635)....... 247

Saranac & L. P. R. Co. v. Arnold (58 N. Y.
S. 710) ............................. 482
Savage v. Gerstner (58 N. Y. S. 1148)..... 631
Schmit v. Gillen (58 N. Y. S. 458)........ 302
Schneider v. Nassau Electric R. Co. (59 N.
Y. S. 1114).......................... 632
Seckel v. Abrahams (59 N. Y. S. 1114).... 631
Seidenberg, Stiefel & Co., People ex rel., v.
Feitner (58 N. Y. S. 713)............ 571
Selleck v. Selleck (58 N. Y. S. 1148)...... 617
Shay v. McKenna (59 N. Y. S. 1114)...... 632
Sheffield v. Andrews (59 N. Y. S. 1114).... 632
Shields v. Board of Sup'rs of Oneida County (58 N. Y. S. 1148)................. 624
Sias v. Rochester Ry. Co. (58 N. Y. S.
1148) ............................... 624
Simpson v. Simpson (58 N. Y. S. 882)..... 449
Smith v. New York Cent. & H. R. R. Co.
(58 N. Y. S. 63)..................... 614
Smith v. Wetmore (58 N. Y. S. 402)...... 290
Snedeker v. Congdon (58 N. Y. S. 885).... 433
Snediker v. Nassau Electric R. Co. (58 N.
Y. S. 457)........................... 628
Sparling v. Wells (58 N. Y. S. 1149)...... 617
Spaulding v. Millard (58 N. Y. S. 1149)... 617
Stark Machine & Tool Co., Matter of (58
N. Y. S. 1149)....................... 625
Staten Island Cricket & Baseball Club v.
Farmers' Loan & Trust Co. (58 N. Y. S.
460) ................................ 321
Stebbins, Matter of (58 N. Y. S. 468)..... 269
Stevens v. Central Nat. Bank (58 N. Y. S.
1149) ............................... 617
Stilwell, Matter of (58 N. Y. S. 1149)..... 617
Street v. Gordon (58 N. Y. S. 860)........ 439
Stuart v. Potter (58 N. Y. S. 1149)....... 623
Stuyvesant v. Weil (58 N. Y. S. 697)...... 551
Sullivan, Matter of (58 N. Y. S. 1149).... 623
Sutter v. Brooklyn, Q. C. & S. R. Co. (59
N. Y. S. 1115)....................... 632
Sweeney v. Brooklyn Heights R. Co. (59 N.
Y. S. 1115).......................... 632

                                      Page

Tarba v. City of Rochester (58 N. Y. S.
755) ................................ 188
Tate, People ex rel., v. Dalton (58 N. Y. S.
929) ................................ 458
Teachers' Building & Loan Ass'n v. Severance (58 N. Y. S. 464)................ 311
Tetherton v. United States Talc Co. (58 N.
Y. S. 55)............................ 613
Thompson, Matter of (59 N. Y. S. 1116)... 631
Thompson v. New York Cent. & H. R. R.
Co. (58 N. Y. S. 193)................. 78
Thornton v. Moore (58 N. Y. S. 1150)..... 617
Town of Clay v. Hart (58 N. Y. S. 1150).. 625
Trowbridge's Estate, Matter of (59 N. Y. S.
1116) ............................... 632
Turner v. Nassau Electric R. Co. (58 N. Y.
S. 490) ............................. 213

Uppington v. City of New York (58 N. Y.
S. 533) ............................. 370

Van Alstine v. Belden (58 N. Y. S. 521)... 123
Van Camp v. Searle (58 N. Y. S. 1150).... 624
Van Etten v. Marion (58 N. Y. S. 1150)... 617
Van Inwegen v. Port Jervis, M. & N. Y. R.
Co. (58 N. Y. S. 405)................. 628
Vicary v. James (58 N. Y. S. 1150)........ 623
Viele v. Rochester Sav. Bank (58 N. Y. S.
1150) ............................... 623
Village of Haverstraw v. Eckerson (59 N.
Y. S. 1116).......................... 631
Vogt v. Fasola (58 N. Y. S. 982).......... 467
Vulcan Furnace Co. v. Millard (58 N. Y. S.
1150) ............................... 617

Wagner v. Mallory (58 N. Y. S. 526)..... 126
Washington Lighting Co. v. Dimmick (58
N. Y. S. 682)........................ 590
Weigand v. Board of Sup'rs of Oneida
County (58 N. Y. S. 1151)............. 62
Weissman v. Dry Dock, E. B. & B. R. Co.
(59 N. Y. S. 1117)................... 63
Weitzman v. Nassau Electric R. Co. (59 N.
Y. S. 1117).......................... 63
West Canada Water Works Co., Matter of
(58 N. Y. S. 1151)................... 62
Wethcrow v. Lord (58 N. Y. S. 778)...... 41
Wheelwright, People ex rel., v. York (59
N. Y. S. 1113)....................... 6
White v. Sheppard (58 N. Y. S. 563)...... 1
Whitehead v. Lee (59 N. Y. S. 1117)...... 6
Whitlatch v. Fidelity & Casualty Co. (58 N.
Y. S. 789)........................... 6
Wightman v. Phelps (58 N. Y. S. 1151).... 6
Wilcox v. Murtha (58 N. Y. S. 783)....... 4
Williams v. Koehler (58 N. Y. S. 863)..... 4
Williamsburgh Trust Co., Matter of (59 N.
Y. S. 1119).......................... 6
Willson v. Eveline (58 N. Y. S. 1151)..... 6
Wilson, Matter of (59 N. Y. S. 1119)...... 6
Wilson v. New York Cent. & H. R. R. Co.
(58 N. Y. S. 617).................... 6
Wissner v. Moore (58 N. Y. S. 1151)...... 6
Wood, People ex rel., v. Denton (58 N. Y.
S. 722) ............................. 6
Wysong v. Pollock (58 N. Y. S. 877)...... 6

Yenoski v. Seawanhaka Corinthian Yacht
Club (59 N. Y. S. 1119)..............

Zabriskie v. Coates (58 N. Y. S. 523)......
Zeeches v. Smith (58 N. Y. S. 1151).......

## VOL. 42, APPELLATE DIVISION REPORTS.

| | Page |
|---|---|
| Albany Brewing Co. v. Barckley (59 N. Y. S. 65) | 335 |
| Allen v. Corn Exch. Bank (59 N. Y. S. 1098) | 621 |
| Allen v. Home Bank (59 N. Y. S. 1098) | 621 |
| Amsel v. Steinway (59 N. Y. S. 1098) | 622 |
| Anthony & Co., Matter of (58 N. Y. S. 907) | 66 |
| Arwine v. Wells (61 N. Y. S. 1131) | 624 |
| Austin v. Hickok (61 N. Y. S. 1131) | 625 |
| Badger v. Celler (59 N. Y. S. 1098) | 622 |
| Baker, Matter of (59 N. Y. S. 121) | 370 |
| Balch v. City of Utica (59 N. Y. S. 513) | 562 |
| Balch v. City of Utica (59 N. Y. S. 516) | 567 |
| Bank of North Collins v. Cary Safe Co. (59 N. Y. S. 643) | 233 |
| Barkley v. New York Cent. & H. R. R. Co. (59 N. Y. S. 742) | 597 |
| Barr v. Village of Bainbridge (59 N. Y. S. 132) | 628 |
| Bartlett v. New York Cent. & H. R. R. Co. (61 N. Y. S. 1132) | 625 |
| Battersby v. Collier (61 N. Y. S. 1132) | 621 |
| Beekman v. Jones (59 N. Y. S. 138) | 328 |
| Beil v. Supreme Council (58 N. Y. S. 1049) | 168 |
| Bennett v. Robinson (59 N. Y. S. 197) | 412 |
| Bernheimer v. Blumenthal (58 N. Y. S. 1003) | 193 |
| Bernstein v. Solomon (61 N. Y. S. 1132) | 621 |
| Board of Education, Union Free School Dist. No. 1, v. Henderson (59 N. Y. S. 1098) | 237 |
| Boyd, People ex rel., v. Roosevelt (59 N. Y. S. 1111) | 622 |
| Bracken v. Atlantic Trust Co. (59 N. Y. S. 1099) | 621 |
| Brady v. Shepard (58 N. Y. S. 674) | 24 |
| Brewster v. J. & J. Rogers Co. (59 N. Y. S. 32) | 343 |
| Brinkerhoff v. Mooney (59 N. Y. S. 158) | 420 |
| Bronner v. Rouss (58 N. Y. S. 1137) | 624 |
| Brooklyn Gas Fixture Co. v. Bates (59 N. Y. S. 1099) | 622 |
| Brown v. New York Cent. & H. R. R. Co. (59 N. Y. S. 672) | 548 |
| Bull v. Case (59 N. Y. S. 1100) | 627 |
| Burch v. Garlic (58 N. Y. S. 1137) | 624 |
| Burke v. Metropolitan El. Ry. Co. (59 N. Y. S. 1100) | 622 |
| Burns v. Mullin (58 N. Y. S. 933) | 116 |
| Butcher v. Consolidated Trust (59 N. Y. S. 1100) | 621 |
| Butcher v. Consolidated Trust (59 N. Y. S. 1100) | 622 |
| Butler v. New York & Q. C. R. Co. (58 N. Y. S. 1061) | 280 |
| Card v. Pudney (59 N. Y. S. 278) | 405 |
| Carroll v. Demarest (58 N. Y. S. 1028) | 155 |
| Carson v. Eisner (58 N. Y. S. 826) | 614 |
| Cary Mfg. Co. v. British American Assur. Co. (59 N. Y. S. 7) | 201 |
| Cary Mfg. Co. v. Merchants' Ins. Co. (59 N. Y. S. 7) | 201 |
| Cary Mfg. Co. v. Western Assur. Co. (59 N. Y. S. 7) | 201 |
| | Page |
|---|---|
| Cattus, Matter of (59 N. Y. S. 55) | 134 |
| Central Fireworks Co. v. Charlton (58 N. Y. S. 900) | 104 |
| C. Graham & Sons Co. v. Little (59 N. Y. S. 1100) | 622 |
| City of New York v. Bannan (58 N. Y. S. 1031) | 191 |
| Cohen v. Holyoke Envelope Co. (59 N. Y. S. 1100) | 622 |
| Cohen v. Morgan Envelope Co. (59 N. Y. S. 1100) | 622 |
| Commercial Pub. Co. v. Beckwith (59 N. Y. S. 1101) | 621 |
| Conolly v. Hyams (58 N. Y. S. 932) | 63 |
| Corporation Counsel of City of New York, Matter of (In re Riverside Park, 58 N. Y. S. 1029) | 198 |
| Corwin v. Hawkins (59 N. Y. S. 603) | 571 |
| Cosgrove v. New York Cent. & H. R. R. Co. (58 N. Y. S. 1138) | 624 |
| Costello v. Costello (59 N. Y. S. 1101) | 624 |
| Crandall v. Moston (59 N. Y. S. 146) | 629 |
| Crown Cotton Mills v. Turner (59 N. Y. S. 1) | 270 |
| Cuming v. Roderick (58 N. Y. S. 1093) | 620 |
| Davis v. Smith (59 N. Y. S. 120) | 333 |
| Deane v. City of Buffalo (58 N. Y. S. 810) | 205 |
| De Bower, Matter of (59 N. Y. S. 1101) | 626 |
| Defendorf v. Defendorf (59 N. Y. S. 163) | 166 |
| Deinhart v. Electric Light & Power Co. (61 N. Y. S. 1135) | 625 |
| Deitz v. Thornton (In re Lawson, 59 N. Y. S. 152) | 377 |
| Desbecker v. McFarline (59 N. Y. S. 439) | 455 |
| Dey v. Manhattan Real Estate & Loan Co. (59 N. Y. S. 1102) | 627 |
| Dixon's Will, Matter of (59 N. Y. S. 421) | 481 |
| Doheny v. Lacy (59 N. Y. S. 724) | 218 |
| Donnelly v. City of Rochester (58 N. Y. S. 1140) | 624 |
| Donovan v. City of Oswego (59 N. Y. S. 759) | 539 |
| Driffill v. Cowles (61 N. Y. S. 1135) | 624 |
| Dudley v. Adams (59 N. Y. S. 668) | 555 |
| Dudley v. Broadway Ins. Co. (59 N. Y. S. 668) | 555 |
| Dudley v. Globe Fire Ins. Co. (59 N. Y. S. 668) | 555 |
| Dudley v. Hatie (59 N. Y. S. 668) | 555 |
| Dudley v. Hendricks (59 N. Y. S. 668) | 555 |
| Dudley v. Insurance Co. of State of New York (59 N. Y. S. 668) | 555 |
| Dudley v. Mutual Fire Ins. Co. (59 N. Y. S. 668) | 555 |
| Dudley v. National Standard Ins. Co. (59 N. Y. S. 668) | 555 |
| Duer v. Hunt (58 N. Y. S. 1140) | 614 |
| Dygert v. Porschet (58 N. Y. S. 1140) | 624 |
| Eau Claire Nat. Bank v. Germain (61 N. Y. S. 1136) | 624 |
| Ebert v. Loewenstein (58 N. Y. S. 889) | 109 |
| Eckert v. Gallien (59 N. Y. S. 1102) | 622 |
| Ellis v. Manhattan Ry. Co. (59 N. Y. S. 1102) | 622 |

## 42 APP. DIV.—Continued.    Page

Empire Coal Co. v. Burns (61 N. Y. S. 1136) .......................... 624
Engelbrecht, Matter of (59 N. Y. S. 1102).. 621
Ernst-Marx-Nathan Co. v. Berwin (59 N. Y. S. 1102)....................... 621
E. & H. T. Anthony & Co., Matter of (58 N. Y. S. 907)..................... 66

Farley v. Emigrant Industrial Sav. Bank (59 N. Y. S. 1102) .................. 621
Ferrigan's Estate, Matter of (58 N. Y. S. 920) ........................... 1
Finn v. Delaware, L. & W. R. Co. (59 N. Y. S. 771)..................... 524
Fitch v. Central New York Telephone & Telegraph Co. (59 N. Y. S. 140) ........ 321
Flaherty, People ex rel., v. Roosevelt (59 N. Y. S. 1111).................... 621
Flynn, People ex rel., v. York (58 N. Y. S. 1104) ........................ 622
Foehner v. Huber. (59 N. Y. S. 447)....... 439
Fortunato v. City of New York (58 N. Y. S. 683) ........................ 14
Fouquet v. Baird (58 N. Y. S. 1141)....... 624
Fowler v. Buffalo Furnace Co. (61 N. Y. S. 1136) ......................... 625
Fox v. New York El. R. Co. (58 N. Y. S. 707) .......................... 613
Frank v. Bradley & Currier Co. (58 N. Y. S. 1032) ........................ 178
Friendly v. Pierce (59 N. Y. S. 1104)...... 629
Fults' Will, Matter of (59 N. Y. S. 756)... 593

Gall's Estate, Matter of (59 N. Y. S. 254).. 255
Gear, People ex rel., v. Dalton (59 N. Y. S. 1111) ......................... 622
Goldsborough v. Metropolitan St. Ry. Co. (59 N. Y. S. 1105)................. 621
Graham & Sons Co. v. Little (59 N. Y. S. 1100) ......................... 622
Grand Central Bank, Matter of (58 N. Y. S. 1022) ....................... 157
Grant v. Herald Co. (59 N. Y. S. 84)...... 354
Gray v. Haviland (58 N. Y. S. 1060)...... 626
Green v. Metropolitan St. Ry. Co. (58 N. Y. S. 1039)...................... 160
Greenwich & Schuylerville Electric R. Co., Matter of (59 N. Y. S. 1105)............ 630
Gregg v. Tamsen (58 N. Y. S. 1026)....... 138
Gushee v. City of New York (58 N. Y. S. 967) ............................ 37

Haebler v. John Eichler Brewing Co. (58 N. Y. S. 894)...................... 95
Haight v. City of Elmira (59 N. Y. S. 193) 391
Hall, People ex rel., v. Board of Town Auditors (59 N. Y. S. 10)............. 250
Hallett v. New York Cent. & H. R. R. Co. (58 N. Y. S. 943)................ 123
Halsted, Matter of (58 N. Y. S. 898)...... 101
Hamilton v. Village of Owego (59 N. Y. S. 103) .......................... 312
Hammerschmitt v. Second Ave. R. Co. (59 N. Y. S. 1105)................... 621
Hammond v. Snow, Church & Co. (59 N. Y. S. 1106) ...................... 621
Hancock v. Woolworth (In re Dixon's Will, 59 N. Y. S. 421).................. 481
Harper v. Delaware, L. & W. R. Co. (59 N. Y. S. 1106)................... 630
Hartfield v. De Biase (59 N. Y. S. 1106)... 622

                       Page

Hatch v. New York El. R. Co. (59 N. Y. S. 1106) ......................... 621
Hattersley v. Hattersley (59 N. Y. S. 1100) 630
Hatton v. Hilton Bridge Const. Co. (59 N. Y. S. 272)...................... 398
Healey v. Ehret (58 N. Y. S. 917)........ 27
Heller v. Mangels (59 N. Y. S. 1106)...... 621
Hendricks v. New York Cent. & H. R. R. Co. (59 N. Y. S. 1106)............. 630
Herrick, People ex rel., v. Feitner (59 N. Y. S. 1111) ....................... 622
Herrmann v. Sarles (58 N. Y. S. 1017).... 268
Hiller v. Embury (61 N. Y. S. 1138)...... 624
Hilton Bridge Const. Co. v. Foster (59 N. Y. S. 1106)...................... 630
Hofferberth v. Myers (59 N. Y. S. 88)..... 183
Hogan v. City of Watervliet (59 N. Y. S. 103) .......................... 325
Holcomb v. Harris (59 N. Y. S. 160)..... 303
Hollister, Matter of (59 N. Y. S. 1106).... 622
Homan, People ex rel., v. Board of Town Auditors (59 N. Y. S. 10)............. 250
Horner v. State of New York (59 N. Y. S. 96) ........................... 430
Horsfield v. Black (59 N. Y. S. 1106)..... 621
Howard, People ex rel., v. Board of Sup'rs of Erie County (59 N. Y. S. 476)........ 510
Howenstine v. New York El. R. Co. (59 N. Y. S. 1106)...................... 622
Hoyle v. McCrea (59 N. Y. S. 200)....... 313
Hoyle v. Murray (59 N. Y. S. 202)....... 629
Hudson Plasterboard Co. v. Gill (59 N. Y. S. 1107) ......................... 622

Imperial Shale Brick Co. v. Jewett (60 N. Y. S. 35)..................... 588
Ingersoll v. New York Cent. & H. R. R. Co. (59 N. Y. S. 1107)............... 630
Isaacs v. Calder (59 N. Y. S. 21)......... 152
Isaacs v. Calder (59 N. Y. S. 1107)....... 622

Jackson v. Koehler (59 N. Y. S. 1107)..... 621
Jaycox v. Trembly (59 N. Y. S. 245)...... 416
Jenner v. Beers (58 N. Y. S. 1142)........ 624
Johnson v. Long Island R. Co. (61 N. Y. S. 1139) ......................... 626
Johnson, People ex rel., v. Kearney (59 N. Y. S. 1112)..................... 621
Jones v. Nichols (59 N. Y. S. 564)........ 515
Joslin, People ex rel., v. Hills (59 N. Y. S. 1112) ......................... 630

Kellman v. Harris (58 N. Y. S. 1143)..... 624
Kelly, Matter of (59 N. Y. S. 30)........ 283
Ketcham v. Ketcham (59 N. Y. S. 1108)... 626
Ketcham v. Newman (59 N. Y. S. 1108)... 621
Komp v. Raymond (58 N. Y. S. 909)...... 3
Kuhn v. Lyons (59 N. Y. S. 1108)........ 62
Kullmann v. Cox (59 N. Y. S. 12)........ 626

Lanier v. Hoadley (58 N. Y. S. 665)......
Lawler v. New York Cent. & H. R. R. Co. (61 N. Y. S. 1140)................. 62
Lawson, Matter of (59 N. Y. S. 152)..... 37
Lendowski v. Syracuse Rapid Transit Ry. Co. (61 N. Y. S. 1140)............... 62
Leonard, People ex rel., v. Hamilton (59 N. Y. S. 943)..................... 21
Levinson, Matter of (59 N. Y. S. 1108).... 62
Levy v. Dunn (59 N. Y. S. 1108).......... 62
Lewis v. Mason (59 N. Y. S. 123)........ 42

**42 APP. DIV.**—Continued.　Page

Littlejohn v. Leffingwell (59 N. Y. S. 1108)　627
Long Island R. Co., People ex rel., v. Board of Railroad Com'rs (59 N. Y. S. 144)....　366
Lund v. Spencer (59 N. Y. S. 752)........　543
Lyman v. Brucker (61 N. Y. S. 1141)......　624

McCarthy v. Washburn (58 N. Y. S. 1125)　252
MacDonald v. City of New York (59 N. Y. S. 16)　263
McGahey v. Nassau Electric R. Co. (59 N. Y. S. 1109).................　626
McKesson v. Russian Co. (59 N. Y. S. 1109)　622
McMillan v. Richardson (58 N. Y. S. 1144)　624
Manhattan Sav. Inst. v. New York Nat. Exch. Bank (59 N. Y. S. 51)...........　147
Martin v. New York El. R. Co. (58 N. Y. S. 646)　614
Martin v. New York El. R. Co. (59 N. Y. S. 1109)　621
May v. Carleton (59 N. Y. S. 1110).......　621
May, People ex rel., v. Maynard (59 N. Y. S. 419)　579
Mayor, etc., of City of New York v. Bannan (58 N. Y. S. 1031)...............　191
Meigs v. Roberts (59 N. Y. S. 215).......　290
Meyer v. Straus (58 N. Y. S. 904)........　613
Miller v. Warner (59 N. Y. S. 956).......　208
Miller, People ex rel., v. Elmendorf (59 N. Y. S. 115)..................　306
Miller, People ex rel., v. Feitner (59 N. Y. S. 1112)　622
Moore v. Moore (58 N. Y. S. 905)........　92
Morgan v. Village of Penn Yan (59 N. Y. S. 504)　582
Murphy's Will, Matter of (58 N. Y. S. 1145)　624
Murphy's Will, Matter of (61 N. Y. S. 1142)　625
Tussinan v. New York Steam Co. (58 N. Y. S. 1009)　625

National Trading Co. v. New York Brick & Paving Co. (59 N. Y. S. 1110)........　622
New Paltz & Wallkill Val. R. Co., Matter of (59 N. Y. S. 1111)　622
New York, City of, v. Bannan (58 N. Y. S. 1031)　191
Nishvizer Vereinigte Bruder & Nishvizer Unterstuetzungs Verein, Matter of (59 N. Y. S. 1111)　622

O'Brien v. City of Syracuse (58 N. Y. S. 146)　624
O'Brien v. Jackson (58 N. Y. S. 1044).....　171
O'Connor v. Francis (59 N. Y. S. 28).....　375
Oatutt v. Rickenbrodt (59 N. Y. S. 1008)..　238
Rourke v. Feist (59 N. Y. S. 157).......　136

Paet v. Melcher (58 N. Y. S. 913)........　76
Patterson v. McGovern (59 N. Y. S. 1111)　621
Peabody v. Chandler (59 N. Y. S. 240)....　384
People v. Connolly (59 N. Y. S. 1111)......　627
People v. Flanigan (59 N. Y. S. 101).......　318
People v. Hannigan (58 N. Y. S. 703)......　617
People v. Ives (59 N. Y. S. 1111)..........　630
People ex rel. Boyd v. Roosevelt (59 N. Y. S. 1111)　622
People ex rel. Flaherty v. Roosevelt (59 N. Y. S. 1111)　621

People ex rel. Flynn v. York (59 N. Y. S. 1104)　622
People ex rel. Gear v. Dalton (59 N. Y. S. 1111)　622
People ex rel. Hall v. Board of Town Auditors (59 N. Y. S. 10)　250
People ex rel. Herrick v. Feitner (59 N. Y. S. 1111)　622
People ex rel. Homan v. Board of Town Auditors (59 N. Y. S. 10)..............　250
People ex rel. Howard v. Board of Sup'rs of Erie County (59 N. Y. S. 476)........　510
People ex rel. Johnson v. Kearney (59 N. Y. S. 1112)..................　621
People ex rel. Joslin v. Hills (59 N. Y. S. 1112)　630
People ex rel. Leonard v. Hamilton (59 N. Y. S. 943)　212
People ex rel. Long Island R. Co. v. Board of Railroad Com'rs (59 N. Y. S. 144)....　366
People ex rel. May v. Maynard (59 N. Y. S. 419)　579
People ex rel. Miller v. Elmendorf (59 N. Y. S. 115)　306
People ex rel. Miller v. Feitner (59 N. Y. S. 1112)　622
People ex rel. Quinn v. York (59 N. Y. S. 1113)　622
People ex rel. Redfield v. Walker (58 N. Y. S. 1147)　624
People ex rel. Reitman v. Roosevelt (59 N. Y. S. 1112)　621
People ex rel. Rice v. Moss (58 N. Y. S. 1051)　196
People ex rel. Rothschild v. Roosevelt (59 N. Y. S. 1112)　622
People ex rel. State Board of Charities v. New York Soc. for Prevention of Cruelty to Children (58 N. Y. S. 953)...........　83
People ex rel. Sternberger v. Sternberger (59 N. Y. S. 1112)..................　622
People ex rel. Thompson v. Fallon (59 N. Y. S. 1112)..................　627
Persons v. Clarke (56 N. Y. S. 822; 59 N. Y. S. 463)　490
Persons v. Ford (56 N. Y. S. 822; 59 N. Y. S. 463)　490
Persons v. Gardner (56 N. Y. S. 822; 59 N. Y. S. 463)　490
Persons v. Hollister (56 N. Y. S. 822; 59 N. Y. S. 463)　490
Persons v. Saxton (56 N. Y. S. 822; 59 N. Y. S. 463)　490
Pitkin v. Clayton (59 N. Y. S. 1113).......　627
Poole v. Long Island Electric Ry. Co. (59 N. Y. S. 1113)　627
Powers v. Winter (58 N. Y. S. 1147)......　624
Purqua v. Eggleston (59 N. Y. S. 1113)....　630

Quinn, People ex rel., v. York (59 N. Y. S. 1113)　622

Raab's Will, Matter of (58 N. Y. S. 1043)..　141
Rambaut v. Irving Nat. Bank (58 N. Y. S. 1056)　143
Redfield, People ex rel., v. Walker (58 N. Y. S. 1147)　624
Reitman, People ex rel., v. Roosevelt (59 N. Y. S. 1112)..................　621
Rice v. Miller (61 N. Y. S. 1146).........　624

## 42 APP. DIV.—Continued.

Page

Rice, People ex rel., v. Moss (58 N. Y. S. 1051) .......................... 196
Richardson v. Rhines (58 N. Y. S. 1147)... 624
Robinson v. Chinese Charitable & Benevolent Ass'n (58 N. Y. S. 885)........... 65
Robinson v. President, etc., Delaware & H. Canal Co. (59 N. Y. S. 1114)........... 630
Rochester Bill Posting Co. v. City of Rochester (61 N. Y. S. 1146)................ 625
Rockwell v. Dye (59 N. Y. S. 776)....... 520
Rome, W. & O. R. Co. v. Gleason (59 N. Y. S. 647) ............................ 530
Rosselle v. Klein (59 N. Y. S. 94)......... 316
Rossi v. Canevari (59 N. Y. S. 1114)...... 621
Roth v. Brooks (59 N. Y. S. 1114)........ 630
Rothschild, People ex rel., v. Roosevelt (59 N. Y. S. 1112)........................ 622
Rupert v. Mott (58 N. Y. S. 1148)........ 624

Sage v. Stafford (59 N. Y. S. 545)........ 449
Sander v. New York & H. R. Co. (59 N. Y. S. 127) ............................. 618
Sanderson v. Sanderson (58 N. Y. S. 1148) 624
Santway v. Brightweazer (In re Fults' Will, 59 N. Y. S. 756)..................... 593
Sargent, Matter of (59 N. Y. S. 105)...... 301
Savage v. Joseph H. Bauland Co. (58 N. Y. S. 1014) ........................... 285
Savage v. Nassau Electric R. Co. (59 N. Y. S. 225) ............................. 241
Sheehy v. Clausen (59 N. Y. S. 1114)...... 622
Shepard v. Davis (59 N. Y. S. 456)....... 462
Shrady v. Shrady (58 N. Y. S. 546)....... 9
Shrady v. Shrady (61 N. Y. S. 1147)..... 621
Shulz v. City of Albany (59 N. Y. S. 235).. 437
Silliman v. Sampson (59 N. Y. S. 923)..... 623
Silverman v. Baruth (58 N. Y. S. 663).. .. 21
Smith, Matter of (59 N. Y. S. 1115)...... 622
Smith v. Montgomery (58 N. Y. S. 1149)... 624
Smith v. New York El. R. Co. (59 N. Y. S. 1115) ............................. 621
Smith v. Owego Bridge Co. (58 N. Y. S. 1149) ............................. 624
Smith v. Smith (59 N. Y. S. 1115)........ 622
Smith v. Wetmore (59 N. Y. S. 1115)...... 627
Snyder v. Ferguson Contracting Co. (58 N. Y. S. 1149)......................... 624
Spencer v. Town of Sardinia (59 N. Y. S. 412) ............................... 472
Spero v. West Side Bank (59 N. Y. S. 57) 619
Stacey v. City of Syracuse (58 N. Y. S. 1149) ............................. 624
Stair v. Baldwin (59 N. Y. S. 1115)....... 621
Stark Machine & Tool Co., Matter of (61 N. Y. S. 1149)....................... 625
State Board of Charities, People ex rel., v. New York Soc. for Prevention of Cruelty to Children (58 N. Y. S. 953).......... 83
Steinheimer v. Kreusler (59 N. Y. S. 1115) 621
Sternberger, People ex rel., v. Sternberger (59 N. Y. S. 1112).................... 622

Page

Stevenson v. Second Ave. R. Co. (59 N. Y. S. 1115) ........................... 621
Strahan v. Feitner (59 N. Y. S. 1115)..... 621
Sussman v. Corey (59 N. Y. S. 1115)...... 627
Sweet v. Smith (59 N. Y. S. 404)......... 502
Swift v. Tousley (61 N. Y. S. 1149)....... 624

Tabernacle Baptist Church v. Fifth Ave. Baptist Church (59 N. Y. S. 1116)...... 621
Thayer v. Thayer (58 N. Y. S. 1150)...... 624
Thomas v. City of Watertown (58 N. Y. S. 1150) ............................. 624
Thomas v. Remington (58 N. Y. S. 1150).. 624
Thompson, People ex rel., v. Fallon (59 N. Y. S. 1112)......................... 627
Thorn v. Lazarus (59 N. Y. S. 1116)...... 622
Tiemann v. Post (In re Riverside Park, 58 N. Y. S. 1029)....................... 198
Tillson v. Prudential Ins. Co. (59 N. Y. S. 1116) ............................. 630
Townsend v. Bell (59 N. Y. S. 203)....... 409
Trenton Potteries Co. v. Title Guarantee & Trust Co. (59 N. Y. S. 1116)........ 622
Truslow v. Cocheu (59 N. Y. S. 1116)..... 626

Union Bank v. Conroy (59 N. Y. S. 631)... 576
United States Casualty Co. v. O. J. Gude Co. (59 N. Y. S. 1116)................ 622
Universal Trust Co. v. Diedrick (59 N. Y. S. 1116) ........................... 622

Ver Planck v. Godfrey (58 N. Y. S. 784)... 1
Vincent v. Johnson (58 N. Y. S. 1150)..... 62
Voight v. Meyer (59 N. Y. S. 70)......... 35
Voorhies v. Cummings (58 N. Y. S. 1120).. 26
Vroman v. Pickering (59 N. Y. S. 1117)... 63

Wade v. Strever (59 N. Y. S. 76).......... 33
Wagman v. Carpenter (59 N. Y. S. 1117).. 63
Wallace v. Syracuse Rapid Transit Ry. Co. (59 N. Y. S. 651)..................... 59
Ward v. McKee (58 N. Y. S. 1028)........ 15
Watson, Matter of (59 N. Y. S. 1117).... 6
Watson v. Kemp (59 N. Y. S. 142)........ 37
Weiland v. Forgotston (59 N. Y. S. 1117).. 6
Weissman v. Dry Dock E. B. & B. R. Co. (59 N. Y. S. 1117)................... 6
Wescott v. Higgins (58 N. Y. S. 938)......
Western Massachusetts Mut. Fire Ins. Co. v. Hilton (58 N. Y. S. 996)............
Wicker v. Village of Elmira Heights (59 N. Y. S. 130)........................... 4
Wieland v. President, etc., of Delaware & H. Canal Co. (59 N. Y. S. 1117)........
Williams v. New York Cent. & H. R. R. Co. (59 N. Y. S. 742)..................

Yates v. Wing (59 N. Y. S. 78)..........
Youngs v. Perry (59 N. Y. S. 19).........

# VOL. 27, MISCELLANEOUS REPORTS.

Page

Adamson v. Houghtaling (57 N. Y. S. 1133) 819
A. D. Farmer & Son Type-Founding Co. v. Humboldt Pub. Co. (57 N. Y. S. 821)... 314
Aiken, Lambert & Co. v. Haskins (59 N. Y. S. 486) .............................. 629
Allen v. Marckwald (58 N. Y. S. 706) ..... 683
Altworth v. Flynn (58 N. Y. S. 606) ...... 838
Alvord v. City of Syracuse (58 N. Y. S. 854) ............................... 392
Amer v. Folk (58 N. Y. S. 397)........... 634
American Bank-Note Co., Matter of (58 N. Y. S. 275)............................. 572
American Brass & Copper Co. v. Ingersoll (57 N. Y. S. 738)..................... 783
American Church Missionary Soc. v. Griswold College (58 N. Y. S. 3)........... 42
Angel v. Rae (57 N. Y. S. 817).......... 829
Arfman v. Hare (57 N. Y. S. 759)........ 777
Arkenburgh v. Arkenburgh (59 N. Y. S. 612) ................................ 760

Baiz v. Malo (58 N. Y. S. 806).......... 685
Baker, Matter of (57 N. Y. S. 398)....... 126
Balla v. Metropolitan St. Ry. Co. (57 N. Y. S. 746)............................. 775
Banzhaf v. Ludwig (57 N. Y. S. 828)...... 821
Barber v. Lane (58 N. Y. S. 1136)........ 804
Barbineau's Will, Matter of (59 N. Y. S. 375) ................................ 417
Barker, Matter of (58 N. Y. S. 868)...... 395
Barry v. Rainey (57 N. Y. S. 766)........ 772
Battin v. Grand Conservatory of Music (57 N. Y. S. 740)........................ 780
Baxter v. Gilson, Collins & Co. (57 N. Y. S. 815) ............................. 812
Bayerdorfer v. Bowles (58 N. Y. S. 202)... 840
Beck v. Cooke (57 N. Y. S. 653).......... 185
Beck v. Donohue (57 N. Y. S. 741)....... 230
Behan v. Phelps (59 N. Y. S. 713)........ 718
Belsena Coal Min. Co. v. Liberty Dredging Co. (57 N. Y. S. 739)................. 191
Bennett v. Budweiser Brewing Co. (58 N. Y. S. 313)............................. 805
Benta v. Harris (58 N. Y. S. 398)........ 648
Bentley v. Gardner (58 N. Y. S. 824)...... 674
Bergholtz v. Ithaca St. Ry. Co. (58 N. Y. S. 388) ............................. 176
Bernhard v. Cohen (58 N. Y. S. 363)...... 794
Bernheimer v. Prince (58 N. Y. S. 392)... 831
Bialostosky, Matter of (59 N. Y. S. 606).. 716
Boessneck v. Bab (58 N. Y. S. 849)....... 379
Bowers v. Stewart (58 N. Y. S. 1137)..... 842
Bradner v. Mullen (59 N. Y. S. 178)...... 479
Braffett, Matter of (57 N. Y. S. 890)..... 329
Brand v. Weir (57 N. Y. S. 731)......... 212
Brazee v. Town of Hornby (58 N. Y. S. 387) ................................ 129
Brenner v. Lawrence (58 N. Y. S. 769).... 755
Brien v. Romano (57 N. Y. S. 750)....... 225
Broadbent v. Marley (57 N. Y. S. 765).... 778
Bronx Gas & Electric Co., Matter of (58 N. Y. S. 875).......................... 371
Brumm v. Gilbert (59 N. Y. S. 237)....... 421
Brunnings v. Bittner (58 N. Y. S. 364).... 798
Bueb v. Geraty (57 N. Y. S. 655)......... 813
Burdick, Matter of (58 N. Y. S. 759)..... 298

Page

Burke v. Burke (58 N. Y. S. 676)......... 684
Burkhart v. Tucker (59 N. Y. S. 711)..... 724
Burnham v. Burnham (58 N. Y. S. 196)... 106
Bussel v. Sagor (57 N. Y. S. 221)........ 810

Carpenter v. City of New York (58 N. Y. S. 421) ............................. 272
Carroll v. Toplitz (60 N. Y. S. 1134)...... 833
Casey v. Barry (60 N. Y. S. 768)......... 835
Catholic University of America v. Conrad (57 N. Y. S. 820)..................... 326
Central Trust Co., Matter of (59 N. Y. S. 696) ................................ 613
Cheney v. Rankin (58 N. Y. S. 263)...... 609
City of New York v. Brown (57 N. Y. S. 742) ................................ 218
Coats v. Smith (58 N. Y. S. 1138)........ 807
Cohen v. Levy (58 N. Y. S. 721).......... 330
Conner v. Watson (59 N. Y. S. 213)...... 444
Connor v. Metropolitan St. Ry. Co. (58 N. Y. S. 340)............................. 541
Coogan, Matter of (59 N. Y. S. 111)...... 563
Cooper v. Cooper (59 N. Y. S. 86)........ 595
Cotta v. Carr (58 N. Y. S. 317).......... 545
Counrod's Estate, Matter of (In re Evans, 59 N. Y. S. 164)..................... 475
Cox v. Bates (57 N. Y. S. 816).......... 816
Craig v. Blake (58 N. Y. S. 330)......... 546
Craswell v. New York & S. B. Ferry & Steam Transp. Co. (57 N. Y. S. 827).... 822
Crompton & Knowles Loom Works v. Brown (57 N. Y. S. 823).............. 319
Cromwell v. Foster (57 N. Y. S. 362)...... 121
Cross v. Birch (58 N. Y. S. 438).......... 295
Cuff v. Heine (58 N. Y. S. 324)......... 498

Davis v. Davis (59 N. Y. S. 223)........ 455
Dean v. Cunningham (57 N. Y. S. 97)..... 31
Deering v. Schreyer (58 N. Y. S. 485).... 237
De Forest v. Andrews (58 N. Y. S. 358)... 145
De Hierapolis v. Webber (58 N. Y. S. 1139) 789
Delaney's Estate, Matter of (58 N. Y. S. 924) ................................ 398
Delprat's Will, Matter of (58 N. Y. S. 768) 355
Dennison v. Lawrence (58 N. Y. S. 142)... 99
Devine v. Metropolitan St. Ry. Co. (58 N. Y. S. 1139)............................ 844
Diener v. Schwab (58 N. Y. S. 362)....... 544
Doll v. Devery (57 N. Y. S. 767)......... 149
Donaldson, Matter of (In re Ginsburg, 59 N. Y. S. 656)...................... 745
Dougherty v. Thompson (59 N. Y. S. 608) 738
Dudensing v. Jones (58 N. Y. S. 178)..... 69
Duer v. Fox (59 N. Y. S. 426)............ 676
Dupignac v. Quick (58 N. Y. S. 341)...... 500
Dwyer v. McLaughlin (57 N. Y. S. 220)... 187

Edelson v. Epstein (58 N. Y. S. 334)..... 543
Elliott v. Vermilyea (57 N. Y. S. 218).... 189
Elliott's Estate, Matter of (58 N. Y. S. 603) 258
Empire Hardware Co. v. Young (57 N. Y. S. 753) ............................. 226
Evans, Matter of (59 N. Y. S. 164)....... 475
Evans v. Evans (57 N. Y. S. 274)........ 10
Everdell v. Hill (58 N. Y. S. 447)........ 285

**27 MISC.**—Continued.    Page

Fajen v. German Dutch Reformed Church (58 N. Y. S. 1140).................... 797
Farmer & Son Type-Founding Co. v. Humboldt Pub. Co. (57 N. Y. S. 821)....... 314
Fenton v. Scholer (57 N. Y. S. 1137)...... 830
Ferguson v. Harrison (58 N. Y. S. 850)... 380
Ferree v. Moquin-Offerman-Hessenbuttel Coal Co. (58 N. Y. S. 1140)............ 837
Fidelity Trust Co. of Newark, Matter of (57 N. Y. S. 361).................... 118
Fitzpatrick v. Krause (58 N. Y. S. 283)... 792
Flagg's Estate, Matter of (59 N. Y. S. 167) 401
Foley's Estate, Matter of (58 N. Y. S. 201) 77
Forbell v. City of New York (56 N. Y. S. 790).................................... 12
Foster v. Scurich (57 N. Y. S. 95)........ 25
Fredrichs v. City of New York (58 N. Y. S. 285).................................... 588
Fridenberg v. Lee Const. Co. (58 N. Y. S. 391).................................... 651
Friede v. Weissenthanner (58 N. Y. S. 336) 518
Funson v. Philo (58 N. Y. S. 419)........ 262

Gallagher v. Dolan (57 N. Y. S. 334)...... 122
Gallagher v. Keating (58 N. Y. S. 366).... 131
Gallerstein v. Manhattan Ry. Co. (58 N. Y. S. 374).................................. 506
Gearns' Estate, Matter of (58 N. Y. S. 200).................................... 76
Geis, Matter of (59 N. Y. S. 175)........ 490
G. H. Haulenbeck Advertising Agency v. November (60 N. Y. S. 573)............ 836
Gibbons v. Hellwig (58 N. Y. S. 291)...... 787
Gihon's Will, Matter of (59 N. Y. S. 494) 626
Gilroy v. Badger (58 N. Y. S. 392)........ 640
Ginsburg, Matter of (59 N. Y. S. 656)...... 745
Goddard v. American Queen Incorporated (59 N. Y. S. 46)...................... 482
Goddard v. Mooney (57 N. Y. S. 223)...... 816
Goerl v. Damrauer (58 N. Y. S. 297)...... 555
Gomprecht v. Scott (57 N. Y. S. 799)...... 192
Goodness v. Metropolitan St. Ry. Co. (57 N. Y. S. 100)........................ 11
Grand Central Bank, Matter of (57 N. Y. S. 418).................................. 116
Greenberg v. Britt (58 N. Y. S. 409)...... 799
Gruel v. Yetter (58 N. Y. S. 373)........ 494

Haas v. Selig (58 N. Y. S. 328).......... 504
Hackett v. Metropolitan St. Ry. Co. (58 N. Y. S. 1141)........................ 839
Hahl v. Sugo (57 N. Y. S. 920)............ 1
Hall v. Lay (59 N. Y. S. 638)............ 602
Halprin v. Schachne (57 N. Y. S. 735).... 195
Hanke v. Cigar Makers' International Union (58 N. Y. S. 412)................ 529
Hansen v. Third Ave. R. Co. (58 N. Y. S. 282).................................... 524
Harper, Matter of (59 N. Y. S. 371)...... 471
Hartman v. Michel (58 N. Y. S. 373)...... 788
Hastings v. Hastings (58 N. Y. S. 416).... 244
Hatch v. Carey (58 N. Y. S. 1142)........ 841
Hathaway's Estate, Matter of (59 N. Y. S. 166).................................... 474
Haulenbeck Advertising Agency v. November (60 N. Y. S. 573)............... 836
Hauser v. Metropolitan St. Ry. Co. (58 N. Y. S. 286).......................... 538
Hawkins v. Deitz (57 N. Y. S. 751)........ 200
Hays v. Union Trust Co. (57 N. Y. S. 801) 240
Healy's Will, Matter of (58 N. Y. S. 927) 352

Henly v. Delaware, L. & W. R. Co. (57 N. Y. S. 396)............................ 811
Hennessy v. Muhleman (57 N. Y. S. 114).. 232
Herrick v. Snyder (59 N. Y. S. 229)...... 462
Hess v. Metropolitan St. Ry. Co. (57 N. Y. S. 222)............................ 823
Hoffman v. Metropolitan St. Ry. Co. (57 N. Y. S. 1139)........................ 786
Holm v. Appelby (57 N. Y. S. 266)........ 49
Hosmer v. City of Gloversville (59 N. Y. S. 559).................................. 669
Hubbard v. Housley (58 N. Y. S. 432)..... 276
Huff v. Wheeler (59 N. Y. S. 716)........ 763
Hunter v. Batterson (58 N. Y. S. 396).... 642
Hurwitz v. Hamburg-American Packet Co. (56 N. Y. S. 379)...................... 814

Insurance Co. of State of Pennsylvania v. Telfair (57 N. Y. S. 780)............... 247
Interior Conduit & Insulation Co. v. Alexander, Barney & Chapin (59 N. Y. S. 126) 598

Jablinowsky v. Yokel (57 N. Y. S. 1140)... 847
Jackson v. New Amsterdam Gas Co. (57 N. Y. S. 753)............................ 777
Jacobs, Matter of (59 N. Y. S. 549)...... 757
Jenkinson v. Harris (59 N. Y. S. 548)..... 714
Jessup v. Pringle Memorial Home (59 N. Y. S. 207).............................. 427
Johnson v. Thorn (57 N. Y. S. 762)....... 771
Johnson's Will, Matter of (58 N. Y. S. 601) 167

Kaplan v. Wein (58 N. Y. S. 1142)........ 790
Keefe's Will, Matter of (59 N. Y. S. 490).. 618
Keeler v. Fischer-Hansen (57 N. Y. S. 821) 324
Kennedy v. Bridgman (58 N. Y. S. 253)... 585
Kenny v. Kane (59 N. Y. S. 555)......... 680
Kerr v. Metropolitan St. Ry. Co. (57 N. Y. S. 794).............................. 190
Kiernan v. Manhattan Ry. Co. (58 N. Y. S. 394)................................. 841
Kingston v. Berry (58 N. Y. S. 331)...... 803
Kirchner v. Reichardt (58 N. Y. S. 314)... 530
Kirwan v. Barney (57 N. Y. S. 812)....... 181
Kissam v. Bremmerman (57 N. Y. S. 890).. 14
Klein v. Armstrong (57 N. Y. S. 754)..... 785
Klingenstein v. Goldwasser (58 N. Y. S. 342).................................... 536
Knudsen v. Friedery (58 N. Y. S. 581).... 98
Kramer v. Schatzkin (57 N. Y. S. 803).... 206
Kreizer v. Frey (58 N. Y. S. 1143)....... 847

Lasker v. Third Ave. R. Co. (57 N. Y. S. 395).................................... 824
Lassere v. Stein (57 N. Y. S. 1140)....... 847
Lawrence's Will, Matter of (59 N. Y. S. 174).................................... 473
League Cycle Co. v. Abrahams (58 N. Y. S. 306).................................. 548
Le Bowski v. Le Bowski (59 N. Y. S. 499) 759
Lennon v. Bradley & Currier Co. (59 N. Y. S. 277)............................... 452
Leonard v. Jacobson (57 N. Y. S. 818).... 325
Lesourd, Matter of (59 N. Y. S. 371)..... 414
Levy v. Cohen (57 N. Y. S. 1141)......... 776
Lewis v. Donohue (58 N. Y. S. 319)....... 514
Lippitt v. St. Louis Dressed Beef & Provision Co. (57 N. Y. S. 747)............ 222
Litchfield v. International Paper Co. (57 N. Y. S. 275)............................ 8
Lockwood v. Sello (57 N. Y. S. 816)...... 826

**27 MISC.**—Continued. Page

Lora v. Dora (58 N. Y. S. 1144)......... 806
Lowe v. Bennett (58 N. Y. S. 88)........ 356
Lyman, Matter of (57 N. Y. S. 888)....... 327

McAllister v. Simon (57 N. Y. S. 733).... 214
McCann v. Gerding (59 N. Y. S. 381).... 845
McCobb v. Christiansen (59 N. Y. S. 187).. 825
McCormick, Matter of (59 N. Y. S. 374)... 416
MacDougall v. Hoes (58 N. Y. S. 209).... 590
McInnes v. Gardiner (57 N. Y. S. 356).... 124
Mack v. Austin (58 N. Y. S. 607)......... 839
McKesson v. Russian Co. (57 N. Y. S. 579) 96
McTaggart v. Eastman's Co. (57 N. Y. S. 222)........................ 184
McWilliam v. Dayton (57 N. Y. S. 819)... 828
Mahoney v. Bernhardt (58 N. Y. S. 748).. 339
Manning v. Ferrier (58 N. Y. S. 332)...... 522
Marcus v. Collins Bldg. & Const. Co. (57 N. Y. S. 737)..................... 784
Marcus v. Hollander (57 N. Y. S. 1142)... 817
Market & Fulton Nat. Bank of New York v. Nassau Trust Co. (59 N. Y. S. 567)... 690
Marks v. Delaglio (59 N. Y. S. 707)....... 652
Marren v. Cram (57 N. Y. S. 771)........ 158
Martin v. Riehl (58 N. Y. S. 141)......... 112
Martin's Estate, Matter of (In re McCormick, 59 N. Y. S. 374)............... 416
Mead v. Mead (59 N. Y. S. 444).......... 459
Mechanic's Lien against 478 Cherry Street, Matter of (58 N. Y. S. 665)........... 682
Mercantile Nat. Bank of City of New York v. City of New York (57 N. Y. S. 254)... 32
Merritt v. Smith (58 N. Y. S. 851)........ 366
Miller v. Miller (59 N. Y. S. 473)......... 758
Mitchell v. Fidelity & Deposit Co. (57 N. Y. S. 1142)..................... 818
Mitchell v. Klein (57 N. Y. S. 1142)...... 818
Monteith's Estate, Matter of (58 N. Y. S. 379)............................. 163
Moore v. Charles E. Monell Co. (58 N. Y. S. 430)........................ 235
Moriarity's Adm'r, Matter of (58 N. Y. S. 380)............................. 161
Mount's Estate, Matter of (59 N. Y. S. 176) 411
Murphy v. American Transfer Co. (57 N. Y. S. 1142)..................... 778

Neely v. Munnich (58 N. Y. S. 316)....... 507
Neely v. Munnich (57 N. Y. S. 1143)...... 814
Negus, Matter of (58 N. Y. S. 377)....... 165
Newell v. Newell (57 N. Y. S. 403)........ 117
New Paltz & Wallkill Val. R. Co., Matter of (59 N. Y. S. 451)................. 451
New York Mercantile Loan Ass'n v. National Sewing-Mach. Co. (57 N. Y. S. 1143)............................. 781
New York Polyclinic Medical School & Hospital v. King (57 N. Y. S. 796)...... 250
Nicoll v. Doremus (58 N. Y. S. 1145)..... 807
Niver v. Village of Bath-on-the-Hudson (58 N. Y. S. 270)..................... 605
Nones, Matter of (In re Negus, 58 N. Y. S. 377)............................. 165
Nusbaum v. Weber (58 N. Y. S. 1146).... 843

...n v. Arendt (58 N. Y. S. 429).......... 270
...phant v. Phyfe (58 N. Y. S. 217)...... 64
...mond v. Metropolitan St. Ry. Co. (58 N. Y. S. 335)..................... 526
...Rourke v. Cram (57 N. Y. S. 771)...... 158

...di v. Conde (58 N. Y. S. 410)......... 496

Page

Patterson v. City Trust, Safe-Deposit & Surety Co. (58 N. Y. S. 206).......... 835
Pennsylvania Glass Co., Matter of (57 N. Y. S. 396)........................ 815
Pennsylvania & D. Oil Co. v. Spitelnik (58 N. Y. S. 311)..................... 557
People v. Molineux (57 N. Y. S. 936)..... 60
People v. Molineux (58 N. Y. S. 155)..... 79
People v. Spencer (58 N. Y. S. 1127)...... 491
People ex rel. Bronx Gas & Electric Co. v. Feitner (58 N. Y. S. 875)............ 371
People ex rel. Clint v. Hamilton (58 N. Y. S. 959)........................... 360
People ex rel. Denholm v. Welde (59 N. Y. S. 474)........................... 697
People ex rel. Gardiner v. Goff (57 N. Y. S. 1106)......................... 331
People ex rel. Herrick v. Feitner (57 N. Y. S. 807)........................... 153
People ex rel. Joyce v. York (59 N. Y. S. 418)............................. 658
People ex rel. Kleet v. Town Board of West Turin (59 N. Y. S. 234)............. 470
People ex rel. Larkin v. Palmer (59 N. Y. S. 62)............................ 569
People ex rel. Leonard v. Hamilton (58 N. Y. S. 584)........................ 308
People ex rel. Liatto v. Dunn (58 N. Y. S. 147)............................. 71
People ex rel. McDonald v. Lantry (57 N. Y. S. 770)........................ 160
People ex rel. Mead v. Dalton (59 N. Y. S. 666)............................. 667
People ex rel. Metropolitan St. Ry. Co. v. Roesch (57 N. Y. S. 295)............ 44
People ex rel. Miller v. Feitner (57 N. Y. S. 807)........................... 153
People ex rel. New York Cent. & H. R. R. Co. v. Hilts (58 N. Y. S. 434)........ 290
People ex rel. O'Brien v. Van Wyck (59 N. Y. S. 134)........................ 439
People ex rel. Ripp v. Town Board of Lewis (59 N. Y. S. 248)................... 469
People ex rel. Sagazei v. Sagazei (59 N. Y. S. 701)........................... 727
People ex rel. Shields v. Scannell (59 N. Y. S. 480)........................... 734
People ex rel. Sloane v. Fallon (57 N. Y. S. 931)............................ 16
People ex rel. Smith v. Foster (58 N. Y. S. 574)............................. 576
People ex rel. Stern v. New York Society for Prevention of Cruelty to Children (58 N. Y. S. 118)..................... 457
People ex rel. Struller v. McKean (59 N. Y. S. 633)........................... 659
People ex rel. Sutphen v. Feitner (58 N. Y. S. 869)........................... 384
People ex rel. Tierney v. Scannell (59 N. Y. S. 679)........................... 662
People ex rel. Tobin v. Knauber (57 N. Y. S. 782)........................... 253
Petschaft v. Lubow (57 N. Y. S. 251)..... 50
Phelan v. Rycroft (57 N. Y. S. 251)....... 48
Pichel v. Pichel (58 N. Y. S. 335)......... 798
Pierson v. Jackman (58 N. Y. S. 344)..... 425
Pierson v. Ward (58 N. Y. S. 362)........ 798
Podmore v. Seamen's Bank for Savings (57 N. Y. S. 829)..................... 317
Podmore v. South Brooklyn Sav. Inst. (57 N. Y. S. 406)..................... 120

**27 MISC.—Continued.**     Page

Porter v. Metropolitan St. Ry. Co. (57 N.
Y. S. 1145)................................ 786
Press Pub. Co. v. Associated Press (58 N.
Y. S. 186):................................ 90
Printz v. Campbell (57 N. Y. S. 1145)..... 813

Raff v. Koster (57 N. Y. S. 252).......... 47
Railway Advertising Co. v. Sire (58 N. Y.
S. 204) ................................... 637
Reade v. Continental Trust Co. (58 N. Y.
S. 321) ................................... 435
Reading Hardware Co. v. City of New York
(59 N. Y. S. 253)......................... 448
Reidy v. Metropolitan St. Ry. Co. (58 N. Y.
S. 326)................................... 527
Reilly v. Eastman's Co. (57 N. Y. S. 825).. 322
Reines v. Berkman (58 N. Y. S. 281)...... 793
Rieser v. Charles F. Parker & Co. (57 N.
Y. S. 745)................................ 205
Riverside Park Extension, Matter of (58
N. Y. S. 963)............................. 373
Roberts v. Dahut (58 N. Y. S. 304)....... 795
Rogers v. Thompson (58 N. Y. S. 273)..... 801
Romberg v. Kouther (57 N. Y. S. 729).... 227
Rosenstock v. Montague (58 N. Y. S. 1148) 844
Rosenwald v. Goldstein (57 N. Y. S. 224).. 827
Rosenzweig v. McCaffrey (57 N. Y. S. 219) 808
Russell v. New York Produce Exch. (58 N.
Y. S. 842)................................ 381

Salvinsky v. Levin (58 N. Y. S. 284)...... 521
Samuel v. Roberts (58 N. Y. S. 765)....... 296
Sanchez & Haya Co. v. Hirsch (57 N. Y.
S. 795) ................................... 202
Schapiro v. Block (58 N. Y. S. 365)....... 791
Schmid v. De Grauw (59 N. Y. S. 569).... 693
Schreyer v. Jordan (58 N. Y. S. 206)...... 643
Schulz v. City of Albany (57 N. Y. S. 963) 51
Schweiger v. German Sav. Bank (57 N. Y.
S. 356) ................................... 123
Scott v. Brown (57 N. Y. S. 763).......... 203
Seidelbach v. Knaggs (58 N. Y. S. 199).... 110
Sess v. Richey (58 N. Y. S. 1148)......... 843
Sherwood v. Ellenstein (57 N. Y. S. 99)... 30
Sierichs v. John Hancock Mut. Life Ins.
Co. (58 N. Y. S. 364).................... 806
Sinnit v. Cambridge Val. Agricultural So-
ciety & Stock Breeders' Ass'n (58 N. Y.
S. 238) ................................... 586
Smith v. Drought (57 N. Y. S. 1148)...... 810
Smith v. Smith (57 N. Y. S. 774).......... 252
Smith v. Will & Baumer Co. (59 N. Y. S.
482) ...................................... 600
Snow v. Daggett (57 N. Y. S. 773)........ 256
Sonn v. Weissmann (58 N. Y. S. 1149).... 845
Southack's Will, Matter of (59 N. Y. S.
696) ...................................... 613
Sparks' Estate, Matter of (58 N. Y. S. 766) 350
Speiss v. Weinberg (57 N. Y. S. 761)...... 774
Sproull v. Star Co. (56 N. Y. S. 1001)..... 27
Steinhardt v. Burt (57 N. Y. S. 751)...... 782
Steinson v. Board of Education (58 N. Y.
S. 734) ................................... 687
Stephens v. McAlpin (58 N. Y. S. 395).... 832
Stewart v. Butler (59 N. Y. S. 573)....... 708
Stewart v. Hilton (58 N. Y. S. 415)....... 239
Stone v. Mansfield (58 N. Y. S. 339)...... 560
Strong v. Walton (58 N. Y. S. 761)........ 302
Symons v. Metropolitan St. Ry. Co. (58 N.
Y. S. 327)................................ 502

    Page

Tallman v. Gaillard (57 N. Y. S. 419)..... 114
Tannenbaum v. Bloomingdale (58 N. Y. S.
235) ...................................... 532
Thalmann v. Hoffman House (58 N. Y. S.
227)...................................... 140
Thompson v. City of Sea Isle City (58 N.
Y. S. 203)................................ 834
Thompson v. Remsen (58 N. Y. S. 424).... 279
Thorne's Estate, Matter of (59 N. Y. S.
700) ...................................... 624
Ticonderoga Pulp & Paper Co. v. Jones (58
N. Y. S. 178)............................. 69
Timpone v. Dry Dock, E. B. & B. R. Co.
(57 N. Y. S. 827)........................ 826
Tinker v. City Trust, Safe-Deposit & Sure-
ty Co. (57 N. Y. S. 910)................. 23
Townsend v. Townsend (58 N. Y. S. 420).. 268
Treacy v. Ellis (57 N. Y. S. 418)......... 116
Trenkmann v. Schneider (57 N. Y. S. 652) 808
Tucker's Estate, Matter of (59 N. Y. S.
699) ...................................... 616

Victoria Paper Mills Co. v. New York &
P. Co. (57 N. Y. S. 397)................. 179
Vincent v. Cram (57 N. Y. S. 771)........ 158
Volkmar v. Third Ave. R. Co. (57 N. Y. S.
1149) ..................................... 818

Wabberson v. Wabberson (57 N. Y. S. 405) 125
Wadsworth, Matter of (57 N. Y. S. 911).. 264
Wallace v. Arkell (57 N. Y. S. 655)....... 819
Wallace v. Frey (56 N. Y. S. 1051)........ 29
Wallace v. Mount Morris Bank (56 N. Y.
S. 1051) .................................. 29
Wallace v. United States Trust Co. (56 N.
Y. S. 1051).............................. 29
Waltenberg v. Bernhard (58 N. Y. S. 325) 794
Wanamaker v. Megraw (59 N. Y. S. 81).... 591
Wasson v. Hoff (57 N. Y. S. 953)......... 55
Webb v. Hecox (58 N. Y. S. 382)......... 169
Weinstraub v. Metropolitan Life Ins. Co.
(58 N. Y. S. 295)........................ 540
Wester v. Mutual Reserve Fund Life Ass'n
(57 N. Y. S. 832)........................ 830
Western Union Tel. Co. v. Manhattan Ry.
Co. (57 N. Y. S. 357).................... 101
Westervelt v. Burns (57 N. Y. S. 749).... 781
West Side Bank v. Foehrenbach (57 N. Y.
S. 396) ................................... 815
Wetmore v. Wetmore (59 N. Y. S. 586).... 700
White v. West (58 N. Y. S. 841).......... 397
Whitman v. Seibert (59 N. Y. S. 185)..... 814
Whitman & Barnes Mfg. Co. v. Hamilton
(57 N. Y. S. 760)........................ 193
Wiehle v. Safford (58 N. Y. S. 298)....... 56
Wilber's Estate, Matter of (57 N. Y. S.
942) ...................................... 5
Wilbur's Estate, Matter of (In re Baker,
57 N. Y. S. 398)......................... 12
Williams v. Webb (58 N. Y. S. 300)...... 50
Williams' Estate, Matter of (59 N. Y. S.
606) ...................................... 71
Winfield v. Cauchois (57 N. Y. S. 763).... 77
Wolff v. Zeller (58 N. Y. S. 608)......... 64
Workum v. Caldwell (58 N. Y. S. 175).... 7
Wright v. May (57 N. Y. S. 1151)........ 83

Yates' Estate, Matter of (In re Barker, 58
N. Y. S. 868)............................. 3

## VOL. 28, MISCELLANEOUS REPORTS.

| | Page |
|---|---|
| Abrams v. Fine (59 N. Y. S. 550) | 533 |
| Alaske Unterstuetzung Verein v. Wall (58 N. Y. S. 1115) | 174 |
| Alixanian v. Alixanian (59 N. Y. S. 1068) | 638 |
| Amer v. Folk (59 N. Y. S. 532) | 508 |
| Anthony v. Carl (58 N. Y. S. 1084) | 200 |
| Arnheim v. Arnheim (59 N. Y. S. 948) | 399 |
| Atkinson, Matter of (59 N. Y. S. 792) | 694 |
| August v. Crane (59 N. Y. S. 583) | 549 |
| Baertz v. Krueger (58 N. Y. S. 1055, 1109) | 755 |
| Bagley v. Mutual Reserve Fund Life Ass'n (59 N. Y. S. 812) | 270 |
| Baker v. McMullen (58 N. Y. S. 1086) | 128 |
| Balcom, Matter of (58 N. Y. S. 1097) | 1 |
| Balleng v. New York & C. Mail S. S. Co. (58 N. Y. S. 1074) | 238 |
| Banzhaf v. Ludwig (59 N. Y. S. 535) | 496 |
| Barkley v. Williams (59 N. Y. S. 1038) | 459 |
| Batterman v. Journal Co. (59 N. Y. S. 965) | 375 |
| Beckham v. Hague (60 N. Y. S. 213) | 753 |
| Bender v. Van Allen (59 N. Y. S. 885) | 304 |
| Berry v. Schaad (59 N. Y. S. 551) | 389 |
| Billington v. Richters (59 N. Y. S. 60) | 769 |
| Bittiner v. Gomprecht (58 N. Y. S. 1011) | 218 |
| Blair's Estate, Matter of (59 N. Y. S. 1090) | 611 |
| Blank v. Kearney (59 N. Y. S. 645) | 383 |
| Bliss v. Caryell (59 N. Y. S. 13) | 162 |
| Boker v. Demorest Mfg. Co. (59 N. Y. S. 826) | 263 |
| Borup's Estate, Matter of (59 N. Y. S. 1097) | 474 |
| Bowns v. Stewart (59 N. Y. S. 721) | 475 |
| Boyce v. Lambeck & Betz Eagle Brewing Co. (58 N. Y. S. 1054) | 761 |
| Brandreth's Estate, Matter of (59 N. Y. S. 1092) | 468 |
| Brewster v. McLaughlin (58 N. Y. S. 989) | 50 |
| Briggs v. Todd (59 N. Y. S. 23) | 208 |
| Brock's Commercial Agency v. Bean (59 N. Y. S. 1099) | 797 |
| Brown, Matter of (59 N. Y. S. 844) | 273 |
| Bryant v. Metropolitan St. Ry. Co. (59 N. Y. S. 595) | 532 |
| Buchanan v. Buchanan (59 N. Y. S. 810) | 261 |
| Buddington v. Kennedy (59 N. Y. S. 1099) | 763 |
| Bueb v. Geraty (59 N. Y. S. 249) | 134 |
| Burke v. Lincoln-Valentine Co. (58 N. Y. S. 1077, 1124) | 202 |
| Butler v. Atlantic Trust Co. (59 N. Y. S. 814) | 42 |
| Campbell v. Tappen (59 N. Y. S. 601) | 553 |
| Campe v. Weir (58 N. Y. S. 1082) | 243 |
| Carr v. Hilton (59 N. Y. S. 1100) | 782 |
| Chavin v. Smith (59 N. Y. S. 593) | 531 |
| Christiansen v. Mendham (59 N. Y. S. 1100) | 765 |
| Cleveland's Will, Matter of (59 N. Y. S. 985) | 369 |
| Clokey v. International Rubber Clothing Co. (59 N. Y. S. 878) | 326 |
| Cohen v. Farley (58 N. Y. S. 1102) | 168 |
| Cohn, Matter of (59 N. Y. S. 1028) | 658 |
| Comer v. Nelson (59 N. Y. S. 184) | 793 |
| | Page |
|---|---|
| Conway v. Metropolitan St. Ry. Co. (59 N. Y. S. 1101) | 783 |
| Conway v. Stevens (58 N. Y. S. 1004) | 785 |
| Cook v. Benson (59 N. Y. S. 1101) | 781 |
| Copp v. Colorado Coal & Iron Co. (59 N. Y. S. 1101) | 795 |
| Courtney v. Metropolitan St. Ry. Co. (59 N. Y. S. 1101) | 779 |
| Craswell v. New York & S. B. Ferry & Steam Transp. Co. (59 N. Y. S. 554) | 487 |
| Crompton & Knowles Loom Works v. Brown (59 N. Y. S. 556) | 513 |
| Crosby, Matter of (59 N. Y. S. 865) | 300 |
| Dalcase, Matter of (58 N. Y. S. 1139) | 773 |
| Dannhauser v. Wallenstein (60 N. Y. S. 50) | 690 |
| Davidson v. Hammerstein (59 N. Y. S. 563) | 529 |
| De Lemos v. Cohen (59 N. Y. S. 498) | 579 |
| Delaware, L. & W. R. Co. v. Syracuse, L. & B. R. Co. (59 N. Y. S. 1035) | 456 |
| Dixon v. Coleman (59 N. Y. S. 806) | 64 |
| Dommerich v. Garfunkel (58 N. Y. S. 1006) | 433 |
| Dreyfus v. Carroll (58 N. Y. S. 1116) | 222 |
| Dulon v. Camp (59 N. Y. S. 508) | 548 |
| Dyer v. Osborne (58 N. Y. S. 1123) | 234 |
| Ehrenreich v. Lichtenberg (59 N. Y. S. 383) | 789 |
| Eisinger v. Betz (59 N. Y. S. 1102) | 797 |
| Elliott v. Vermilyea (59 N. Y. S. 181) | 790 |
| Epstein v. United States Fidelity & Guaranty Co. (58 N. Y. S. 1135) | 440 |
| Falkenberg v. Erie R. Co. (59 N. Y. S. 44) | 165 |
| Fallon, Matter of (59 N. Y. S. 849) | 748 |
| Fallon v. Farber (59 N. Y. S. 11) | 197 |
| Faulkner v. Cody (59 N. Y. S. 807) | 66 |
| Fellerman v. Goldberg (58 N. Y. S. 1113) | 235 |
| First Nat. Bank of Brooklyn, Matter of (59 N. Y. S. 1042) | 662 |
| First Nat. Bank of Plainfield v. Mortimer (60 N. Y. S. 47) | 686 |
| Fleischman v. Glaser (59 N. Y. S. 686) | 555 |
| Gerkhardt v. Austin (58 N. Y. S. 1072) | 191 |
| Getman, Matter of (59 N. Y. S. 1013) | 451 |
| Getman v. Dorr (59 N. Y. S. 788) | 654 |
| Gilroy v. Badger (58 N. Y. S. 1106) | 143 |
| Gluck v. Duberstein (59 N. Y. S. 497) | 777 |
| Goldberg v. Kratzenstein (59 N. Y. S. 1104) | 771 |
| Goldberg v. Kratzenstein (59 N. Y. S. 1104) | 772 |
| Goldstein v. Goldsmith (59 N. Y. S. 677) | 569 |
| Gordon v. Dowley (59 N. Y. S. 1105) | 797 |
| Graham v. Schleimer (59 N. Y. S. 689) | 535 |
| Greene v. Seitz (59 N. Y. S. 383) | 790 |
| Gude Co. v. Farley (58 N. Y. S. 1036) | 184 |
| Haig v. Feist (59 N. Y. S. 1105) | 764 |
| Hall v. Jones (58 N. Y. S. 1063) | 767 |
| Hardy, Matter of (59 N. Y. S. 912) | 307 |
| Hart v. Metropolitan St. Ry. Co. (58 N. Y. S. 1087) | 766 |
| Hartman v. Hicks (59 N. Y. S. 529) | 527 |
| Hatfield v. Sisson (59 N. Y. S. 73) | 255 |
| Haug v. Schumacher (59 N. Y. S. 1056) | 671 |
| Hays v. Ledman (59 N. Y. S. 687) | 575 |

## 28 MISC.—Continued.

| | Page |
|---|---|
| Heaton v. Hull (59 N. Y. S. 281) | 97 |
| Hedden v. Nederburg (58 N. Y. S. 1065) | 233 |
| Heimerdinger v. American Mfg. Co. (58 N. Y. S. 1022) | 773 |
| Henly v. Delaware, L. & W. R. Co. (59 N. Y. S. 857) | 499 |
| Herrmann Furniture & Plumbers' Cabinet Works v. Hyman (59 N. Y. S. 526) | 567 |
| Herron v. Herron (59 N. Y. S. 861) | 323 |
| Heslin v. Eastern Building & Loan Ass'n (59 N. Y. S. 572) | 376 |
| Hirsch v. Annin (58 N. Y. S. 1019) | 228 |
| H. L. Judd & Co. v. Bennett (59 N. Y. S. 624) | 558 |
| Hodge, Matter of (59 N. Y. S. 775) | 104 |
| Hoes v. Allen (59 N. Y. S. 191) | 450 |
| Hoey v. Hoey (59 N. Y. S. 946) | 396 |
| Hoffman House of New York v. Jordan (58 N. Y. S. 1091) | 193 |
| Hotaling v. Schermerhorn (59 N. Y. S. 484) | 311 |
| Hunter, Matter of (59 N. Y. S. 874) | 314 |
| Hunter v. Batterson (59 N. Y. S. 501) | 479 |
| Hyman v. Hearn (59 N. Y. S. 1107) | 767 |
| Imperiale Bldg. Co. v. Woodbury Dermatological Institute (59 N. Y. S. 186) | 786 |
| Irish's Estate, Matter of (60 N. Y. S. 30) | 647 |
| Iron Clad Mfg. Co. v. Smith (59 N. Y. S. 332) | 172 |
| Israel v. Israel (59 N. Y. S. 800) | 57 |
| Jacobs v. Friedman (59 N. Y. S. 382) | 441 |
| Jaeger v. Koenig (59 N. Y. S. 182) | 436 |
| Jennings v. Chelsea Division Benefit Fund Soc. (59 N. Y. S. 862) | 556 |
| Jensen, Matter of (59 N. Y. S. 653) | 378 |
| Jewelers' League v. Hepke (60 N. Y. S. 224) | 716 |
| Johnson's Will, Matter of (59 N. Y. S. 906) | 363 |
| Johnstown Cemetery Ass'n v. Parker (59 N. Y. S. 821) | 280 |
| Jones, Matter of (59 N. Y. S. 893) | 338 |
| Jones, Matter of (59 N. Y. S. 983) | 356 |
| Jones v. Jones (59 N. Y. S. 974) | 421 |
| Judd & Co. v. Bennett (59 N. Y. S. 624) | 558 |
| Kahn v. Crawford (59 N. Y. S. 853) | 572 |
| Kearney v. Alexander (58 N. Y. S. 1075) | 760 |
| Kessler, Matter of (59 N. Y. S. 888) | 336 |
| Kiernan v. Manhattan Ry. Co. (59 N. Y. S. 626) | 516 |
| Kinzel, Matter of (59 N. Y. S. 682) | 622 |
| Klein v. Turkel (58 N. Y. S. 1119) | 190 |
| Kramer v. Gerlach (59 N. Y. S. 855) | 525 |
| Lake Geneva Ice Co. v. Selvage (59 N. Y. S. 544) | 581 |
| Lambert v. Salomon (59 N. Y. S. 676) | 562 |
| Lancaster, Matter of (59 N. Y. S. 1022) | 595 |
| Leary v. Hegeman (59 N. Y. S. 59) | 195 |
| Liston v. New York Casualty Co. (58 N. Y. S. 1090) | 240 |
| Lutz v. Lutz (59 N. Y. S. 972) | 393 |
| Lyman, Matter of (59 N. Y. S. 828) | 278 |
| Lyman, Matter of (59 N. Y. S. 971) | 385 |
| Lyman, Matter of (59 N. Y. S. 968) | 408 |
| Lynch v. Rabe (59 N. Y. S. 109) | 215 |
| McCobb v. Christiansen (59 N. Y. S. 303) | 119 |
| McDonald v. Green (59 N. Y. S. 787) | 55 |

| | Page |
|---|---|
| McKenna v. Fireman's Ins. Co. (59 N. Y. S. 41) | 173 |
| McMahon's Estate, Matter of (60 N. Y. S. 64) | 69 |
| McNulty v. Duffy (59 N. Y. S. 592) | 77 |
| McNulty v. Rowe (59 N. Y. S. 690) | 52 |
| McTaggart v. Eastman's Co. (58 N. Y. S. 1118) | 127 |
| Mahoney v. O'Neill (59 N. Y. S. 378) | 437 |
| Maier v. Hubbard (59 N. Y. S. 1100) | 788 |
| Marks v. Dellaglio (59 N. Y. S. 509) | 539 |
| Martin v. Hamilton (58 N. Y. S. 1118) | 768 |
| Marx v. Pennsylvania Fire Ins. Co. (59 N. Y. S. 693) | 496 |
| Mayer v. Lithauer (58 N. Y. S. 1064) | 171 |
| Meany v. Rosenberg (59 N. Y. S. 582) | 520 |
| Milhau's Estate, Matter of (59 N. Y. S. 910) | 366 |
| Miller, Matter of (59 N. Y. S. 978) | 373 |
| Miller v. Dodge (59 N. Y. S. 1070) | 640 |
| Miller v. Northern Imp. Co. (59 N. Y. S. 305) | 762 |
| Miller v. Ricci (59 N. Y. S. 1060) | 666 |
| Mills v. Albany Exch. Sav. Bank (59 N. Y. S. 149) | 251 |
| Mills v. Mills (59 N. Y. S. 1048) | 633 |
| Moeran v. New York Poultry, Pigeon & Pet-Stock Ass'n (59 N. Y. S. 584) | 537 |
| Monell, Matter of (59 N. Y. S. 981) | 308 |
| Morgan v. Metropolitan St. Ry. Co. (59 N. Y. S. 1110) | 783 |
| Morgan v. Wayne Bldg., Loan & Accumulating Fund Ass'n (59 N. Y. S. 1110) | 758 |
| Moss v. Geddes (59 N. Y. S. 867) | 291 |
| Mueller v. Schmenger (59 N. Y. S. 189) | 445 |
| Murphy's Will, Matter of (59 N. Y. S. 1078) | 650 |
| Myers v. Twelfth Ward Bank (58 N. Y. S. 1065) | 188 |
| Myers' Will, Matter of (59 N. Y. S. 908) | 359 |
| Newell v. Smith (58 N. Y. S. 1025) | 182 |
| Nicholson v. Grossman (59 N. Y. S. 1111) | 797 |
| Nicoll v. Karrick (58 N. Y. S. 1018) | 199 |
| O'Brien v. Mutual Reserve Fund Life Ass'n (59 N. Y. S. 812) | 270 |
| O'Donoghue's Estate, Matter of (59 N. Y. S. 1087) | 607 |
| O'Hara v. City of New York (59 N. Y. S. 36) | 258 |
| O. J. Gude Co. v. Farley (58 N. Y. S. 1036) | 184 |
| O'Neill, Matter of (In re Jones' Estate, 59 N. Y. S. 1020) | 599 |
| O'Neill v. Morris (59 N. Y. S. 1075) | 613 |
| O'Reilly v. New Brunswick, A. & N. Y. Steamboat Co. (59 N. Y. S. 261) | 112 |
| Osterhoudt v. Osterhoudt (59 N. Y. S. 797) | 285 |
| Oswego County Sav. Bank v. Town of Genoa (59 N. Y. S. 829) | 71 |
| Palmer v. Harrison (58 N. Y. S. 1107) | 186 |
| Parke v. Gay (59 N. Y. S. 890) | 329 |
| Pasternak v. Weiss (59 N. Y. S. 1111) | 789 |
| Pennsylvania Glass Co., Matter of (58 N. Y. S. 1067) | 131 |
| People v. Hayes (59 N. Y. S. 761) | 9 |
| People ex rel. Alsberge v. Cram (59 N. Y. S. 922) | 32 |
| People ex rel. Boyd v. Hertle (60 N. Y. S. 23) | 3 |

**28 MISC.**—Continued.  Page

People ex rel. Decker v. Decker (60 N. Y. S. 60) .................................. 699
People ex rel. Gales v. McDonough (60 N. Y. S. 45)............................. 652
People ex rel. Manhattan Ry. Co. v. Barker (59 N. Y. S. 926)...................... 13
People ex rel. Mehegan v. Scannell (59 N. Y. S. 950)............................. 401
People ex rel. Moore v. Leavy (59 N. Y. S. 408) ................................ 246
People ex rel. Pierce v. Cassidy (59 N. Y. S. 1112) ............................ 589
People ex rel. Sherrill v. Guggenheimer (59 N. Y. S. 913)....................... 735
People ex rel. Shook v. Kilburn (59 N. Y. S. 1052) ............................ 679
People ex rel. Smith v. Doyle (59 N. Y. S. 950) ............................... 411
People ex rel. Speir v. Tax Com'rs (59 N. Y. S. 1010)........................... 591
People ex rel. Taylor v. Welde (59 N. Y. S. 1030) ............................. 582
People ex rel. United States Grand Lodge of Order of Brith Abraham v. Payn (59 N. Y. S. 851)................................. 275
People ex rel. West v. City of Syracuse (59 N. Y. S. 763)....................... 95
Perkins v. Allen (58 N. Y. S. 1080; 59 N. Y. S. 258).......................... 145
Phillip Semmer Glass Co. v. Nassau Show-Case Co. (59 N. Y. S. 530)............. 577
Pierson, Matter of (59 N. Y. S. 1003)...... 726
Piskosh v. Third Ave. R. Co. (59 N. Y. S. 1113) ................................ 778
Podmore v. Seamen's Bank (59 N. Y. S. 629)...................................... 488
Pollak v. Metropolitan St. Ry. Co. (58 N. Y. S. 1133)........................... 791
Powell v. Allen (59 N. Y. S. 691).......... 775
Purdy, Matter of (59 N. Y. S. 887)........ 303

Quantmeyer v. J. H. Mohlman Co. (59 N. Y. S. 1113)............................... 795

Rand's Will, Matter of (59 N. Y. S. 1082).. 465
Rawlinson v. Brainard & Armstrong Co. (59 N. Y. S. 880)........................ 287
Ray v. Adams (59 N. Y. S. 1047).......... 664
Reade v. Continental Trust Co. (60 N. Y. S. 258) ................................ 721
Reals v. Weston (59 N. Y. S. 807)........ 67
Reilly v. Eastman's Co. (58 N. Y. S. 1089) 125
Reiss v. Metropolitan St. Ry. Co. (58 N. Y. S. 1024)............................ 198
Rhind v. Stake (59 N. Y. S. 42)........... 177
Rihan v. Namhoal (59 N. Y. S. 1114)..... 772
Ritter v. Greason (59 N. Y. S. 1053)...... 656
Rockefeller v. Taylor (59 N. Y. S. 1038)... 460
Rogers v. Sattler (58 N. Y. S. 1073)...... 242
Roosa v. Brooklyn Heights R. Co. (59 N. Y. S. 664) ............................. 387
Rosenstock v. Montague (59 N. Y. S. 500) 483
Rosenzweig v. McCaffrey (59 N. Y. S. 863) 485
Rothchild v. Schwarz (59 N. Y. S. 527).... 521
Rottenberg v. Stajer (59 N. Y. S. 192).... 442
Roy Watch-Case Co. v. Camm-Roy Watch-Case Co. (58 N. Y. S. 979)............. 45
Rupp, Matter of (59 N. Y. S. 997)........ 703

Sachs v. Walsh (60 N. Y. S. 214)......... 751
Salomon v. State Bank (59 N. Y. S. 407).. 324

Schreiber v. Finan (59 N. Y. S. 594)...... 560
Seaman v. Metropolitan St. Ry. Co. (58 N. Y. S. 1053)........................... 769
Semmer Glass Co. v. Nassau Show-Case Co. (59 N. Y. S. 530)...................... 577
Sheehan v. McMahon (59 N. Y. S. 969).... 733
Shipway v. Rofrano (58 N. Y. S. 1111).... 230
Silverstein v. Rugiero (58 N. Y. S. 1059). . 139
Slingerland v. International Contracting Co. (59 N. Y. S. 860)................... 319
Smith v. Harman (59 N. Y. S. 1044)...... 681
Smith v. National Surety Co. (59 N. Y. S. 789) .................................. 628
Sorzano v. Coudert (59 N. Y. S. 1064).... 677
Spofford v. Pearsall (60 N. Y. S. 218)..... 730
Springfield Metallic Casket Co. v. Wielar (59 N. Y. S. 1115)...................... 784
Sprogg v. Dichman (59 N. Y. S. 966)...... 409
Steinhart v. Carver (59 N. Y. S. 1115).... 794
Stern v. Barrett Chemical Co. (58 N. Y. S. 1129)................................. 429
Stilwell v. Armstrong (59 N. Y. S. 671).... 546
Stokes v. Stokes (59 N. Y. S. 801)......... 58
Strauss v. Benheim (59 N. Y. S. 1054).... 660
Sturges, Matter of (59 N. Y. S. 783)..... 110
Sutherland's Will, Matter of (59 N. Y. S. 989).................................... 424
Syracuse Rapid Transit Ry. Co. v. Salt Springs Nat. Bank (59 N. Y. S. 1066)... 619

Thedford v. Reade (59 N. Y. S. 537)....... 563
Third Nat. Bank v. Spring (59 N. Y. S. 794) .................................. 9
Thompson v. City of Sea Isle City (59 N. Y. S. 596)............................. 494
Thompson v. Rich (59 N. Y. S. 819)....... 265
Thompson v. Vidal (60 N. Y. S. 57)....... 711
Tompkins, Matter of (59 N. Y. S. 902).... 351
Torres v. Rogers (58 N. Y. S. 1104)....... 176
Town v. Metropolitan St. Ry. Co. (59 N. Y. S. 1116).............................. 784
Tully v. Tully (59 N. Y. S. 818)........... 54
Turrell's Will, Matter of (59 N. Y. S. 780) 106
Tyroler v. Gummersbach (59 N. Y. S. 266, 319) .................................. 151

United States Mortgage & Trust Co. v. Hodgson (58 N. Y. S. 1132)............. 447
University Press v. Williams (59 N. Y. S. 817) .................................. 52

Van Horn v. Kittitas County (59 N. Y. S. 883) .................................. 333
Van Leeuwen v. Fish (59 N. Y. S. 183).... 443
Victoria Paper Mills v. New York & P. Co. (58 N. Y. S. 1070)..................... 123
Volk Hat Co. v. Loman (59 N. Y. S. 1116) 793
Volkmar v. Third Ave. R. Co. (58 N. Y. S. 1021) ................................ 141
Von Keller, Matter of (59 N. Y. S. 1079).. 600

Wallace v. Arkell (59 N. Y. S. 597)....... 502
Wallace's Estate, Matter of (59 N. Y. S. 1084)................................. 603
Wallach v. Maack (59 N. Y. S. 1117)...... 797
Walton v. Riverside Bank (58 N. Y. S. 1008)................................. 449
Warrin's Estate, Matter of (60 N. Y. S. 191).................................. 695
Watson v. Dealy (59 N. Y. S. 623)........ 544

**28 MISC.—**Continued.     Page

West Side Bank v. Foehrenbach (58 N. Y.
S. 1067) ......................... 130
Widmayer, Matter of (59 N. Y. S. 980).... 362
Wies v. Hoffman House (59 N. Y. S. 38)... 225
Williams v. Zimmermann (59 N. Y. S. 1119) 797
Wilson v. Tabernacle Baptist Church (59
N. Y. S. 148)....................... 268

      Page

Woodward's Will, Matter of (59 N. Y. S.
1080) ............................. 602
Wormser's Estate, Matter of (59 N. Y. S.
1088) ............................. 608
Worthington v. London Guarantee & Accident Co. (58 N. Y. S. 1088)............ 774
Wulff v. Cilento (59 N. Y. S. 525)......... 551

## VOL. 13, NEW YORK CRIMINAL REPORTS.

      Page

People v. Baker (50 N. Y. S. 771)......... 165
People v. Burnham (48 N. Y. S. 946)..... 204
People v. Coombs (55 N. Y. S. 276)....... 525
People v. Cornelius (55 N. Y. S. 723)..... 415
People v. Dippold (51 N. Y. S. 859)...... 230
People v. Dorthy (46 N. Y. S. 970)....... 173
People v. Dunn (52 N. Y. S. 968)......... 263
People v. Gartland (52 N. Y. S. 352)...... 163
People v. Gibson (48 N. Y. S. 861)........ 208
People v. Heiselbetz (51 N. Y. S. 685).... 223
People v. Heiselbetz (55 N. Y. S. 4)...... 470
People v. Hill (56 N. Y. S. 282).......... 550
People v. Kellina (55 N. Y. S. 653)....... 134
People v. Levy (53 N. Y. S. 643)......... 269
People v. Lindenborn (52 N. Y. S. 101).... 195
People v. Lovejoy (55 N. Y. S. 543)....... 411
People v. Lovell (48 N. Y. S. 879)........ 206
People v. Lyons (51 N. Y. S. 811)......... 108
People v. Mack (54 N. Y. S. 698)......... 401
People v. Molineux (57 N. Y. S. 643)..... 544
People v. Mulkins (54 N. Y. S. 414)...... 359
People v. Nicholson (55 N. Y. S. 447)..... 472
People v. Ray (55 N. Y. S. 410).......... 437
People v. Reilly (53 N. Y. S. 1005)....... 338
People v. Royal (48 N. Y. S. 742)........ 27
People v. Shaver (55 N. Y. S. 729)....... 420
People v. Shinburne (50 N. Y. S. 51)..... 157
People v. Sickles (50 N. Y. S. 377)....... 138
People v. Sullivan (54 N. Y. S. 538)...... 377
People v. Sumner (53 N. Y. S. 817)....... 318
People v. Thompson (53 N. Y. S. 497)..... 273
People v. Van Tassel (50 N. Y. S. 53)..... 160
People v. Wade (59 N. Y. S. 846)......... 425

      Page

People v. Wade (57 N. Y. S. 645)......... 546
People v. Watkins (48 N. Y. S. 856)...... 218
People v. Willis (52 N. Y. S. 808)........ 255
People v. Willis (54 N. Y. S. 52)......... 343
People v. Willis (54 N. Y. S. 129)........ 346
People v. Wilmarth (51 N. Y. S. 688)..... 227
People v. Wolf (53 N. Y. S. 296)......... 261
People ex rel. Bedell v. Kinney (48 N. Y.
S. 749) ............................ 21
People ex rel. Day v. Reese (53 N. Y. S.
965) .............................. 334
People ex rel. Gardiner v. Olmstead (55 N.
Y. S. 472)......................... 406
People ex rel. Hunt v. Markell (50 N. Y.
S. 766) ............................ 115
People ex rel. Kellar v. Schrady (53 N. Y.
S. 964) ............................ 331
People ex rel. Keller v. Hinsdale (51 N. Y.
S. 425) ............................ 112
People ex rel. Kirkpatrick v. Crowley (49
N. Y. S. 214)....................... 200
People ex rel. McLane v. Whitney (49 N.
Y. S. 589)......................... 191
People ex rel. Perry v. Hagan (54 N. Y. S.
826) .............................. 418
People ex rel. Saloom v. Whitney (53 N. Y.
S. 570) ............................ 341
People ex rel. Sloane v. Fallon (57 N. Y. S.
931) .............................. 429
People ex rel. Sloane v. Fallon (57 N. Y. S.
931) .............................. 553
People ex rel. Snyder v. Whitney (49 N. Y.
S. 591) ............................ 192

WEST PUBLISHING CO., PRINTERS AND STEREOTYPERS, ST. PAUL, MINN.